UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-22882-CIV-SCOLA

DANIEL VALDERRABANO TORRES, and
Others similarly situated under 29 U.S.C. 216(b),

 Plaintiff,

v.

ROCK & RIVER FOOD, INC. d/b/a Marumi
Sushi, and TERUHIKO IWASAKI,

 Defendants.
_____/

**DEFENDANTS' ANSWER & AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COMPLAINT**

 Defendants, Rock & River Food, Inc. and Teruhiko Iwasaki (hereinafter "Defendants" unless denoted otherwise), by and through their undersigned counsel, state the following in answer to, and in defense of, the allegations contained within Plaintiff's Complaint ("Complaint") [D.E. 1]:

 1. Defendants admit that this appears to be an action brought pursuant to the Fair Labor Standards Act.

 2. Defendants deny the allegations contained in paragraph two.

 3. Defendants deny the allegations contained in paragraph three.

 4. Defendants deny the allegations contained in paragraph four.

 5. Defendants deny the allegations contained in paragraph five.

 6. Defendants deny the allegations contained in paragraph six.

 7. Defendants deny the allegations contained in paragraph seven.

 8. Defendants deny the allegations contained in paragraph eight.

9. Defendants deny the allegations contained in paragraph nine.

10. Defendants deny the allegations contained in paragraph ten.

11. Defendants deny the allegations contained in paragraph eleven.

12. Defendants deny the allegations contained in paragraph twelve.

13. Defendants admit the allegations contained in paragraph thirteen.

14. Defendants deny the allegations contained in paragraph fourteen.

15. Defendants deny the allegations contained in paragraph fifteen.

In response to Plaintiff's jury demand, Defendants admit that Plaintiff has demanded a trial by jury.

Defendants deny all the allegations contained in the unnumbered "wherefore" clause which follows paragraph 15.

## AS TO GENERAL ALLEGATIONS AND ALL COUNTS

Each and every allegation of the Complaint which is not specifically admitted by Defendants is denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's claims are barred to the extent that he failed to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff is exempt from recovering damages to the extent that he is an exempt employee, as contemplated by the FLSA, 29 U.S.C. §§ 207, 213 (and the regulations promulgated thereunder), which exempts various individuals.

### THIRD DEFENSE

Plaintiff's claims are barred, at least in part, to the extent that the statute of limitations under the FLSA applies, 29 U.S.C. § 255.  Specifically, if the Court finds that any violation of the FLSA by Defendants was not willful, Plaintiff's claims would accrue for only two years prior to the filing of his lawsuit, subject to equitable tolling.

### FOURTH DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands, because, among other things, the Plaintiffs did not report his earnings from the corporate Defendant on his tax return(s) and/or did not file tax returns.

### FIFTH DEFENSE

Plaintiff's claims are barred to the extent that the applicable statute of limitations and/or doctrine of laches apply.

### SIXTH DEFENSE

Plaintiff may not recover liquidated damages and prejudgment interest because such relief would amount to a "double recovery."

### SEVENTH DEFENSE

Plaintiff's claims are restricted and/or eradicated to the extent that he took breaks longer than twenty (20) minutes while working, and such break time is not compensable.

### EIGHTH DEFENSE

Plaintiff's damages claims are barred by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, to the extent that the acts or omissions complained of were done in good faith and with reasonable grounds for believing that the acts or omissions were not in violation of the FLSA.

### NINTH DEFENSE

Plaintiff's claims are barred by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which he was engaged in certain activities that were preliminary or postliminary to his principal activities.

### TENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that they are covered by the exemptions, exclusions, exceptions, and credits provided by the FLSA, 29 U.S.C. §§ 207, 213.

### ELEVENTH DEFENSE

Plaintiff's claims are barred by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which he was engaged in certain activities that were noncompensable, such as waiting for rides, walking, riding, or traveling to the Plaintiff's actual place of performance.

### TWELFTH DEFENSE

Plaintiff's claims are barred to the extent that he did not work more than forty (40) hours in one (1) workweek, was compensated at or in excess of the proper minimum wage rate, and/or was properly compensated for all of his hours worked.

