# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-22882-CIV-SCOLA

DANIEL VALDERRABANO TORRES, and
Others similarly situated under 29 U.S.C. 216(b),

        Plaintiff,

v.

ROCK & RIVER FOOD, INC. d/b/a Marumi
Sushi, and TERUHIKO IWASAKI,

        Defendants.

_____/

## SWORN DECLARATION OF TETSU HAYAKAWA

Tetsu Hayakawa states as follows under penalty of perjury, pursuant to 28 U.S.C. § 1746:

1.      The statements made in this declaration are true and correct, and I have personal knowledge concerning the statements made herein.

2.      The corporate Defendant Rock & River Food, Inc. is a family-owned local Japanese-themed restaurant with one location in Plantation, Florida.

3.      The Plaintiff was not engaged in interstate commerce or in the production of goods for commerce when he provided services to the corporate Defendant. All he did was help prepare sushi rolls. The corporate Defendant's gross revenue did exceed $500,000 in calendar years 2012-14, though by just a little.

4.      The Plaintiff worked for the corporate Defendant in the years 2012-15, and we told him when he started that he would be paid $9.00/hr to start for short probationary period, and then $10.00/hr after that plus overtime (part of the pay that Plaintiff given each week compensated Plaintiff for all of his hours over 40 at an overtime rate). The Plaintiff did not provide any presuit demand in this case before filing and serving the lawsuit.

5.      Plaintiff had no interaction with any of the customers in terms of credit card transactions and Plaintiff did not order or purchase supplies for the Defendants.  Plaintiff did not perform any functions that require the conclusion that he was engaged in interstate commerce. The Plaintiff never participated in the actual movement of people or things across state lines. The Defendants have nothing to do with shipping anything across state lines.

6.      Defendants and their employees do not engage in interstate commerce, do not engage in the production of goods for interstate commerce (they do not produce any goods but rather are in the service industry), do not handle, sell or otherwise work on goods or materials that had moved in or were produced for interstate commerce, and the Defendants only purchased goods locally.

7.      The corporate Defendant, a small restaurant, only performs work within the State of Florida, only conducts business in the State of Florida, and does not provide any services outside of the State of Florida, nor does it seek to provide such services.

8.      The corporate Defendant a local company only does not produce any goods to be sent out of the State of Florida.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES THAT THE FOREGOING IS TRUE AND CORRECT.

EXECUTED on this 11th day of February, 2016 at Plantation, Florida.

_____
Tetsu Hayakawa