# EXHIBIT 6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-22882-CIV-SCOLA

DANIEL VALDERRABANO TORRES, and )
Others similarly situated under 29 U.S.C. )
216(b), )
)
    Plaintiff, )
v. )
)
ROCK & RIVER FOOD, INC. d/b/a Marumi )
Sushi, and TERUHIKO IWASAKI, )
)
    Defendants. )
_____ )

## PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF

Plaintiff, by and through undersigned counsel, hereby files these Responses to Defendants' First Set of Interrogatories and in support thereof states as follows:

**1. Please state your place of birth, name at time of birth, and all other names under which you have been known, as well as your date and place of birth, driver's license number, social security number, and each address (with zip code) where you resided during the relevant time period. As for any other names, identify the dates and reasons for the name changes.**

Objection:    Plaintiff objects to the disclosure of his social security number pursuant to *Patel v. Quality Inn South*, 846 F.2d 700, 705–06 (11th Cir.1988), *Martinez v. Mecca Farms, Inc.*, 213 F.R.D. 601, 605 (S.D. Fla. 2002), notwithstanding the objection, Plaintiff responds as follows:

Answer:    Tihuatlan, State of Veracruz, Mexico; Daniel Valderrabano Torres; November 16, 1976; Driver's license number 003520120; 56 Avenue NW, Apt 35 c1, Lauderhill, FL 33313.

**2. Describe in detail each act or omission on the part of the Defendants or any of its officers, directors, managers or employees that you contend constituted a violation of the Fair Labor Standards Act, including, but not limited to, an explanation of all facts supporting your claim that such a violation occurred.**



Answer: Defendant's failed to pay Plaintiff overtime for hours worked in excess of 40 per week.

3. State whether you or any attorney or representative on your behalf has obtained statements, reports, memoranda or records from any person which in any way concern the facts of this case or the matters alleged in your pleadings (including but not limited to any discussions that you or any agent of yours had with any employee or former employee of Defendant). If your answer is in the affirmative, separately identify:

(a) the author of each such statement, report, memorandum or recording;

(b) the person or persons to whom the statement, report, memorandum or recording was issued, distributed, or otherwise provided;

(c) the present location and custodian of each such statement, report, memorandum or recording; and

(d) state the date each such statement, report, memorandum or recording was prepared.

Answer: None.

4. Have you heard or do you know about any statement or remark made by or on behalf of the Defendant, concerning any issue in this lawsuit? If so, state the name and address of each person who made the statement or statements, the name and address or each person who heard it, and the date, time, place, and substance of each statement.

Answer: None.

5. Identify each third person who has contacted you, or any attorney or representative of yours, concerning any matter relevant to the claim or defense of any party, or who has been contacted by you, or any attorney or representative of yours, concerning any matter relevant to the claim or defense of any party, or concerning the subject matter of this action in any manner.

Answer: None.

6. Please state if you have ever been a party, either plaintiff or defendant, in a lawsuit other than the present matter, and, if so, state whether you were plaintiff or defendant, the nature of the action, and the date and court in which suit was filed.

Answer: Plaintiff has been a plaintiff in an action for overtime wages filed March 16, 2010 in the United States District Court of the Southern District of Florida.



D v T

7. Have you ever been convicted of a crime, other than any offense as a juvenile, which crime had a possible maximum sentence of imprisonment in excess of one (1) year, or that involved dishonesty or a false statement, regardless of the punishment? If so, state as to each conviction the specific crime and the date and place of conviction.

Answer: None.

8. Identify and provide the name, address, telephone number, place of employment and job title of any person who has, claims to have or whom you believe may have knowledge or information pertaining to any fact alleged in your Complaint filed in this action, or any fact underlying the subject matter of this action, and state the specific nature, substance, and source of the knowledge that you believe the person(s) may have.

Answer: Juan Luis Casados, Rock & River Food, Cook helper.

Carla Jazmin, Rock & River Food, Sushi helper.

Romeo Tellez, Rock & River Food, Dishwasher.

Julio, Rock & River Food, Kitchen helper.

9. Please state each item of damage that you claim in this case. Include in your answer: (1) the nature of each item of damage; (2) the date, time, and place of such damage; (3) the category into which each item of damages falls (*i.e.*, actual damages, compensatory damages, punitive damages) and any other relevant categories; (4) the factual basis for each item of damages; (5) an explanation of how you computed each item of damages, including any mathematical formula used; (6) identify any documents in support of your damages claims; and (7) identify each person who witnessed or has knowledge of such damage.

Answer: Plaintiff response provided in Plaintiff's Statement of Claim [D.E. 12] on August 27, 2015.

