# EXHIBIT 8

UNITED STATES DISTRICT COURT
SOUTHISN DISTRICT OF FLORIDA

CASE NO.: 15-22882-CIV-SCOLA

DANIEL VALDERRABANO TORRES, and )
Others similarly situated under 29 U.S.C.)
216(b), )
               )
  Plaintiff, )
v. )
               )
ROCK & RIVER FOOD, INC. d/b/a Marumi )
Sushi, and TERUHIKO IWASAKI, )
               )
  Defendants. )
_____)

## PLAINTIFF NOTICE OF SERVING RESPONSES TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION

COMES NOW Plaintiff, DANIEL VALDERRABANO TORRES, by and through undersigned counsel, and pursuant to Rule 34 of the Federal Rules of Civil Procedure, hereby responds to DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS FROM PLAINTIFF, DANIEL VALDERRABANO TORRES, propounded on December 10, 2015.

Plaintiff's Responses in no way waives (but rather reserves) any rights that Plaintiff may have pursuant to the Federal Rules of Civil Procedure, including but not limited to rights concerning objections and others discovery procedures. Any responses herein do not waive, but rather reserve, any privileges (including, inter alia, work product, confidentiality and privacy) retained by Plaintiff pursuant to federal law, including but not limited to the Federal Rules of Civil Procedure.

In compliance with the foregoing, Plaintiff DANIEL VALDERRABANO TORRES produces the following:

1. All documents which the Plaintiff now intends to mark for identification, refer to, offer in evidence, and/or publish at the trial of this matter.

**RESPONSE:** Plaintiff does not have any documents responsive to this request in his possession.

2. All documents which in any way relate to any allegation contained in the Plaintiff's Complaint in this case.

**RESPONSE:** Plaintiff does not have any documents responsive to this request in his possession.

3. All documents which support the allegations contained in the Plaintiff's Complaint. Please specify to which allegation(s) the document(s) pertain.

**RESPONSE:** Plaintiff does not have any documents responsive to this request in his possession.

4. All documents which are unfavorable/negative to any allegation contained in the Plaintiff's Complaint. Please specify to which allegation(s) the document(s) pertain.

**RESPONSE:** Plaintiff does not have any documents responsive to this request in his possession.

5. Any and all personal memoranda, diaries, journals or other documents prepared by Plaintiff which relate in any manner to Plaintiff's alleged employment with Defendants.

**RESPONSE:** Plaintiff does not have any documents responsive to this request in his possession.

6. Any and all correspondence between Plaintiff and any person employed by Defendants regarding Plaintiff's alleged employment.

**RESPONSE:** Plaintiff does not have any documents responsive to this request in his possession.

7. Plaintiff's federal income tax returns for the years 2012 through 2015.

**OBJECTION:** These documents requested in Defendants Request for Production 7 cannot reasonably lead to the discovery of admissible evidence. Furthermore, tax returns and other related documents are inherently private and require a showing from the litigant seeking their production that these documents are necessary for the discovery of relevant evidence.

8. Any W-2 and/or 1099 forms issued to Plaintiff for the years 2012, 2013, 2014.

**OBJECTION:** These documents requested in Defendants Request for Production 8 cannot reasonably lead to the discovery of admissible evidence. Furthermore, tax returns and other related documents are inherently private and require a showing from the litigant seeking their production that these documents are necessary for the discovery of relevant evidence.

9. Any documents which relate or refer to any claim Plaintiff made for any type of government (federal, state, or local) benefits assistance during or subsequent to the relevant time period of this lawsuit.

**RESPONSE:** Plaintiff does not have any documents responsive to this request in his possession.

10. All correspondence, reports, and other documents referring or relating to any problems, acts, or omissions on the part of Defendant, its employees or agents, that allegedly caused the claims set forth in Plaintiff's Complaint.

**RESPONSE:** Plaintiff does not have any documents responsive to this request in his possession.

11. All handbooks, manuals, leaflets, procedures, guidelines, memos, bulletins, directives and other documents on which the Plaintiff directly or indirectly relies in this legal action.

**RESPONSE:** Plaintiff does not have any documents responsive to this request in his possession.

12. All documents identified by Plaintiff in Plaintiff's Rule 26 Initial Disclosures.

**RESPONSE:** Plaintiff does not have any documents responsive to this request in his possession.

13. All correspondence, notes, and other documents regarding lie detector or polygraph tests taken by Plaintiff, including all documents to and from the polygrapher or test examiner, test questions, test responses and answers, test scores and results, reports and bills, during the years 2012 through 2015.

