# EXHIBIT 9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-22882-CIV-SCOLA

DANIEL VALDERRABANO TORRES, and
all others similarly situated,

      Plaintiff,

v.

ROCK & RIVER FOOD, INC., d/b/a
Marumi Sushi, and Teruhiko Iwasaki,

      Defendants.

_____/

## DEFENDANTS' FIRST REQUEST FOR ADMISSIONS TO PLAINTIFF DANIEL VALDERRABANO TORRES

Defendants, Rock & River Food, Inc. d/b/a Marumi Sushi and Teruhiko Iwasaki, (collectively referred to herein as "Defendants"), pursuant to Federal Rule of Civil Procedure 36, hereby serve their First Request for Admissions upon Plaintiff, and requests that Plaintiff admit the truth of certain matters set forth below within the time and manner prescribed under the Federal Rules of Civil Procedure.

### DEFINITIONS

1.     "Plaintiff" or "you" refers to Plaintiff Daniel Valderrabano Torres.

2.     "Defendants" refer to Rock & River Food, Inc., d/b/a Marumi Sushi and Teruhiko Iwasaki.

3.     "Person" means any person or entity, and includes individuals, corporations, partnerships, associations, joint ventures and other business enterprises, or legal entities, and includes both the singular and the plural.

4.     "Documents" shall mean, without limitation, any kind of written or graphic matter, however produced or reproduced, of any kind or description, whether sent or received, or either, including originals, copies and drafts thereof, and including but not limited to:  papers, books, letters, correspondence, telegrams, cables, telex messages, memoranda, notes, notations, work papers, intra-corporate communications, calendar or diary entries, airplane tickets, travel itineraries, appointment books, minutes, transcripts, telephone company bills and/or statements reflecting telephone calls placed, received or charged, reports and recordings of telephone or other conversations or of interviews, or of conferences and/or other meetings, statements, summaries, opinions, reports, studies, analyses, evaluations, contracts, agreements, journals, checks, check stubs, purchase orders, change orders, invoices, bills receipts, cash receipts journals, balance sheets, income statements, auditor's notes, deposit receipts, cash disbursement journals, general ledgers, records of disbursements, computer printouts, bank statements, credit reports, books of account, financial statements, to bank or any other persons or entities, statements to banks, duplicate deposit receipts, canceled checks, statistical records, lists, tabulations, instructions, specifications, manuals, pamphlets, publications, raw and refined data, graphs, drawings, advertisements, lists, studies, meeting minutes, magnetic tapes or discs, punch cards, computer printouts, proposals, recommendations and any other data or records kept by electronic, photographic or mechanical means, and things similar to the foregoing, however denominated.

5.     "Communications" means any oral or written statement, dialog, colloquy, discussions or conversations, and also means any transfer of thoughts or ideas between persons by means of documents, and includes any transfer of data from one location to another by electronic or similar means.

6.      If not expressly stated, "control" means in your possession, custody or control, or under your direction, and includes in the possession, custody or control of those under the direction of you or your employees, subordinates, counsel, accountant, consultant, expert, parent or affiliated corporation, and any person purporting to act on your behalf.

7.      "Related to" means directly or indirectly, referring to, reflecting, describing, pertaining to, arising out of or in connection with, or in any way legally, logically or factually being connected with the matter discussed.

8.      The words "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope hereof any responses to requests for admissions which might otherwise be construed to be outside of the scope hereof.

## INSTRUCTIONS

1.      You must serve a written answer or objection to each request within thirty (30) days after service of the request, or else the matter is admitted.

2.      You must state the reason for any objection.

3.      You must specifically deny the matter or set forth in detail the reasons why you cannot truthfully admit or deny the matter.

4.      Any denial you make must fairly meet the substance of the requested admission, and when and if it requires you to qualify your answer or deny only part of the matter for which an admission is requested, you shall specify so much of it as is true and qualify or deny the remainder of the Request.

5.      In the event that a lack of information or knowledge is the reason for your failure to admit or deny, you must state that you made a reasonable inquiry, and that the information known or readily obtainable by you is insufficient to enable you to admit or deny.

6.     You must pay any expenses, including legal fees, under the Federal Rules of Civil Procedure, incurred by Defendants to prove a matter which you improperly fail to admit

<u>REQUESTS FOR ADMISSION</u>

1.      Admit or deny that Defendants do not perform any work outside of Florida.

        Admit _____               Deny _____

2.      Admit or deny that Defendants do not perform any work outside of Florida, and is therefore not engaged in interstate commerce.

