UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-22882-CIV-SCOLA/Otazo-Reyes

DANIEL VALDERRABANO TORRES, )
and all others similarly situated under 29 )
U.S.C. 216(b), )
)
)
Plaintiff, )
vs. )
)
)
ROCK & RIVER FOOD, INC. d/b/a )
MARUMI SUSHI, TERUHIKO IWASAKI,)
)
Defendants. )
_____ )

## PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff, by and through the undersigned attorney, and hereby moves this Court to enter a Judgment on behalf of Plaintiff on the issues of "Enterprise Coverage" and Defendant Iwasaki's status as an employer pursuant to Fed.R.Civ.P. Rule 56 and states as follows:

MEMORANDUM OF POINTS AND AUTHORITIES

### I.   Introduction

Plaintiff moves for summary judgment on two issues: (a) that Defendants are a covered enterprise under the Fair Labor Standards Act (FLSA), and (b) that Defendant Teruhiko Iwasaki is Plaintiff's employer.

It cannot be reasonably disputed that Defendants are a covered enterprise. Defendants are a Japanese restaurant which grosses greater than $500,000.00 per year and has more than two employees who prepare meals using ingredients/materials from outside the state of Florida. Pursuant to Polycarpe, *supra*, and its progeny, materials which are

purchased locally but have an interstate origin qualify for the interstate commerce side of enterprise coverage, regardless if those materials have "come to rest" within the state of Florida.

Defendant Iwasaki is the proprietor and owner of Defendant Rock & River Food, Inc. He controls the finances, hiring and firing, and scheduling of all of Rock & River's employees. Defendant Iwasaki shares responsibility with his business partner, Tetsu Hayakawa. While Mr. Hayakawa is also Plaintiff's employer, he is not a party to this action and Plaintiff moves only for this Court to deem Defendant Iwasaki as an employer.

## II. Argument

Rule 56(c) of the Federal Rules of Civil Procedure authorizes entry of summary judgment where the pleadings and supporting materials show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Hoffman v. Allied Corp., et al., 912 F.2d at 1383. *See also,* Beal v. Paramount Pictures Corporation, 20 F.3d 454, 459 (11th Cir. 1994). Summary judgment is properly regarded not as a disfavored procedural shortcut but, rather, as an integral part of the federal rules as a whole, which are designed to secure a just, speedy, and inexpensive determination of every action. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). Once the moving party demonstrates the absence of a genuine issue of material fact, the non-moving party must "come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). Accepting this evidence as truthful, the Court must view the record and all factual inferences there from in the light most favorable

to the non-moving party and decide whether "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) (quoting Anderson, 477 U.S. at 251-52)).

   a. The FLSA applies because Rock & River Food, Inc. is an enterprise engaged in commerce.

The FLSA provisions regarding overtime only apply when an individual or the business enterprise is covered by the FLSA. For the purposes of this summary judgment motion, Plaintiff only moves under the "enterprise coverage" theory.

29 U.S.C. 203(s)(1) defines "enterprise" coverage as an enterprise that has employees "handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and is an enterprise whose annual gross volume of sales made or business done is not less than $500,000." Defendants in this matter have consented that Rock & River Food, Inc. had revenue in an amount exceeding the monetary threshold of $500,000 for each year that is the subject in this litigation. Defendants contest that Rock & River Food, Inc. has two or more employees engaged in interstate commerce. This is referred to as the "handling" clause.

"The handling clause only pertains to "goods or materials *that have been moved in or produced for commerce by any person.*" *[…]*. The FLSA defines "commerce" as "trade, commerce, transportation, transmission, or communication *among the several States or between any State and any place outside thereof.*" *[…]*. The plain meaning of the handling clause is that it only applies

to "goods" or "materials" that have been subject to *interstate* commerce[1]." <u>Polycarpe v. E&S Landscaping Serv., Inc.</u>, 616 F.3d 1217, 1221 (11th Cir. 2010). "Goods"[2] which originate out of state, but are purchased locally, lose their interstate character because they "came to rest" locally; "materials" do not lose their interstate character. <u>Id.</u> at 1222.

As asserted in greater detail below Rock & River Food, Inc. consumed many different types of food, purchased locally, from various locations as materials in the production of Japanese cuisine. Salmon, tuna, soy sauce, octopus, rice, and all sorts of other delicious ingredients from outside the state of Florida go into Rock & River Food, Inc.'s products.

