**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 15-22882-CIV-SCOLA/OTAZO-REYES**

DANIEL VALDERRABANO TORRES *and all others similarly situated under 29 U.S.C. 216(B)*

      Plaintiff

vs.

ROCK & RIVER FOOD, INC.
TERUHIKO IWASAKI

      Defendants

_____

### PLAINTIFF'S RESPONSE TO DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS

COMES NOW Plaintiff, by and through undersigned counsel, pursuant to Southern District Local Rule 56.1, and hereby files Plaintiff's Response to Defendants' Statement of Undisputed Material Facts and in support thereof states as follows:

1. Denied in part and admitted in part. The revenue far exceeded $500,000, earning $631,735 in 2012, $759,775.61 in 2013 and increased each year thereafter [Iwasaki depo. P. 19].

2. Denied in part. Plaintiff worked through the end of May 2015. [Iwasaki depo. P. 7, L. 7].

3. Admitted.

4. Admitted in part and denied in part. Defendants purchased and their employees used fish such as Ankimo (monkfish liver), Squid, and Hirame (flounder) that were purchased from vendor True World [Declaration of Gilberto Conrado at § 4-5; Teruhiko Depo. Trans. P.20, L.22-25, P.21, L.1-24]. Defendant's material orders from vendor True World included materials from all over the world but not limited to Ankimo (Monkfish liver)

from Boston, Squid from Japan, and Hirame (flounder) from Japan. 2014 True World Invoices P.1, P.2, P.6.

5. Denied. Plaintiff was never paid overtime as defendant even testified that plaintiff was paid about $500-$600 a week, which would fall short of overtime required to be paid pursuant to the time cards produced by defendants [Iwasaki depo. P. 32 L. 20-25]. Plaintiff just wants to get paid his rightfully owed overtime wages. [Torres depo. P. 39]

6. Denied. Said matter was never even discussed, plaintiff just wanted to work [Torres depo. P. 24, P. 48-49].

7. There are no records as to the amount of breaks taken by plaintiff if any. [Torres depo. P. 34]. Plaintiff would not take the 30 minute break each day. [Iwasaki depo. P. 56-57]

8. Admitted.

9. Admitted solely to the extent that a previous lawsuit was filed. The docket stands for itself, and remaining comments are conjecture.

10. Admitted that Plaintiff never complained, but denied that the time records are accurate as nearly a third of the records are missing [Iwasaki depo. P. 40], as Plaintiff just wants to get paid his rightfully owed overtime wages. [Torres depo. P. 39]

11. Admitted, no pre-suit notice is required.

12. Admitted that Plaintiff misspelled his name at his deposition, denied as to the rest.

13. Admitted that Plaintiff misspelled his name at his deposition, denied as to the rest.

14. Denied, argumentative and not supported by the record.

15. Admitted that Plaintiff testified that he does not have a driver's license, remainder is denied.

16. Denied. Plaintiff just wants to get paid his rightfully owed overtime wages. [Torres depo. P. 39]. Calculations when factoring willfulness and liquidated damages calls for legal analysis and conclusions. Further, defendants failed to maintain any records of all payments made to plaintiff. [Iwasaki depo. P. 44].

17. Denied. Defendants' counsel never questioned plaintiff as to his hourly wage while employed by defendants. To the extent defendants' counsel claims, what was and was not spoken between counsel and plaintiff, said conversations were properly and timely objected to on the record. Further, defendants failed to maintain any records for any of the payments made to plaintiff. [Iwasaki depo. P. 44]. Damage calculations are based on legal conclusions, whether liquidated damages are to be awarded and whether the two or three-year statute of limitations would apply.

18. Denied, statements are argumentative and not supported by the record.

19. Denied, the interrogatory answers, which are signed by plaintiff, stand for themselves.

20. Denied. Plaintiff just wants to get paid his rightfully owed overtime wages. [Torres depo. P. 39]. Further, defendants failed to maintain any records of all payments made to plaintiff. [Iwasaki depo. P. 44] and are missing a significant amount of his time records. [Iwasaki depo. P. 40].

21. Denied, irrelevant and Plaintiff specifically testified that he would pay taxes if given the documentation.

22. Denied. Defendants admit that they had gross sales that exceed $500,000 annually, and location of the work listed in the complaint was nothing more than a scrivener's error.

23. Denied. Defendants purchased and used material fish such as Ankimo (monkfish liver), Squid, and Hirame (flounder) that were purchased from vendor True World [Declaration

of Gilberto Conrado at § 4-5; Teruhiko Depo. Trans. P.20, L.22-25, P.21, L.1-24]. Defendant's material orders from vendor True World included materials from all over the world but not limited to Ankimo (Monkfish liver) from Boston, Squid from Japan, and Hirame (flounder) from Japan. 2014 True World Invoices P.1, P.2, P.6. Many other international food ingredients were sold. See generally 2014 True World Foods Records.

24. The defendant corporation had gross sales of $631,735 in 2012, $759,775.61 in 2013 and increased each year thereafter. [Iwasaki depo. P. 44].

25. Plaintiff was paid in cash. [Iwasaki depo. P. 35, Hayakawa depo. P. 11].

26. Defendants are missing a significant amount of time cards for plaintiff's employment. [Iwasaki depo. P. 40].

27. Defendants do not have any records for the payments made to plaintiff. [Iwasaki depo. P. 44, Hayakawa depo. P. 11-12].

28. Plaintiff would not take the 30 minute break each day. [Iwasaki depo. P. 56-57]

29. Juan Luis Casados can't testify to the hours, breaks or pay rate received by plaintiff because Mr. Casados didn't pay attention to plaintiff. "To tell you the truth, I don't pay attention to him. Since I didn't pay attention, I didn't know. Plaintiff would not take the 30 minute break each day. [Casados depo. P. 33]

30. Some employees are paid in cash. [Hayakawa depo. P. 10]

31. The time records that were lost would not necessarily show that plaintiff worked the same amount of hours as shows on the produced time cards. [Hayakawa depo. P. 26].

Respectfully Submitted,

J.H. Zidell, Esq.
J.H. Zidell, P.A.
Attorney for Plaintiff
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
Email: Zabogado@aol.com


By:_/s/ *J.H. Zidell* _____
    J.H. Zidell, Esq
    Florida Bar Number: 0010121


**CERTIFICATE OF SERVICE:**

I hereby certify that a true and correct copy of the foregoing Plaintiff's Response to Defendants' Statement of Undisputed Material Facts was sent via CM/ECF to Chris Kleppin, Esq., Glasser & Kleppin, P.A., 8751 West Broward Boulevard, Suite 105, Plantation, Florida on this 26th day of February, 2016.

J.H. Zidell, Esq.
J.H. Zidell, P.A.
Attorney for Plaintiff
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
Email: Zabogado@aol.com


By:_/s/ *J.H. Zidell* _____
    J.H. Zidell, Esq
    Florida Bar Number: 0010121