UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-22882-CIV-SCOLA

DANIEL VALDERRABANO TORRES, and
Others similarly situated under 29 U.S.C. 216(b),

    Plaintiff,

v.

ROCK & RIVER FOOD, INC. d/b/a Marumi
Sushi, and TERUHIKO IWASAKI,

    Defendants.
_____/

## SWORN DECLARATION OF TERUHIKO IWASAKI

Teruhiko Iwasaki states as follows under penalty of perjury, pursuant to 28 U.S.C. § 1746:

1. The statements made in this declaration are true and correct, and I have personal knowledge concerning the statements made herein.

2. The corporate Defendant Rock & River Food, Inc. is a family-owned local Japanese-themed restaurant with one location in Plantation, Florida.

3. The Plaintiff was not engaged in interstate commerce or in the production of goods for commerce when he provided services to the corporate Defendant. All he did was help prepare sushi rolls. The corporate Defendant's gross revenue did exceed $500,000 in calendar years 2012-14, though by just a little.

4. Plaintiff had no interaction with any of the customers in terms of credit card transactions and Plaintiff did not order or purchase supplies for the Defendants. Plaintiff did not perform any functions that require the conclusion that he was engaged in interstate commerce. The Plaintiff never participated in the actual movement of people or things across state lines. The Defendants have nothing to do with shipping anything across state lines.

5. Defendants and their employees do not engage in interstate commerce, do not engage in the production of goods for interstate commerce (they do not produce any goods but rather are in the service industry), do not handle, sell or otherwise work on goods or materials that had moved in or were produced for interstate commerce, and the Defendants only purchased goods locally.

6. The corporate Defendant, a small restaurant, only performs work within the State of Florida, only conducts business in the State of Florida, and does not provide any services outside of the State of Florida, nor does it seek to provide such services.

7. The corporate Defendant a local company only does not produce any goods to be sent out of the State of Florida.

8. We place orders with local suppliers of various products, and those orders are filled out of those suppliers' on-hand inventory and are not special ordered.

9. I have reviewed the Declaration of Gilberto Conrado, and it does not conclude where any specific product that was sold to us by True World ultimately comes from (originates). For example, it is not clear if Scottish Salmon is salmon that is raised via aquaculture in Florida, or is literally from Scotland. Mr. Conrado writes on page 1 of Exhibit A in parentheses the word "Japan" next to the following items: Grouper, Rock Porgy, Flying Fish, Seabream, Bonio, and Alfonsino, but his reference to "Japan" is not clear if it means that those fish once swam in Japanese waters, or were sold to him from a company in Japan, were caught in international waters by a Japanese flagged vessel, or were caught and processed by a company in mainland Japan. Thus, it is not clear where any of those products come from. All of them are either capable of being caught off of Florida or can be raised via aquaculture in Florida. Furthermore, concerning these types of fish, we very rarely sell any of these and maybe once per month (or typically much less often) have a patron order one of these types of fish. When a patron does, only one employee will touch the fish. The Declaration states in ¶ 4 that Exhibit A is "an indication of the source of such products", but it is unclear what "indication" means. Does that mean that he is indicating that he believes that the source (*e.g.*, where caught or made) of the seafood is sometimes that country or

2

area, or was at one time, or always was, or that he merely thinks that it is. No facts are stated in the affidavit concerning what the knowledge actually is of Mr. Conrado. Does he live and work in Florida? If so, then he is not likely to actually have first-hand knowledge as to where any of the products were originally caught or manufactured or shipped from.

10. I am not an employee of the corporate Defendant for purposes of employment statutes and neither is Tetsu Hayakawa, as we are business owners. We are risk-takers in the business world and are in the business of employing others, even though we do receive some w-2 pay.

11. On the bottom of page 1 and top of page 2 on Exhibit A, there are lists of companies with business addresses, but it is not unclear what those addresses mean. For example, it is not clear if those are billing addresses, company headquarters, business offices to which correspondence is sent, or if those are the actual address locations where certain seafood is caught, grown/raised, or shipped in and out of. Moreover, concerning all of the items identified, it is unclear what company sent what product, from where, how often, and who handled it at the restaurant.

12. On page 2 of Exhibit A, Mr. Conrado lists frozen products, and two have countries in parenthesis (Softshell crab and udon noodles), but the same deficiency contained on page 1 applies to page 2, and is unclear what the references in parenthesis really refer to, and during what period of time. Confusing all of this is the affidavit states that it is meant to cover 2011-2015, but Plaintiff did not work for in 2011. The dry products list does not contain any geographical areas or countries in parenthesis.

13. After the frozen products list and the dry products list, there are again the names of companies with addresses written next to them, but it is unclear whether those are billing addresses, company headquarters, branch offices, offices out of which customer service operates, offices that send and receive correspondence, etc.

14. Another weakness in the Plaintiff's Declaration of Conrado is that the invoices do not correspond to the list of items in Exhibit A or B. Rather, the invoices may have 3-7 items that were ordered, and almost never items that contain one of these countries in parenthesis.

15. Concerning all of the products that the corporate Defendant uses and may order from time to time from True World, the restaurant is the ultimate consumer of them, because it uses them in the various foodstuffs that it sells, and does not seek to resell any of them.

16. Upon review of the hundreds of pages of invoices that are attached to the Declaration of Conrado, none of them state where any of the products are ultimately from. In fact, the invoices show is purchasing products from True World, a local Miami company, and none of the references on the invoices are statements as to where directly and of the products originate. For example, some of them state that the word "Boston" on them, but it is not clear if that is a reference to the city in Massachusetts, and if so, what connection Boston has to the transaction. There are sometimes similar references to "Japan" or "Scottish", but it is likewise unclear whether the products originated from Japan or Scotland, or whether the products are simply being referred to Japanese pr Scottish products.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES THAT THE FOREGOING IS TRUE AND CORRECT.

EXECUTED on this 29th day of February, 2016 at Plantation, Florida.

_____
Teruhiko Iwasaki