**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 15-22882-CIV-SCOLA/OTAZO-REYES**

DANIEL VALDERRABANO TORRES *and all*          )
*others similarly situated under 29 U.S.C. 216(B)*     )
        Plaintiff                                    )

vs.

ROCK & RIVER FOOD, INC.
TERUHIKO IWASAKI
    Defendants

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Comes Now Plaintiff, by and through undersigned counsel, and hereby files Plaintiff's Reply to Defendants' Response in Opposition to Plaintiff's Motion for Partial Summary Judgment and in support thereof states as follows:

1. Defendants' Response raises six separate issues as to why Defendants contend Plaintiff's Motion for Partial Summary Judgment [DE 28] should be denied.

    1) Plaintiff's Motion refers to documents without specifically citing to said documents, and Plaintiff failed to file a "notice" with the court containing said documents relied upon in summary judgment prior to filing Plaintiff's Motion for Partial Summary Judgment.

    2) The Court should disregard the affidavit of Gilberto Conrado because Plaintiff did not disclose said witness in Plaintiff's Initial Disclosures.

    3) Plaintiff cannot prove that Defendants had two or more employees that handled materials that had at one point moved in interstate commerce.

    4) The affidavit of Gilberto Conrado [DE 29 exhibit 5], despite stating that it is based upon personal knowledge, is not based on personal knowledge.

    5) An unknown constitutional argument should bar the FLSA from applying to a lemonade stand with two employees that grosses over $600,000 - $700,000 annually.

    6) The individual defendant is only derivatively liable of the corporation's liability.

2. In turn, Plaintiff responds accordingly.

    1) Neither party filed a "notice" with the court prior to filing their respective motions for summary judgment. Instead, Defendants filed their statement of undisputed facts moments before filing their motion for summary judgment, while Plaintiff filed his statement of undisputed facts moments of after filing motion for summary judgment. Perhaps Defendants are arguing that Defendants' Motion for Summary Judgment should be denied based upon Defendants' failure to comply with the Court's Order. A prime example of the *pot calling the kettle black*.

    2) Interestingly enough, the Courts have unanimously held that it is the Defendant/Employer that has the information related to enterprise coverage, including gross annual sales and interstate commerce, see *Daniel v. Pizza Zone Italian Grill & Sports B., Inc.,* 8:07-CV-2359T23TGW, 2008 WL 793660 (M.D. Fla. Mar. 24, 2008). The affidavit of Gilberto Conrado[1], is an affidavit from a supplier used by Defendants. Defendants would have been the only party in possession of said information at the time the parties were required to make their initial disclosures. Nevertheless, despite having the supplier information, Defendants failed to disclose said information, and left it for Plaintiff to unearth during the discovery process. At the time Plaintiff located the supplier information, Defendants were already in

---

[1] On January 9th, 2016, in response to interrogatory #7, the Defendants disclosed, albeit incompletely, the following suppliers: **" JFC- Ryo Mitobe; (954) 531-4492**
**True World- Miho (last name unknown); (305) 687-4303**
**UP Sushi-Nath (last name unknown); (954) 849-7824"**
\*\*Gilberto Conrado was elected by True World as the Representative to respond to the subpoena that it was served by the Undersigned's Office. According to the Defendant's answer to interrogatory #7, the Defendants did not know the last name of the Representative for True-World and now transparently complain of Mr. Conrado's affidavit. As stated further within the Reply, **no mention** was made of any supplier in the Defendant's initial disclosures whatsoever.

possession of said information, and could have deposed the supplier if they so desired. However, as with most restaurants, a substantial portion of food products used in the restaurant business originate from outside the State of Florida, and any deposition would have provided said information. Therefore, as a strategic decision, Defendants appear to have elected not to depose Gilberto Conrado, despite having the supplier's information during the discovery period, and elected to raise this issue for the first time in summary judgment, see *Brantley v. Ferrell Elec., Inc.*, 112 F. Supp. 3d 1348, 1359 (S.D. Ga. 2015) (denying motion where Defendants raised discovery issue for the first time on summary judgment).