### THIRTEENTH DEFENSE

Plaintiff's claims are barred by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, to the extent that all actions taken in connection with Plaintiff's compensation were done in good faith in conformity with and in reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or

enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

### FOURTEENTH DEFENSE

Some or all of the purported claims in the Complaint are barred to the extent that the time for which compensation is sought is *de minimis*, and therefore is not compensable.

### FIFTEENTH DEFENSE

Plaintiff's claims are barred to the extent that he cannot articulate that he is owed any overtime and/or minimum wages, and is only going to guess as to how much in damages he alleges to be owed.

### SIXTEENTH DEFENSE

The individual Defendant's liability is only derivative to that of the corporate Defendant(s) (to the extent that that entity is found to be liable) and therefore, to the extent that the corporate Defendant(s) are not found liable, or the individual Defendant does not meet the legal requirements in order to be held individually liable, the individual Defendant is not liable.

### SEVENTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that certain monies paid to Plaintiff constitute a set-off to any overtime allegedly owed to Plaintiff.

### EIGHTEENTH DEFENSE

Plaintiff is barred from recovering attorneys' fees to the extent that he failed to provide a specific pre-suit demand prior to filing the lawsuit.

## NINETEENTH DEFENSE

Plaintiff's claims are barred to the extent that the Defendants did not know, and should not have reasonably known, that overtime was being worked by Plaintiff, to the extent that any overtime was worked.

## TWENTIETH DEFENSE

Plaintiff's claims are barred to the extent that the corporate Defendant(s) is not enterprise(s) engaged in commerce or in the production of goods for commerce. Additionally, Plaintiff is barred from asserting FLSA enterprise coverage to the extent that the Plaintiff failed to properly plead it within his Complaint.

## TWENTY-FIRST DEFENSE

To the extent that Plaintiff was not individually engaged in commerce or in the production of goods for commerce, and was not employed by an enterprise engaged in the production of goods for commerce, Plaintiff's claims are barred. Additionally, Plaintiff is barred from asserting FLSA individual coverage to the extent that Plaintiff failed to properly plead it within his Complaint.

## TWENTY-SECOND DEFENSE

The Court is without subject matter jurisdiction over this action to the extent that the corporate Defendant(s) are not enterprise(s) engaged in interstate commerce, and the Plaintiff is not entitled to invoke individual coverage.

TWENTY-THIRD DEFENSE

Plaintiff is barred from recovery to the extent that he fails to state how much she is going to ask the jury to award him in his deposition, and/or fails to disclose in his deposition how much he is owed, and/or what he will settle her claims for.

TWENTY-FOURTH DEFENSE

Plaintiff is barred from recovery to the extent that he disavows his lawsuit in whole or in part and/or admits that his lawsuit is frivolous.

TWENTY-FIFTH DEFENSE

Plaintiff is barred from recovery to the extent that he fails to prove his *prima facie* case.

RESERVATION OF AFFIRMATIVE DEFENSES

Defendants reserve the right to allege any further affirmative defenses as discovery proceeds.

WHEREFORE, Defendants, having fully answered the Complaint and having raised legal defenses thereto, request that this action be dismissed with prejudice, in its entirety, and that Defendants be awarded costs, including reasonable attorneys' fees.

                Respectfully Submitted,

                Glasser & Kleppin, P.A.
                *Attorneys for Defendants*
                8751 W. Broward Blvd.
                Suite 105
                Plantation, FL 33324
                Tel.  (954) 424-1933
                Fax  (954) 474-7405
                E-mail: ckleppin@gkemploymentlaw.com

                By:   s/Chris Kleppin
                      Chris Kleppin
                      Florida Bar No. 625485

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 9, 2015, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record (Jamie H. Zidell, Esq.; Julie M. Garrett, Esq. & Elizabeth O. Hueber, Esq..) or *pro se* parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel of parties who are not authorized to receive electronically Notices of Electronic Filing.

> Respectfully Submitted,
>
> Glasser & Kleppin, P.A.
> *Attorneys for Defendants*
> 8751 W. Broward Blvd.
> Suite 105
> Plantation, FL 33324
> Tel.  (954) 424-1933
> Fax  (954) 474-7405
> E-mail: ckleppin@gkemploymentlaw.com
>
> By:   s/Chris Kleppin
>     Chris Kleppin
>     Florida Bar No. 625485