10. State the name and address of every person known to you, your agents, or your attorneys, who has knowledge about, or possession, custody, or control of, any model, plat, map, drawing, motion picture, videotape, or photograph pertaining to any fact or issue involved in this controversy; and describe as to each, what item such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

Answer: None.

11. For each person whom you may use as an expert witness at trial or at any other hearing in this matter, state the name, address, and professional or other qualifications of each such person, the subject matter on which each expert witness is



expected to testify, as summary of the grounds for each opinion, and identify every document upon which each expert witness has, may have or is expected to rely.

Answer:    None.

12.    Identify separately all documents to which you have referred, reviewed or relied upon in answering, or that in any way assisted you in answering, any of these Interrogatories, as well as any individual(s) who prepared and/or assisted in the preparation of the answers to these Interrogatories, including any person(s) who supplied information and/or documents used in the preparation of the answers. Please also identify separately all document(s) to which you have referred, reviewed, or relied upon in answering, or that in any way assisted you in answering or are responsive to, any other discovery requests served by the Defendant in the case.

Answer:    Plaintiff relied upon his memory only and responded with the assistance of counsel: Stephen M. Fox, Jr., Esq of J.H. Zidell, P.A.

13.    Please state each and every way you as an employee of the Defendant was engaged in interstate commerce during your employment with the Defendant.

Answer:    Plaintiff in his role as a sushi chef was engaged in interstate commerce during his employment with the Defendant by his preparation of food that included products; such as fish, octopus, and other ingredients that originated from out of State as well as use of machinery, tools, and utensils whose manufacture and origin was out of State.

14.    Please state each and every way the Defendants was engaged in interstate commerce during your employment with the Defendants.

Answer:    This is repetitive of number 13 and was answered there.

15.    Please state each and every job you held with any other employers during the same period of time you were employed with the Defendants, and state the name and address of each such employer, the position held, the period of time you held such position, your pay and the number of hours you worked each week.

Answer:    Building cleaning; Inverrary Rentals, LLC.; 2979 NW 56th Ave; Lauderhill, FL 33313; November 2014 through current and ongoing; $10 per hour; 7am until 3:30pm.

16.    Describe each and every job duty and function you had while employed with the Defendants.

D V T

Answer: Preparation of sushi, cooking rice, cutting and preparing ingredients, preparing and cooking deserts, and cleaning the preparation and cooking station.

17. **Identify every person thought to have knowledge of or information related to Plaintiff's damages, allegedly incurred by Plaintiff as a result of Defendants' alleged conduct. For each such person, describe in detail the knowledge or information each person is thought to have.**

Answer: This is repetitive of number 8 and was answered there.

18. **Identify every person contacted or interviewed in preparation for the filing of or prosecution of this case, state the dates of such contact or interview, and identify every document relating to this contact or interview.**

Answer: None

19. **Specifically identify each instance of overtime for which Plaintiff seeks compensation and for each instance, provide:**

   a. the date that the overtime was worked.
   b. The length of time of each instance of overtime for which Plaintiff is seeking compensation; and
   c. The start and end time for the overtime for which Plaintiff is seeking compensation

Answer: Plaintiff response provided in Plaintiff's Statement of Claim [D.E. 12] on August 27, 2015.

20. **Please name all employees of the Defendant corporation who regularly and recurrently sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce during Plaintiff's employment with Defendant corporation and specify how you came to that conclusion as to each individual.**

Answer: Juan Luis Casados, Plaintiff witnessed him employed as a Cook helper using materials and utensils of interstate commerce from out of the State of Florida like knifes, salmon, tuna, rice, wasabi, and oil.

Carla Jazmin, Plaintiff witnessed her employed as a Sushi helper using materials and utensils of interstate commerce from out of the State of Florida like knifes, salmon, tuna, rice, wasabi, and oil.

Romeo Tellez, Plaintiff witnessed him employed as a Dishwasher using materials and utensil of interstate commerce from out of the State of Florida like dishwasher machine.

D·VT

Julio, Plaintiff witnessed him employed as a Kitchen helper using materials and utensils of interstate commerce from out of the State of Florida like dishwasher machine, knifes, and oil.

21. **During the relevant time period that you worked for the Defendants, describe all duties you performed, how you were paid, if you were paid any commission and if so how was it computed, and if you were paid any bonus and if so how was it computed?**

Answer: The first part is repetitive of number 16 and was answered there, Plaintiff was paid in cash, Plaintiff was not paid any commission, Plaintiff was not paid any bonus.