**RESPONSE:** Plaintiff does not have any documents responsive to this request in his possession.

14. The Plaintiff's desk calendar, appointment book, personal diary, and notes for the years 2012 through 2015.

**RESPONSE:** Plaintiff does not have any documents responsive to this request in his possession.

15. All documents reflecting any procedures, terms and/or conditions of Plaintiff's alleged employment relied upon by the Plaintiff in this legal action.

**RESPONSE:** Plaintiff does not have any documents responsive to this request in his possession.

16. All documents which refer or relate to the Plaintiff's vacation time and/or vacation pay during the relevant time period of this lawsuit.

**RESPONSE:** Plaintiff does not have any documents responsive to this request in his possession.

17. All documents which refer or relate to the Plaintiff's sick days and/or any days that the Plaintiff took off of work during the relevant time period of this lawsuit.

**RESPONSE:** Plaintiff does not have any documents responsive to this request in his possession.

18. All documents which refer or relate to holidays that the Plaintiff took off of work during the relevant time period of this lawsuit.

**RESPONSE:** Plaintiff does not have any documents responsive to this request in his possession.

19. All documents that demonstrate the Plaintiff's communication with either or both of the Defendants regarding any alleged violation of the Fair Labor Standards Act by Defendants and/or its agents.

**RESPONSE:** Plaintiff does not have any documents responsive to this request in his possession.

20. All documents from other employees, or agents of either or both of the Defendants, which the Plaintiff contends supports his allegations that his rights under the Fair Labor Standards Act were violated by Defendants and/or its agents.

**RESPONSE:** Plaintiff does not have any documents responsive to this request in his possession.

21. All records from previous and/or subsequent employers concerning the same or similar complaints asserted by the Plaintiff in this legal action.

**RESPONSE:** Plaintiff does not have any documents responsive to this request in his possession.

22. Records and receipts for all costs that Plaintiff has paid to bring and maintain this legal action.

**RESPONSE:** Plaintiff does not have any documents responsive to this request in his possession.

23. Any and all documents of any type which relate in any way to Plaintiff's alleged employment with Defendants

**RESPONSE:** Plaintiff does not have any documents responsive to this request in his possession.

24. The agreement on which Plaintiff bases his claim for attorneys' fees from Defendants.

**RESPONSE:** None, Plaintiff and his attorney have entered into an attorney client agreement of which this agreement is not the basis of the attorney's fees.

25. All documents that refer or relate to damages and/or back pay for which Plaintiff seeks compensation in his Complaint.

**RESPONSE:** Plaintiff does not have any documents responsive to this request in his possession.

26.     Any and all documents provided to or received from the Florida Department of Labor and Employment Security, the Agency for Workforce Innovation, the Unemployment Appeals Commission, or any other governmental agency concerning any unemployment claim or perceived unemployment claim filed by Plaintiff.

**RESPONSE:** Plaintiff does not have any documents responsive to this request in his possession.

27.     All documents which refer or relate to any discussions Plaintiff had with any person (excluding Plaintiff's attorney(s)) concerning: (a) the existing law suit; (b) claims or beliefs that Defendant(s) have violated the Fair Labor Standards Act against him and/or other individuals; (c) the possibility of other persons serving as witnesses in this lawsuit; (d) any other person who has made any claim or representation or expressed a belief that Defendants have violated the Fair Labor Standards Act against him and/or other individuals; (e) the individual Defendant.

**RESPONSE:** Plaintiff does not have any documents responsive to this request in his possession.

Respectfully Submitted,

J.H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
*Attorneys for Plaintiffs*

By: s/ Stephen M. Fox Jr
Stephen Michael Fox Jr
Florida Bar No.: 0110359
Email: stephen.fox.esq@gmail.com

**CERTIFICATE OF SERVICE:**

I hereby certify that a true and correct copy of the foregoing was served via email to all counsel or parties of record in the Service List below on January 18, 2016.

> J.H. Zidell, P.A.
> 300 71st Street, Suite 605
> Miami Beach, Florida 33141
> Tel: (305) 865-6766
> Fax: (305) 865-7167
> *Attorneys for Plaintiffs*
>
> By: /s/ Stephen M. Fox Jr
> Stephen Michael Fox Jr
> Florida Bar No.: 0110359

**SERVICE LIST**

Chris Kleppin, Esq.
Florida Bar No. 625485
Glasser & Kleppin, P.A.
8751 W Broward Blvd, Ste 105
Plantation, FL 33324-2630
954-424-1933
Fax: 954-474-7405
Email: ckleppin@gkemploymentlaw.com
*Attorney for Defendants*