        Admit _____               Deny _____

3.      Admit or deny that Defendants do not perform any work outside of Florida, and is therefore not engaged in any activity that substantially affects interstate commerce.

        Admit _____               Deny _____

4.      Admit or deny that throughout your employment you prepared sushi for Defendants during the time you were employed with the Defendants.

        Admit _____               Deny _____

5.      Admit or deny that in your employment for the Defendants you were not involved in trade, commerce, transportation, or communication between Florida and any point outside of Florida.

        Admit _____               Deny _____

6.      Admit or deny that in your employment for the corporate Defendant you were not involved in the transportation of goods or services across state lines, and are thus not entitled to coverage under the FLSA.

Admit _____                    Deny _____


7.      Admit or deny that working at the company was a local service, and was thus not an activity entitled to coverage under the FLSA.

Admit _____                    Deny _____


8.      Admit or deny that Defendant is not engaged in the production of goods for commerce.

Admit _____                    Deny _____


9.      Admit or deny that you did not work any overtime hours the entire time that you were employed by Defendant.

Admit _____                    Deny _____


10.     Admit or deny that you never worked an hour or part of an hour more than forty (40) hours in a workweek the entire time that you worked for Defendant.

Admit _____                    Deny _____

11.     Admit or deny that you are not entitled to any recovery for any overtime.

        Admit _____                       Deny _____

12.     Admit or deny that you never received any wages or other compensation in lieu of wages from Defendant.

        Admit _____                       Deny _____

13.     Admit or deny that you have been arrested.

        Admit _____                       Deny _____

14.     Admit or deny that you are in the country illegally.

        Admit _____                       Deny _____

15.     Admit or deny that during part of the time you worked for Defendant you were undocumented.

        Admit _____                       Deny _____

16.     Admit or deny that during part of the time you worked for Defendant you were undocumented and thus not entitled to work legally in this country.

        Admit _____                       Deny _____

17.     Admit or deny that your lawsuit is frivolous, and that you owe the Defendant its attorneys' fees in this case.

               Admit _____                    Deny _____


18.     Admit or deny that the Fair Labor Standards Act does not apply to the Defendant for the time you worked for said company.

               Admit _____                    Deny _____


19.     Admit or deny that any overtime worked by you was de minimus

               Admit _____                    Deny _____


20.     Admit or deny that Defendant did not willfully and/or intentionally pay overtime to you.

               Admit _____                    Deny _____


21.     Admit or deny that in your employment for the corporate Defendant you were assigned to work only in the State of Florida.

               Admit _____                    Deny _____

22.     Admit or deny that the corporate Defendant had no customers or clients outside of the State of Florida during your employment.

Admit _____                              Deny _____


23.     Admit or deny that you never solicited any clients or customers outside of the State of Florida.

Admit _____                              Deny _____


24.     Admit or deny that the Defendant corporation only performs work in the State of Florida.

Admit _____                              Deny _____


25.     Admit or deny that the Defendant corporation did not produce any goods or provide any services outside the local South Florida area.

Admit _____                              Deny _____


26.     Admit or deny that the corporate Defendant did not solicit clients or customers outside of the State of Florida.

Admit _____                              Deny _____

27.     Admit or deny that the corporate Defendant performed no services for customers outside the State of Florida.

.       Admit _____                          Deny _____


28.     Admit or deny that you are not entitled to any recovery for minimum wage against the Defendants.

        Admit _____                          Deny _____


29.     Admit or deny that you did not work any overtime hours for the Defendants during the relevant time period.

              Admit _____                     Deny _____


30.     Admit or deny that you were properly compensated by the Defendants for all of your hours worked for the Defendants.

              Admit _____                     Deny _____


31.     Admit or deny that you are not entitled to any recovery for any overtime claim(s) against the Defendants.

              Admit _____                     Deny _____

32.     Admit or deny that your lawsuit is frivolous, and that you owe the Defendants attorneys' fees in this case.

Admit _____                              Deny _____

33.     Admit or deny that you never received any other form(s) of compensation in lieu of wages from the Defendants.

Admit _____                              Deny _____

34.     Admit or deny that you have been arrested.

Admit _____                              Deny _____

35.     Admit or deny that you have been convicted of a crime within the past ten years.

Admit _____                              Deny _____

36.     Admit or deny that you were a part-time worker for the Defendants during the relevant time period of this lawsuit.

Admit _____                              Deny _____

37.     Admit or deny that were living in the country illegally during the relevant time period.

Admit \_\_\_\_\_                              Deny \_\_\_\_\_


38.     Admit or deny that you were working in the country illegally during the relevant time period.

Admit \_\_\_\_\_                              Deny \_\_\_\_\_


39.     Admit or deny that there was at least one workweek that you worked for the Defendants where you did not work more than forty hours.