"Whether an item counts as 'materials' will depend on two things: 1) whether, in the context of its use, the item fits within the ordinary definition of 'materials' under the FLSA and 2) whether the item is being used commercially in the employer's business." <u>Polycarpe v. E&S Landscaping Serv., Inc.</u>, 616 F.3d 1217, 1225-26 (11th Cir. 2010).

> First, whether an item counts as "materials" depends on whether the item is serving as a material in context. As we just discussed, to count as "materials," an item must fall within that word's ordinary meaning within the FLSA handling-clause context: as tools or other articles necessary for doing or making something. Depending on how they are used, china dinner plates that are produced out of state, for instance, could count as either "goods" or "materials." Where a catering business uses the china plates at a client's banquet, the plates count as part of the "materials" necessary for serving a catered meal. But, where a department store sells the same china plates as stand-alone items, the plates count as "goods" for that retailer.

---

[1] Emphasis in original.
[2] "'Goods' means goods (including ships and marine equipment), wares, products, commodities, merchandise, or articles or subjects of commerce of any character, or any part or ingredient thereof, but does not include goods after their delivery into the actual physical possession of the ultimate consumer thereof other than a producer, manufacturer, or processor thereof." 29 U.S.C. § 203(i).

>  Second, for an item to count as "materials" it must have a significant connection with the employer's commercial activity; the business may not just somehow internally and incidentally consume the item. This requirement is compelled because the statute covers not *all* "goods" and "materials," but only "goods" and "materials" that a company is engaged in "handling, selling, or otherwise working on."

Id. at 1226.

"[W]e imagine that, where a restaurant uses interstate cooking equipment as an article to perform its commercial activity of serving food, the restaurant is engaged with "materials" that will subject the business to FLSA coverage." Id. at 1225.  Food prepared may qualify as materials. Leon v. Tapas & Tintos, Inc., 51 F. Supp. 3d 1290, 1295 (S.D. Fla. 2014); Landeros v. Fu King, Inc., 12 F. Supp. 3d 1020, 1025 (S.D. Tex. 2014); Opinion Letter Fair Labor Standards Act (FLSA), 1997 WL 958726, at *1 (coffee); *compare* Lopez v. Top Chef. Inv., Inc., No. 07–21598–CIV–MOORE/GARBER, 2007 U.S. Dist. LEXIS 88120, at *4–5, 2007 WL 4247646 (S.D.Fla. Nov. 30, 2007) and Joseph v. Nichell's Caribbean Cuisine, Inc., 862 F.Supp.2d 1309, 1313 – 14 (S.D. Fl. 2012) (finding that cooks do not typically qualify for individual coverage).

"It is notable how many courts in the past three-and-a-half decades have concluded that virtually any enterprise that meets the statutory annual gross sales requirement is subject to the FLSA." Galdames v. N & D Inv. Corp., 2008 U.S. Dist. LEXIS 73433 (S.D. Fla. 2008), *citing* Dunlop v. Indust. America Corp., 516 F.2d 498, 500-02 (5th Cir. 1975). "[E]nterprise coverage embraces virtually every business whose annual gross volume of sales or business is $ 500,000 or more . . . ." Daniel v. Pizza Zone Italian Grill & Sports Bar, Inc., No. 8:07-cv-2359-T-23TGW, 2008 U.S. Dist. LEXIS 23007, 2008 WL 793660, at *1 (M.D.Fla. Mar. 24, 2008)

In this matter, food products most, if not all, of the food products worked on by employees of Defendants were manufactured, grown, or otherwise produced outside the State of Florida. *See* SoMF §§ 1, 4, 5, 12, 13. Fish, soy sauce, rice, and other ingredients and materials came from out of state and were consumed in the production of Japanese cuisine. SoMF § 5. Therefore, as the Defendant Corporation grossed over $500,000 annually and Defendants had two or more employees that regularly handled materials that came from outside the state of Florida, the Defendant Corporation is an enterprise covered under the Fair Labor Standards Act.

      b. Teruhiko Iwasaki is an employer or otherwise liable under the FLSA.