3) Defendants once again attempt to weave the standard for individual coverage into the standard for enterprise coverage in an attempt to confuse the Court. However, using the standard articulated by the Eleventh Circuit in *Polycarpe v. E&S Landscaping Serv., Inc.,* 616 F.3d 1217 (11th Cir. 2010), the usage of a china dinner plate by a catering company, manufactured out of state, is sufficient to trigger enterprise coverage, it is axiomatic that the out of state ingredients placed on said plate would likewise trigger enterprise coverage. In the present case, it is undisputed that Defendants purchased and used material fish such as Ankimo (monkfish liver), Squid, and Hirame (flounder) that were purchased from vendor True World [Declaration of Gilberto Conrado at § 4-5; Teruhiko Depo.[2] Trans. P.20, L.22-25, P.21, L.1-24] and that Defendant's material orders from vendor True World included materials from all

---

[2] The Defendant disclosed this vendor in his deposition/interrogatory answer without a complete name as to its Representative as described in footnote #1 , when the vendor was served a subpoena, it elected Gilberto Conrado as its Representative most knowledgeable about the origin of these products. Defendants and their Counsel should not be heard to complain about the disclosure of Mr. Conrado under this scenario. Instead of requesting to depose Mr. Conrado, the Defendants strategically saved their transparent gripe as to his disclosure until summary judgment—this questionable tactic should not be condoned by the Court. The Defendant's gripe is further belied by the fact that it did not even know the complete name of the True-World Representative as revealed in its answer #7 to Plaintiff's interrogatories. See footnote #1.

over the world but not limited to Ankimo (Monkfish liver) from Boston, Squid from Japan, and Hirame (flounder) from Japan. [2014 True World Invoices P.1, P.2, P.6], as well as many other international food ingredients. [See generally 2014 True World Foods Records].

4) The affidavit of Gilberto Conrado specifically states, no less than two times, that it is based on personal knowledge [Conrado depo ¶ 1 &3]. It appears that perhaps Defendants' Counsel was just copying and pasting said portion, as well as other portions of his Response, from another matter (stating that the usage of used cars in the present case doesn't amount to interstate commerce). Again, Defendants' counsel had the opportunity to depose Mr. Conrado, yet elected not to for strategic purposes.

5) There are no "constitutional arguments" to prevent summary judgment from being entered in favor Plaintiff. While Defendants spend a significant portion of their response providing the court with their version of the history on enterprise coverage, the old Fifth Circuit has already explained the intent of congress in enacting the 1961 amendment thereby creating what is now termed, enterprise coverage. *Dunlop v. Indus. Am. Corp.,* 516 F.2d 498, 500-01 (5th Cir. 1975)[3]. Combined with the Eleventh Circuit explanation of enterprise coverage in *Polycarpe v. E&S Landscaping Serv., Inc.,* 616 F.3d 1217 (11th Cir. 2010), a case in which Defendants' counsel unsuccessfully represented five out of the six Defendants on the consolidated appeal, the revisionist history Defendants' counsel attempts to convey, is unwarranted, and lends nothing to the determination of the issues in the present matter.

---

[3] Any decisions rendered by the old Fifth Circuit prior to the close of business on September 30, 1981 are binding precedent. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

6) Defendants, once again, confuse the issues. Plaintiff is merely seeking a determination from the Court, at this stage, as to the determination that Teruhiko Iwasaki was Plaintiff's "employer" under the Fair Labor Standards Act (FLSA). If deemed an employer under the FLSA, the individual defendant would be held jointly and severally liable with the Corporation, only if the jury determines that Plaintiff is owed overtime wages. Therefore, whether the individual Defendant's liability is derivative of the liability of the Corporation, is irrelevant to the determination of whether the individual Defendant was Plaintiff's employer. Plaintiff merely seeks a determination, at this juncture, as to the employer status of the individual Defendant so as not to waste time at trial on this issue. As Defendants do not dispute the individual Defendant's involvement in regularly running of the Defendant's business, summary judgment should be granted in Plaintiff's favor on this issue.