22. **Identify: (a) every person thought to have knowledge of or information related to Plaintiff's damages that were allegedly incurred by Plaintiff as a result of Defendants' alleged conduct, and (b) every person contacted or interviewed in preparation for the filing of or prosecution of this case, state the dates of such contact or interview, and identify every document relating to this contact or interview. For each such person, describe in detail the knowledge or information each person is thought to have.**

Answer: Part (a) is repetitive of number 8 and was answered there. Part (b) is repetitive of number 18 and was answered there.

23. **Identify each employer or prospective employer to whom you applied for work (formally or informally) during the relevant time period by completing the chart below. If you were self-employed or an independent contractor at any time during this time period, please indicate what type of work you were involved in and for what time period.**

| Name of Entity | Address of Entity | Dates of Contact | Position Sought | Response of Entity | How You Learned of the Position |
|---|---|---|---|---|---|
| | | | | | |

| Did You Complete An Application | Did You Submit a Resume | Were You Interviewed and if so by Whom | Dates You Worked at Co. |
|---|---|---|---|
| | | | |

Answer: Plaintiff did not apply for work during the relevant time period at any employer other than the one identified in answer number 15.

24. **Please separately set forth how much you earned in total from the Corporate- Defendant(s)/Defendants, how much you reported to the IRS as your**



earnings from the Corporate-Defendant(s)/Defendants, and how much in cash payments you received from the Corporate-Defendants for each of the following years:

(a) 2012 (b) 2013 (c) 2014 (d) 2015

Objection: Plaintiff objects to the disclosure of this information pursuant to *Patel v. Quality Inn South*, 846 F.2d 700, 705–06 (11th Cir.1988), Martinez v. Mecca Farms, Inc., 213 F.R.D. 601, 605 (S.D. Fla. 2002).

25. During the relevant time period, please list the dates that you missed a day of work, in whole or in part, which you were scheduled to work, and list the reason(s) why you did not work your scheduled hours for each such day.

Answer: None

26. Identify each company for whom you have worked since the cessation of your tenure with the Defendants by completing the chart below.

| Name of Company | Address of Company | Dates You Worked at Co. | Job Title(s) | Rate(s) of Pay | Name of Immed. Supervisor | Reason for leaving |
|---|---|---|---|---|---|---|
| Whether Overtime Was Worked by You During Your Tenure | | Whether You Are/Have Been Properly Compensated By Company for All Hours Worked | | Whether You Ever Complained to Company About Not Being Properly Compensated | | |

Answer: Inverrary Rentals, LLC.; 2979 NW 56th Ave; Lauderhill, FL 33313; November 2015 through current and ongoing; building cleaner; $10 per hour; Mitchell; currently employed; no overtime; yes properly compensated; not applicable..

27. Identify any instances in which you filed for bankruptcy in the last ten years, and also state whether you have any intention of filing for bankruptcy either at the present time or in the foreseeable future. With respect to each filing, identify the court that supervised the bankruptcy proceeding and the docket number.

Answer: None

28. Identify all social media websites, companies, organizations, etc. of which you are a member, have an account, or otherwise use (i.e. Facebook, Twitter, MySpace, Tumblr, etc.).

Answer: Facebook and Line.



## AFFIANT VERIFICATION

I HAVE READ THE FOREGOING ANSWERS TO INTERROGATORIES AND DO SWEAR THAT THEY ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.

_____
AFFIANT

Print Name: Daniel Valderrabano Torre

STATE Of FLORIDA )
):SS
COUNTY OF DADE )

BEFORE ME, the undersigned authority, personally appeared Daniel Valderrabano Torres who swears and deposes that he/she has read the Answers to Interrogatories and that the same are true and correct to the best of his/her knowledge and belief.

SWORN TO AND SUBSCRIBED before me this 18 day of Jan, 2016.

[Notary Seal: K. DAVID KELLY, MY COMMISSION # FF 179242, EXPIRES: January 16, 2019, Bonded Thru Notary Public Underwriters]

My Commission Expires:
*[SEAL]*

NOTARY PUBLIC
Print Name: K. David Kelly

☐ Personally known by me, or
☒ Produced Identification
Type of Identification:

Mexican Voter Registration

D V T

## INTERPRETER'S ACKNOWLEDGEMENT

On this __18__ day of __Jan__, 2016, Mary Waller, personally known to me, affirmed that the foregoing was translated for the affiant and that he fully understood and affirmed the contents of the foregoing.

_Mary Waller_
(SIGNATURE OF INTERPRETER)

Notary Stamp:

K. DAVID KELLY
MY COMMISSION # FF 179242
EXPIRES: January 16, 2019
Bonded Thru Notary Public Underwriters

(SIGNATURE OF NOTARY)