Admit \_\_\_\_\_                              Deny \_\_\_\_\_


40.     Admit or deny that there were multiple workweeks that you worked for the Defendants where you did not work more than forty hours.

Admit \_\_\_\_\_                              Deny \_\_\_\_\_


41.     Admit or deny that you never worked more than forty hours in any workweek for the Defendants during the relevant time period.

Admit \_\_\_\_\_                              Deny \_\_\_\_\_

42.     Admit or deny that you failed to provide a pre-suit demand to the Defendants before you filed this lawsuit.

                    Admit _____                          Deny _____

43.     Admit or deny that you received money from the Defendants during the relevant time period.

                    Admit _____                          Deny _____

44.     Admit or deny that you failed to pay federal income taxes on money received from the Defendants during the relevant time period.

                    Admit _____                          Deny _____

45.     Admit or deny that you fraudulently filed a tax return(s) during the relevant time period.

                    Admit _____                          Deny _____

46.     Admit or deny that you have previously filed a lawsuit or lawsuits as a plaintiff other than this one.

                    Admit _____                          Deny _____

47.     Admit or deny that you arrived to work late on at least one occasion during the time that you worked for the Defendants during the relevant time period.

Admit _____                          Deny _____

48.     Admit or deny that you arrived to work late on multiple occasions during the time that you worked for the Defendants during the relevant time period.

Admit _____                          Deny _____

49.     Admit or deny that you left work early on at least one occasion during the time that you worked for the Defendants during the relevant time period.

Admit _____                          Deny _____

50.     Admit or deny that you left work early on multiple occasions during the time that you worked for the Defendants during the relevant time period.

Admit _____                          Deny _____

51.     Admit or deny that you were never responsible for the Defendant's payroll during the time that you worked for the Defendants.

Admit _____                          Deny _____

52.     Admit or deny that you had breaks and/or periods of downtime, during the relevant time period that you worked for Defendants, separate and apart from your lunch break, which exceeded twenty (20) minutes in length.

                Admit _____                              Deny _____


53.     Admit or deny that you had breaks and/or periods of downtime, during the relevant time period that you worked for Defendants, separate and apart from your lunch break, which exceeded twenty (20) minutes in length on a daily basis.

                Admit _____                              Deny _____

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 10, 2015, the foregoing has been furnished via electronic mail to: Jamie H. Zidell, Esq., (Zabogado@aol.com), J.H. Zidell, P.A., 300 71st Street, Suite 605, Miami Beach, Florida 33141.

Respectfully submitted,

By: _s/Chris Kleppin_____
   Chris Kleppin, Esq.
   Florida Bar No. 625485
   ckleppin@gkemploymentlaw.com
   Glasser & Kleppin, P.A.
   Attorneys for Defendants
   8751 W. Broward Blvd.
   Suite 105
   Plantation, FL 33324
   Tel.  (954) 424-1933
   Fax  (954) 474-7405
Secondary E-mails: esinclair@gkemploymentlaw.com
   dcano@gkemploymentlaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-22882-CIV-SCOLA

DANIEL VALDERRABANO TORRES, and )
Others similarly situated under 29 U.S.C. )
216(b), )
)
      Plaintiff, )
)
v. )
)
ROCK & RIVER FOOD, INC. d/b/a Marumi )
Sushi, and TERUHIKO IWASAKI, )
)
      Defendants. )
_____ )

## PLAINTIFF'S RESPONSES TO DEFENDANTS' REQUEST FOR ADMISSIONS

    Plaintiff, Daniel Valderrabano Torres, by and through undersigned counsel, hereby serves

these responses to Defendants' Request for Admissions, and in support thereof, states as follows:

1. As to the corresponding request for admission, Defendant is not aware of sufficient facts to admit or deny the same, and therefore, this request for admission is denied.

2. As to the corresponding request for admission, Defendant is not aware of sufficient facts to admit or deny the same, and therefore, this request for admission is denied.

3. As to the corresponding request for admission, Defendant is not aware of sufficient facts to admit or deny the same, and therefore, this request for admission is denied.

4. Admitted.

5. As to the corresponding request for admission, Defendant is not aware of sufficient facts to admit or deny the same, and therefore, this request for admission is denied.

6. As to the corresponding request for admission, Defendant is not aware of sufficient facts to admit or deny the same, and therefore, this request for admission is denied.