Defendant Iwasaki is one of the proprietors of Defendant Rock & River Food, Inc. He, along with his business partner, Tetsu Hayakawa, co-manage all of the finances and make all decisions regarding the employees, including Plaintiff. These activities are sufficient to cause Defendant Iwasaki to be an employer and liable under the FLSA.

The FLSA defines an "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. §203(d). The term "employer" ought be interpreted more broadly under the Act than common law for remedial purposes. *See, e.g.,* Herman v. RSR Sec. Servs. Ltd., 172 F.3d 132, 139 (2nd Cir. 1999); Dole v. Elliott Travel & Tours, Inc., 942 F.2d 962, 965 (6th Cir. 1991), citing McLaughlin v. Seafood, Inc., 867 F.2d 875, 877 (5th Cir. 1989); Donovan v. Agnew, 712 F.2d 1509, 1510 (1st Cir. 1983); Falk v. Brennan, 414 U.S. 190, 195 (1973). The FLSA describes an employer as, "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203. "An entity 'employs' a person under the FLSA if it 'suffer[s] or

permit[s]' the individual to work.'" Layton v. DHL Exp. (USA), Inc., 686 F.3d 1172, 1175 (11th Cir. 2012), *citing* 29 U.S.C. § 203(g).

Individual liability under the FLSA is focused on one's ability to control or withhold payment to employees. Lamonica v. Safe Hurricane Shutters, Inc., 711 F.3d 1299, 1313 (11th Cir. 2013). Further, multiple employers may be responsible for compliance with the FLSA within one business organization. *See* Elliott Travel & Tours, Inc., 942 F.2d at 965; Donovan v. Agnew, 712 F.2d 1509, 1510 (1st Cir. 1983). "[B]oth the employing corporation and the individual responsible for operation thereof may be employers for purposes of the FLSA." Figueroa v. America's Custom Brokers, Inc., 48 F.Supp.2d 1372, 1377 (S.D. Fla. 1999), *citing* Patel v. Wargo, 803 F.2d 632, 638 (11th Cir. 1986). In the Eleventh Circuit, "[t]he overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." Patel, 803 F.2d at 637-38, *quoting* Agnew, 712 F.2d at 1511.

Financial control over a corporation is a significant factor in determining "employer" status. See, Elliot Travel & Tours, 942 F.2d 966 (6th Cir. 1991); Donovan v. Grim Hotel Co., 747 F.2d 966, 972 (5th Cir. 1984)(imposing FLSA liability on a "top man" who guided corporate policies and controlled "purse strings"); Donovan v. Sabine Irrigation Co., Inc., 695 F.2d 190, 193-95 (5th Cir. 1983)(liability for controlling finances and dominating the administration); Dole v. Simpson, 784 F.Supp. 538, 545-47 (S.D. Ind. 1991).

Defendant Iwasaki hired Plaintiff. SoMF § 3. Defendant Iwasaki determined Plaintiff's break periods. SoMF § 7. Defendant Iwasaki gave Plaintiff a raise. SoMF § 8. As

Defendant Iwasaki is Plaintiff's employer, he is liable under the FLSA for any violations caused by the business, Rock & River Foods, Inc.

*Wherefore* Plaintiff requests that this Court grant Plaintiff's Motion for Partial Summary Judgment that the FLSA applies to this matter under "enterprise coverage" and that Defendant Iwasaki is liable under the FLSA as an employer.

Respectfully submitted this 11th day of February, 2016.

                                              J.H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
*Attorneys for Plaintiff*

By: /s/ Elizabeth O. Hueber
Elizabeth Olivia Hueber
Florida Bar Number: 0073061

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF on all counsel or parties in the Service List below on February 11, 2016.

>J.H. Zidell, P.A.
>300 71st Street, Suite 605
>Miami Beach, Florida 33141
>Tel: (305) 865-6766
>Fax: (305) 865-7167
>*Attorneys for Plaintiff*
>
>By: /s/ Elizabeth O. Hueber
>Elizabeth Olivia Hueber
>Florida Bar Number: 0073061

## SERVICE LIST

**Chris Kleppin**
Glasser & Kleppin, P.A.
8751 West Broward Boulevard
Suite 105
Plantation, FL 33324
954-424-1933
Fax: 954-474-7405
Email: ckleppin@gkemploymentlaw.com
*Attorney for Defendants*