1. **Southern District Local Rule 56.1.**

Plaintiff complied with Southern District Local Rule 56.1 in the filing of Plaintiff's Statement of Undisputed Facts [DE 29] which accompanied Plaintiff's Motion for Summary Judgment [DE 28].

> **(a) Statement of Material Facts.** A motion for summary judgment and the opposition thereto shall be accompanied by a statement of material facts as to which it is contended that there does not exist a genuine issue to be tried or there does exist a genuine issue to be tried, respectively. The statement shall:
> (1) Not exceed ten (10) pages in length;
> (2) Be supported by specific references to pleadings, depositions, answers to interrogatories, admissions, and affidavits on file with the Court; and
> (3) Consist of separately numbered paragraphs.

The only difference between Plaintiff's Motion for Partial Summary Judgment and Defendants' Motion for Summary Judgment is that Defendants filed their Statement of Material Facts just moments before filing for Summary Judgment, while Plaintiff filed their Statement of

Undisputed Material Facts moments after filing Plaintiff's Motion for Partial Summary Judgment. Both motions and statement of material facts were filed on the same day, and neither party filed a "Notice" with the supporting record evidence prior to filing for Summary Judgment.

Defendants take issue with Plaintiff's filing [DE 31] in Response to Defendants' Motion for Summary Judgment, however, said notice was filed in part to place the complete deposition transcripts on the record, not the narrowly selected deposition excerpts filed by Defendants in their Statement of Undisputed Facts. As a result, Plaintiff complied with Southern District Local Rule 56.1 in the filing of Plaintiff's Motion for Partial Summary Judgment.

### 2. **Gilberto Conrado.**

Gilberto Conrado is an employee of True Worlds Food Miami, LLC, a food distribution company that supplied Defendants with the ingredients used in Defendants' sushi restaurant during the relevant time period. The Courts have unanimously held that it is the Defendant that has the information related to enterprise coverage, including gross annual sales and interstate commerce, see *Daniel v. Pizza Zone Italian Grill & Sports B., Inc.,* 8:07-CV-2359T23TGW, 2008 WL 793660 (M.D. Fla. Mar. 24, 2008) see also this Court's opinion in *Ceant v. Aventura Limousine & Transp. Serv., Inc.,* 874 F. Supp. 2d 1373, 1378 (S.D. Fla. 2012) (collection of cases, requiring pleadings with less specificity as to the $500,000 element on enterprise coverage "especially since that information is likely in Defendants' hands, not his") *Id.* at 1378.

> That information will most often be in the hands of the defendant. For this reason, an allegation of "enterprise" coverage need not attempt to set out a separate allegation of the defendant's sales or a description of the activities of other employees. In most cases, that would only involve gross speculation and not provide the defendant with meaningful information because the defendant already has ... such information. Therefore, bare bones allegations are acceptable for "enterprise" coverage, and it is best that discovery proceed and the issues concerning gross sales and type of interstate activity be left for summary judgment or trial." 342 F.Supp.2d at 439.

*Pizza Zone Italian Grill & Sports B., Inc.* at *2.

The affidavit of Gilberto Conrado, is an affidavit from a supplier[4] used by Defendants. Defendants would have been the only party in possession of said information at the time the