7. As to the corresponding request for admission, Defendant is not aware of sufficient facts to admit or deny the same, and therefore, this request for admission is denied.

8. As to the corresponding request for admission, Defendant is not aware of sufficient facts to admit or deny the same, and therefore, this request for admission is denied.

9. Denied.

10. Denied.

11. Denied.

12. Admitted.

13. Denied.

14. Objects pursuant to *Patel v. Quality Inn South*, 846 F.2d 700, 705–06 (11th Cir.1988), Martinez v. Mecca Farms, Inc., 213 F.R.D. 601, 605 (S.D. Fla. 2002). Furthermore, the request for admission is seeking discovery of highly prejudicial information without any probative value and therefore is not discoverable under the Federal Rules of Civil Procedure.

15. Objects pursuant to *Patel v. Quality Inn South*, 846 F.2d 700, 705–06 (11th Cir.1988), Martinez v. Mecca Farms, Inc., 213 F.R.D. 601, 605 (S.D. Fla. 2002). Furthermore, the request for admission is seeking discovery of highly prejudicial information without any probative value and therefore is not discoverable under the Federal Rules of Civil Procedure.

16. Objects pursuant to *Patel v. Quality Inn South*, 846 F.2d 700, 705–06 (11th Cir.1988), Martinez v. Mecca Farms, Inc., 213 F.R.D. 601, 605 (S.D. Fla. 2002). Furthermore, the request for admission is seeking discovery of highly prejudicial information without any probative value and therefore is not discoverable under the Federal Rules of Civil Procedure.

17. Denied.

18. As to the corresponding request for admission, Defendant is not aware of sufficient facts to admit or deny the same, and therefore, this request for admission is denied.

19. Denied.

20. Denied.

21. Admitted.

22. As to the corresponding request for admission, Defendant is not aware of sufficient facts to admit or deny the same, and therefore, this request for admission is denied.

23. Admitted.

24. As to the corresponding request for admission, Defendant is not aware of sufficient facts to admit or deny the same, and therefore, this request for admission is denied.

25. As to the corresponding request for admission, Defendant is not aware of sufficient facts to admit or deny the same, and therefore, this request for admission is denied.

26. As to the corresponding request for admission, Defendant is not aware of sufficient facts to admit or deny the same, and therefore, this request for admission is denied.

27. As to the corresponding request for admission, Defendant is not aware of sufficient facts to admit or deny the same, and therefore, this request for admission is denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Objects pursuant to *Patel v. Quality Inn South*, 846 F.2d 700, 705–06 (11th Cir.1988), Martinez v. Mecca Farms, Inc., 213 F.R.D. 601, 605 (S.D. Fla. 2002).  Furthermore, the request for admission is seeking discovery of highly prejudicial information without any probative value and therefore is not discoverable under the Federal Rules of Civil Procedure.

38. Objects pursuant to *Patel v. Quality Inn South*, 846 F.2d 700, 705–06 (11th Cir.1988), Martinez v. Mecca Farms, Inc., 213 F.R.D. 601, 605 (S.D. Fla. 2002).  Furthermore, the request for admission is seeking discovery of highly prejudicial information without any probative value and therefore is not discoverable under the Federal Rules of Civil Procedure.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Admitted.

44. Objects pursuant to *Patel v. Quality Inn South*, 846 F.2d 700, 705–06 (11th Cir.1988), Martinez v. Mecca Farms, Inc., 213 F.R.D. 601, 605 (S.D. Fla. 2002). Furthermore, the request for admission is seeking discovery of highly prejudicial information without any probative value and therefore is not discoverable under the Federal Rules of Civil Procedure.

45. Denied.

46. Admitted.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Admitted.

52. Denied.

53. Denied.

Respectfully served this January 18, 2016.

J.H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
*Attorneys for Plaintiffs*

By: /s/ Stephen M. Fox Jr
Stephen Michael Fox Jr
Florida Bar No.: 0110359

## CERTIFICATE OF SERVICE:

I hereby certify that a true and correct copy of the foregoing was served via email to all counsel or parties of record in the Service List below on January 18, 2016.

J.H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
*Attorneys for Plaintiffs*

By: /s/ Stephen M. Fox Jr
Stephen Michael Fox Jr
Florida Bar No.: 0110359

## SERVICE LIST

Chris Kleppin, Esq.
Florida Bar No. 625485
Glasser & Kleppin, P.A.
8751 W Broward Blvd, Ste 105
Plantation, FL 33324-2630
954-424-1933
Fax: 954-474-7405
Email: ckleppin@gkemploymentlaw.com
*Attorney for Defendants*