---

[4] Defendants and their Counsel have been disingenuous, at best, in their attempt to thwart Plaintiff's interstate commerce related discovery. Plaintiff's request to produce documents , requested that Defendants produce the following documents in relation to interstate commerce:
43. Any and all contracts, invoices, statements, or documents of any kind reflecting the
purchase or acquisition of any and all goods, materials, supplies, merchandise, equipment
used and/or sold by Defendant.
44. Any and all documents which reflect purchases of goods and/or materials in 2012, 2013,
2014 and 2015.
45. Any and all canceled checks, credit card statements, or documents of any kind evidencing
payment for the purchase or acquisition of any of the items referenced in paragraph 47.
46. Any and all invoices, statements, or billings of any kind, received from the vendors for
the purchase or acquisition of goods or materials used by Plaintiff, including documents
which evidence the particular goods or materials which were acquired by Defendant.
  **Defendant's responses to Plaintiff's Request to produce documents in relation to #43-#46 above stated:**
43. The Defendants object on the grounds that the request seeks documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence, and the request is also overly broad, as all documents regarding the purchase of equipment are not relevant to a FLSA claim, particularly in light of the corporate Defendant's agreement to provide its redacted tax returns. Defendants object to providing any information regarding the corporate Defendant's purchases for 2015, because they concede that the gross sales for that year exceeded $500,000. Defendants further object on the ground of vagueness given the definition of goods and materials in the FLSA.
also overly broad, as all documents regarding the purchase of equipment are not relevant to a FLSA claim, particularly in light of the corporate Defendant's agreement to provide its redacted tax returns. Defendants object to providing any information regarding the corporate Defendant's purchases for 2015, because they concede that the gross sales for that year exceeded $500,000. Defendants further object on the ground of vagueness given the definition of goods and materials in the FLSA.
44. The Defendants object on the grounds that the request seeks documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence, and the request is also overly broad, as all documents regarding the purchase of equipment are not relevant to a FLSA claim, particularly in light of the corporate Defendant's agreement to provide its redacted tax returns. Defendants object to providing any information regarding the corporate Defendant's purchases for 2015, because they concede that the gross sales for that year exceeded $500,000. Defendants further object on the ground of vagueness given the definition of goods and materials in the FLSA.

45. The Defendants object on the grounds that the request seeks documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence, and the request is also overly broad, as all documents regarding the purchase of equipment are not relevant to a FLSA claim, particularly in light of the corporate Defendant's agreement to provide its redacted tax returns. Defendants object to providing any information regarding the corporate Defendant's finances for 2015, because they concede that the gross sales for that year exceeded $500,000. Defendants further object on the ground of vagueness given the definition of goods and materials in the FLSA.

46. The Defendants object on the grounds that the request seeks documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence, and the request is also overly broad, as all documents regarding vendor purchases are not relevant to a FLSA claim, particularly in light of the corporate Defendant's agreement to provide its redacted tax returns. Defendants object to providing any information regarding the corporate Defendant's finances for 2015, because they concede that the gross sales for that year exceeded $500,000. Defendants further object on the ground of vagueness given the definition of goods and materials in the FLSA.

parties were required to make their initial disclosures. Nevertheless, despite having the supplier information, Defendants failed to disclose said information, and left it for Plaintiff to unearth it during the discovery process. At the time Plaintiff located the supplier information, Defendants were already in possession of said information, and could have deposed the supplier if they so desired. However, as with most restaurants, a substantial portion of food products used in the restaurant business originate from outside the State of Florida, and any deposition would have provided said information. Therefore, as a strategic decision, Defendants elected not to depose Gilberto Conrado, despite having the supplier's information during the discovery period, and elected to raise this issue for the first time in summary judgment, see *Brantley v. Ferrell Elec., Inc.*, 112 F. Supp. 3d 1348, 1359 (S.D. Ga. 2015) (denying motion where Defendants raised discovery issue for the first time on summary judgment).

> The Court states only that instead of attempting to resolve this purported Rule 26(e)(1) dispute during discovery and cure any surprise or harm Defendants felt they had suffered, Defendants moved for summary judgment—effectively seeking the harshest sanction available. Defendants *never* moved the Court for an order requiring any more detailed response to any specific interrogatory; the motions to compel on the record (Docs. 59, 61) do not speak to damages in any sense. Defendants had *every opportunity* to raise this issue with the Magistrate Judge, who held two telephone conferences to address the parties' numerous discovery issues—one of which lasted nearly an hour. (*See* Docs. 56, 64–65.) The Court finds that *none* of the *Abdulla* factors weigh in favor of excluding the declarations to the extent they address Plaintiffs' damages.

*Brantley v. Ferrell Elec., Inc.,* 112 F. Supp. 3d 1348, 1359 (S.D. Ga. 2015).

If Defendants had any issues relating to discovery, said issue should have been raised in a discovery motion, not at the summary judgment stage. Defendants' counsel has been warned before about taking such approaches.

> Civil discovery is designed to force both sides to lay the evidence "on the table," so that each side has the opportunity to assess the merits of its position. Reasonable and responsible counsel speak with opposing counsel to clarify the

> scope of discovery and any confusion as to definitions. Further, this Court notified the parties that Magistrate Judge McAliley held a weekly discovery calendar, wherein the parties could address discovery disputes without filing formal motions. Kleppin chose neither of these quick, low-cost mechanisms to resolve discovery questions. To affirm this objection would require the Court to ignore the letter and spirit of the discovery rules and endorse a strained "legal technicality" approach to excuse improper conduct.

*Bernal v. All Am. Inv. Realty, Inc.,* 479 F. Supp. 2d 1291, 1298-99 (S.D. Fla. 2007). Likewise, it is improper to raise said matter for the first time on summary judgment.

Furthermore, even had Defendants not known the identity of their own supplier, which they did, and even if this wasn't disclosed through discovery, which it was, said affidavit would have been classified under work product doctrine and not subject to disclosure.

> As a threshold matter, Defendants seek to exclude at least two of the declarations solely because they did not have the opportunity to scrutinize them during discovery. (*See* Doc. 100 at 2 ("This Court should strike the Declaration of Jasen Adams in its entirety as the Declaration was not disclosed to the Defendants until the time of filing ... [and] was not properly produced in discovery."); Doc. 101 at 4 ("This Court should strike the Declaration of Lance Barnes in its entirety as the Declaration was not disclosed to the Defendants until the time of filing ... and was not previously produced in discovery.").) "Recent cases have generally held that draft affidavits, and communications with counsel relating to affidavits, are covered by the work-product rule." 8 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2024 n. 23 (3d ed.2010) (citing *Randleman v. Fidelity Nat'l Title Insur. Co.,* 251 F.R.D. 281, 284–86 (N.D.Ohio 2008); *see also Live Nation Worldwide, Inc. v. Cohl,* No. 10–24144–CIV, 2011 WL 5597348, at *2 (S.D.Fla. Nov. 17, 2011)). Plaintiffs' and the non-parties' executed affidavits remained work product until Plaintiffs' counsel elected to serve and file them. The Court therefore declines to exclude the declarations on this basis.

*Brantley v. Ferrell Elec., Inc.,* 112 F. Supp. 3d 1348, 1357 (S.D. Ga. 2015).

Therefore, as it was Defendants' duty to disclose said witness, the matter was never raised on a proper discovery motion with a proper conferral, and said affidavit would have been protected under the work product doctrine, Defendants contestation of said affidavit is unwarranted.

3. **Enterprise Coverage**

**9** of **13**

As articulated by the Eleventh Circuit in *Polycarpe v. E&S Landscaping Serv., Inc.,* 616 F.3d 1217 (11th Cir. 2010), the usage of a china dinner plate by a catering company, manufactured out of state, is sufficient to trigger enterprise coverage, it is axiomatic that the out of state ingredients placed on said plate would likewise trigger enterprise coverage. In the present case, it is undisputed that defendants purchased and used material fish such as Ankimo (monkfish liver), Squid, and Hirame (flounder) that were purchased from vendor True World [Declaration of Gilberto Conrado at § 4-5; Teruhiko Depo. Trans. P.20, L.22-25, P.21, L.1-24] and that Defendant's material orders from vendor True World included materials from all over the world but not limited to Ankimo (Monkfish liver) from Boston, Squid from Japan, and Hirame (flounder) from Japan. [2014 True World Invoices P.1, P.2, P.6], as well as many other international food ingredients. [See generally 2014 True World Foods Records].

> Depending on how they are used, china dinner plates that are produced out of state, for instance, could count as either "goods" or "materials." Where a catering business uses the china plates at a client's banquet, the plates count as part of the "materials" necessary for serving a catered meal. But, where a department store sells the same china plates as stand-alone items, the plates count as "goods" for that retailer.

*Polycarpe v. E&S Landscaping Serv., Inc.,* 616 F.3d 1217, 1226 (11th Cir. 2010). "[W]e imagine that, where a restaurant uses interstate cooking equipment as an article to perform its commercial activity of serving food, the restaurant is engaged with "materials" that will subject the business to FLSA coverage." Id. at 1225. Food prepared may qualify as materials. *Leon v. Tapas & Tintos*, Inc., 51 F. Supp. 3d 1290, 1295 (S.D. Fla. 2014).

In the present case, Plaintiff has uncovered sufficient evidence that the ingredients handled by two or more employees (Plaintiff and other sushi chefs)[5] [Iwasaki depo. P. 30-31] on

---

[5] It is undisputed that Defendants had 2 or more employees working at its restaurant while Plaintiff was employed there. As part of discovery, the Plaintiff deposed two other employees of the Defendants and the Defendants do not appear to contest this fact.

a regular and consistent basis came from outside the State of Florida. Any affidavit by Defendants to the contrary would belie the records produced and submitted on the record by True Worlds Foods Miami LLC.

   **4. Affidavit:**

As noted supra, the affidavit by Gilberto Conrado, as a representative of True Worlds Food Miami, LLC, stated that he had personal knowledge of the facts contained within the affidavit. Furthermore, in *A. Marine Fla., LLC v. Evanston Ins. Co.,* 2010 WL 1930977, at *2 (M.D. Fla. May 13, 2010), the Court, collecting several cases, found that a representative could sign an affidavit based on knowledge obtained from reviewing the corporate records, citing *to Hijeck v. Menlo Logistics, Inc.*, 2008 WL 465274, at *1 (N.D. Tex. Feb. 21, 2008) and others. The Court stated:

> The Court would also note that none of the cases cited by Defendant in support of the Motion address the specific issue before the Court-*i.e.* whether a declaration, submitted on behalf a corporate entity by an authorized corporate representative, must be stricken from the record because the declarant's review of the relevant corporate documents is insufficient to establish personal knowledge under the mandates of Rule 56.

*A. Marine Fla., LLC v. Evanston Ins. Co.,* 2010 WL 1930977, at *2 (M.D. Fla. May 13, 2010). Defendants have offered no evidence that the affidavit is not based on personal knowledge, and therefore, the affidavit must be taken at face value in support of Plaintiff's Motion for Summary Judgment.

   **5. Constitutional Arguments**

There are no constitutional arguments to prevent the entry of summary judgment in favor of Plaintiff. The Defendants grossed over $500,000 annually and had two or more employees handling materials that had moved in interstate commerce, and are therefore a covered enterprise under the FLSA. *Polycarpe v. E&S Landscaping Serv., Inc.,* 616 F.3d 1217 (11th Cir. 2010).

### 6. **Individual Defendant**

For the reasons outlined in Plaintiff's initial motion, as well as in Plaintiff's Response [DE 30], the individual Defendant was Plaintiff's FLSA employer. At this juncture, Plaintiff does not seek a determination as to liability, but only as to the individual Defendants status as an employer under the FLSA. In the event the corporation is not found liable, so too will the individual Defendant. However, if the corporation is found liable for overtime violations, so too will the individual Defendant.

Wherefore, Plaintiff respectfully requests that the Court Grant Plaintiff's Motion for Partial Summary Judgment in its entirety.

Respectfully Submitted,

J.H. Zidell, Esq.
J.H. Zidell, P.A.
Attorney for Plaintiff
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
Email: Zabogado@aol.com

By:_/s/ *J.H. Zidell* _____
    J.H. Zidell, Esq
    Florida Bar Number: 0010121

### **CERTIFICATE OF SERVICE:**

I hereby certify that a true and correct copy of the foregoing Plaintiff's Reply was sent via CM/ECF to Chris Kleppin, Esq., Glasser & Kleppin, P.A., 8751 West Broward Boulevard, on this 7th day of March, 2016.

J.H. Zidell, Esq.
J.H. Zidell, P.A.
Attorney for Plaintiff
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766

Fax: (305) 865-7167
Email: Zabogado@aol.com

By:_/s/ *J.H. Zidell* _____
    J.H. Zidell, Esq
    Florida Bar Number: 0010121