UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-22882-CIV-SCOLA

DANIEL VALDERRABANO TORRES, and )
Others similarly situated under 29 U.S.C. )
216(b), )
 )
    Plaintiff, )
v. )
 )
ROCK & RIVER FOOD, INC. d/b/a Marumi )
Sushi, and TERUHIKO IWASAKI, )
 )
    Defendants. )
_____)

## PLAINTIFF'S OMNIBUS MOTION IN LIMINE

**COMES NOW** Plaintiff, by and through undersigned counsel, pursuant to the Federal Rules of Civil Procedure, and files this above-described Plaintiff's Motion in Limine and states as follows in support thereof:

1. Plaintiff moves in limine to exclude reference or introduction of the following Eight (8) issues at trial:

    a) Reference to the Plaintiff's immigration status;

    b) Reference to other overtime law suits to which Plaintiff was a Plaintiff in, or otherwise participated in. Exclude reference to attorney's fees and costs.

    c) Reference to attorney's fees and costs;

    d) Reference to liquidated damages;

    e) Reference to Plaintiff's misspelling of his name and identity;

1

    f) Reference to Payment or non-payment of federal income taxes and rep0orting of cahs payment on said taxes;

    g) Reference to undersigned's representation of Plaintiff in the subjection lawsuit including, without limitation, how, or why, the Plaintiff reatained the undersigned firm to represent him in this matter, or other legal matters, and the undersigned's infomercial/commercial.

    h) Reference to allegations that the lawsuit was promoted or instigated by Plaintiff's attorneys.

**MEMORANDUM OF LAW**

Courts have the inherent ability "to manage the course of [their] trials," including the granting of motions in limine when appropriate." *Luce v. United States*, 469 U.S. 38, 41 (1984). The purpose of a motion in limine is "to give the trial judge notice of a movants position so as to avoid the introduction of damaging evidence, which may irretrievably affect the fairness of a trial." *E.g., Fagundez v. Louisville Ladder, Inc.,* 2012 WL 253214 at *1 (S.D. Fla. Jan. 26, 2012).

    1. **Reference to Plaintiff's Immigration Status**

        Any reference to Plaintiff's immigration status, should be excluded under Rule 403 of the Federal Rules of Evidence, as its probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues, that such mention would create in an FLSA case.

        The Eleventh Circuit in *Patel v. Quality Inn South*, 846 F.2d 700 (11th Cir., 1988), has already determined that a Plaintiff's immigration status is irrelevant to a Plaintiff's right to pursue a claim under the Fair Labor Standards Act. As such, any reference to the Plaintiff's immigration status has absolutely no probative value, and can only be used to

prejudice the jury. As such, any reference to the Plaintiff's immigration status at trial should be excluded.

Another avenue or backdoor attempt to bring up a Plaintiff's immigration status may be by questioning the Plaintiff as to payment or non-payment of Federal Income Taxes, and reporting of cash payments on said taxes. Said line of questioning is irrelevant to Plaintiff's right to seek redress in an FLSA case. See, *Barrera v. Weiss & Woolrich Southern Enterprises, Inc.*, 2010 WL9039790 (S.D. FL. Jan. 26, 2010). Any reference to Plaintiffs payment or non-payment of federal income taxes, and reporting of cash payments on said taxes, should be excluded under Rule 403 of the Federal Rules of Evidence, as its probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues that it would create in this FLSA matter. Said line of questioning is irrelevant and will unfairly prejudice the Plaintiff. This District has held that questioning of a plaintiff's income taxes causes confusion of the issues, and unnecessary delay. *See, Ortiz v. Santuli Corp.,* 2009 U.S. Dist. LEXIS 7273 l (S.D. Fla. Aug. 3. 2009).
Wherefore; Plaintiff respectfully requests that the court grant plaintiffs motion in limine and exclude any reference to Plaintiff's immigration status.

2. **Reference to Other Overtime Lawsuits in Which Plaintiff Was a Plaintiff or Otherwise Participated In.**

Reference to other overtime lawsuits in which plaintiff was a plaintiff or otherwise participated.in is highly prejudicial, Defendants seek its admission for that very purpose, and it should be exclude from trial.

3

Evidence of prior FLSA suits against an employer, are relevant to issues of willfulness, bad faith, and prior knowledge of FLSA laws in general.. However, for a plaintiff these are not issues, and allowing the Defense to mention a prior FLSA suit would only serve to prejudice the jury.

Under 403 of the Federal Rules of Evidence, the prejudicial value outweighs the probative value, and mention of any prior FLSA litigation regarding the Plaintiff should be excluded. There is absolutely no probative value, because the fact that someone has been paid improperly in the past, has no bearing on whether they were paid improperly now, the information simply is not relevant. The Plaintiff may prevail in an FLSA suit, regardless of prior success in an FLSA suit. The relevant issue is if the employer followed the FLSA, not if a prior employer of the Plaintiff did not.

Judge Seitz, of the Southern District, has wisely ruled that evidence of a prior FLSA lawsuit is both irrelevant and highly prejudicial, and granted a Motion in Limine, to preclude mention of such, even when defendants asserted the prior suit as an equitable estoppel defense. *See, Exime v. E.W. Ventures, Inc.,* 2009 WL 45278 (S.D. Fla. Feb. 11, 2009).

The Eleventh Circuit, has gone as far as to hold, that a prior FLSA suit by the same employees against the same employer, is not a bar to a retaliation suit against the same employer, brought by the same employees, later in time. See, *Moore v. Pak*, 402 Fed.Appx. 491 (11th Cir. 2010). That case involved the same plaintiffs and defendants, in the case at bar, there is a different defendant, a different set of facts, and, hence, a prior suit, against another party does not serve as a bar to recovery.

Furthermore, allowing such a line of questioning would discourage plaintiffs from bringing subsequent FLSA Actions, when the FLSA is violated by an employer, and would defeat the legislative intent of the FLSA, and stifle its public policy purpose. The ability of workers to bring lawsuits to enforce the provisions of the FLSA is its central enforcement mechanism, as the Supreme Court held in *Brook Sav. Bank v. Aresenal Bldg. Corp. et. al.*, 65 S.Ct. 895, (1945). The importance of not impeding the ability of workers in bringing these suits, The Supreme Court has made clear;

> "The legislative history of the Fair Labor Standards Act shows an intent on the part of Congress to protect certain groups of the population from substandard wages and excessive hours which endangered the national health and well-being and the free flow of goods in interstate commerce."

Id. at 902

Wherefore; Plaintiff respectfully requests that the court grant plaintiffs motion in limine and exclude any reference to other overtime lawsuits in which plaintiff was a plaintiff or otherwise participated.in

3. **Any Reference to Attorneys' fees and costs:**

Any reference to attorneys' fees and costs pursuant to 29 U.S.C. 216(b) or otherwise should be excluded under Rule 403 of the Federal Rules of Evidence as its probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues that it would create in this FLSA matter. The issue of attorneys' fees and costs are matters decided by the Court post trial and not by the jury. As such, referencing Plaintiff's attorneys' fees and costs has absolutely no

probative value and can only be used to unfairly prejudice the jury against Plaintiff. As such, any reference to attorneys' fees and costs at trial should be excluded.

Wherefore; Plaintiff respectfully requests that the court grant plaintiffs motion in limine and exclude any reference to attorney's fees and costs.

### 4. Any Reference to liquidated damages.

Any reference to liquidated damages pursuant to 29 U.S.C. 216(b) or otherwise should be excluded under Rule 403 of the Federal Rules of Evidence as its probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues that it would create in this FLSA matter. The issue of liquidated damages is a matter that is decided by the Court post trial and not by the jury. As such, referencing Plaintiff's claim for liquidated damages has absolutely no probative value and can only be used to unfairly prejudice the jury. As such, any reference to liquidated damages should be excluded.

The FLSA makes doubling of a wage award mandatory under the Statute absent a showing of good faith. *See, Joiner v. Macon*, 814 F.2d 1537, 1539 (11th Cir. 1987). *See also*, *Reeves v. International Tel. & Tel. Corp*., 616 F.2d 1342 (5th Cir. 1980). However, such issue of doubling is determined by the Court post-trial (as is the case with attorneys' fees if Plaintiff prevails). Because liquidated damages are determined by the Court post-trial, the jury has no need to hear about them. The issue of liquidated damages would thus confuse the jury as they have no need (with respect to the damages sought under the FLSA) to hear about figures that double the wages claimed, and such is irrelevant.

Wherefore, Plaintiff requests that the Court grant Plaintiff's Motion in *Limine* and exclude any reference to liquidated damages at trial.

**5. <u>Any Reference To Plaintiff's Taxes.</u>**

Any reference to Plaintiff's payment or non-payment of federal income taxes, and reporting of cash payments on said taxes, should be excluded under Rule 403 of the Federal Rules of Evidence as its probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues.

Questioning Plaintiff on his filing of income taxes is irrelevant to the case at hand and will unfairly prejudice Plaintiffs. As stated by this District previously:

> ... the undersigned concludes that Defendants shall be precluded from suggesting that Plaintiffs failed to pay income taxes because such evidence will likely create undue prejudice in the minds of the jurors: and it will likely give rise to collateral disputes -- including the extent of Plaintiffs' reporting obligations regarding such taxes -- that will cause undue delay and confusion of the issues. Thus, Plaintiffs' motion in limine to preclude Defendants from introducing evidence that Plaintiffs failed to pay income taxes is GRANTED.

*Ortiz v. Santuli Corp.,* 2009 U.S. Dist. LEXIS 7273 l (S.D. Fla. Aug. 3. 2009). Consequently, the Jury and/or Court should not even consider Plaintiffs' taxes (or reporting of cash payments to Plaintiffs by Defendants) for purposes of Trial.

Plaintiffs' private financial life is not relevant to Plaintiff's claims and is otherwise protected by Section 23 of Article I of the Florida Constitution. *See Berlinger v. Wells Fargo, N.A.*, 2014 WL 6686276, at *3 (M.D. Fla. 2014) (under Florida law, a party's personal financial information is entitled to heightened protection in litigation proceedings). In *Berlinger*, the Court stated:

> [P]ersonal finances are among those private matters kept secret by most people. *Woodward v. Berkery,* 714 So.2d 1027, 1035 (Fla. 4th DCA 1998) (citing *Winfield v. Div. of Pari–Mutuel Wagering,* 477 So.2d 544 (Fla.1985)).

The right of privacy set forth in article 1, section 23, of the Florida Constitution undoubtedly expresses a policy that compelled disclosure through discovery be limited to that which is necessary for a court to determine contested issues. *Id.* at 1036. It follows that the disclosure of personal financial information may cause irreparable harm to a person forced to disclose it, in a case in which the information is not relevant. *Straub v. Matte,* 805 So.2d 99, 100 (Fla. 4th DCA 2002). *Id. citing Rappaport v. Mercantile Bank,* 17 So. 3d 902, 906 (Fla. 2d DCA 2009) (quotes omitted). As Defendants should have kept accurate pay records themselves, and the amounts they paid the Plaintiff are readily obtainable through their own record keeping, the Defendants should not be entitled to embark on a mini-IRS audit of Plaintiff's payment or non-payment of federal income taxes and reporting of cash payments on said taxes should be excluded under Rule 403 of the Federal Rules of Evidence as its probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues.

Furthermore, Judge Altonaga, of The Southern District, has held that Plaintiffs failure to pay income tax, and their failure to pay income tax, and illegal status, even when combined, is not a relevant factor, that defendants could use to establish an *in pari delicto* defense. Further holding, that illegal status is not a bar to suit under the FLSA, nor is not paying taxes, nor being illegal a bar to recovery under the FLSA. Judge Altonaga notes that the holding in Patel, 846 F.3d 700 (1998), is the binding in the Eleventh Circuit and holds that illegal immigrants may sue an employer under the FLSA. *See, Solano v. A Navas Party Production, Inc., et al*., 728 F.Supp.2d 1334 (S.D. Fla. 2010); S*ee, also,* Barrera, 2010 WL9039790 (S.D. Fla. Jan. 26, 2010).

Wherefore, Plaintiffs respectfully request that the Court grant Plaintiff's Motion in *Limine* and exclude reference to Plaintiff's payment or non-payment of federal income taxes and reporting of cash payments on said taxes.

### 6. <u>Any Reference to Plaintiff's Misspelling of Name/Identity Issues</u>

Any reference to Plaintiff's failure to spell his middle name correctly during the deposition, should be excluded under Rule 403 of the Federal Rules of Evidence as its probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues.

The Plaintiff misspelled his name at his deposition, specifically his middle name. It has already been established that this lawsuit was filed under Plaintiff's correct name, and same is not an issue. There is absolutely no probative value to the fact that the Plaintiff spelled his name incorrectly at the depositon, other than to embarrass the plaintiff, and embarrassing Plaintiff has nothing to do with the issues in this case.

The fact that Defense Counsel used the Plaintiff's spelling as a reason to file a summary judgment motion, indicates that the Defendants may attempt to enter Plaintiffs depositon testimony regarding the spelling of his name at trial, which will only confuse to jury, and is completely irrelevant to any substantive issue.

As stated in Docket Entry 30, the lawsuit was captioned correctly, if it were not, then under *Solano v. A Navas Party Production., Inc.,* Case No. 09-22847-CIV-ALTONAGA, Docket Entry 22, Plaintiff could have simply filed a motion to correct the spelling of his name, in the caption. However, in this case it is not necessary because the name is correctly spelled in the caption. This is a non-issue that the Defendants may attempt to make an issue of at trial. Spelling has no bearing on any material fact that is at issue.

Under Rule 403 of the Federal Rules of Evidence, mention of the Plaintiff having spelled his name incorrectly during the deposition, should be excluded, as its probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues.

Wherefore, Plaintiffs respectfully request that the Court grant Plaintiff's Motion in *Limine* and exclude any reference to Plaintiff's misspelling of his name at deposition/identity issues.

7. **Exclude any Reference to undersigned's representation of Plaintiff in the subjection lawsuit including, without limitation, how, or why, the Plaintiff retained the undersigned firm to represent him in this matter, or other legal matters, and the undersigned's infomercial/commercial.**

Any reference to the undersigned Firm's representation of Plaintiffs in the subject lawsuit and other legal matters, including, without limitation, how and why Plaintiffs retained same to represent them in related legal matters, fee/retainer agreement, or otherwise, should be excluded under Rule 403 of the Federal Rules of Evidence as its probative value is substantially outweighed by the danger of unfair prejudice and would not benefit the jury's role in this matter. As a general matter, the Court should exclude evidence or references where the probative value is substantially outweighed by the prospect of prejudice. *Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*, 505 F. Supp 1125, 1146 (E.D. Pa. 1980), *aff'd in part*, 723 F.2d 238 (3rd Cir. 1983), *rev'd on other grounds*, 475 U.S. 574 (1986). *See*, Fed. R. Evid. Rule 403. The Jury has no need to hear issues concerning the undersigned Firm's representation of Plaintiffs in the subject lawsuit and other legal matters, how and why Plaintiffs retained same to represent them in related legal matters, fee/retainer agreement, or otherwise, because such issues would likewise only serve to prejudice

the jury, and testimony regarding same would be irrelevant and prejudicial as it would cause confusion and take the focus off of the merits of the case.

Any reference to the infomercial/commercials run by J.H. Zidell P.A. should be excluded under Rule 403 of the Federal Rules of Evidence as its probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues that it would create in this FLSA matter. The fact that Plaintiff's counsel has an infomercial/commercial or the contents of said infomercial/commercial are irrelevant for the purposes of this case. It has absolutely no probative value and should be excluded.

Furthermore, any argument that Plaintiff learned of his rights to overtime wages through the infomercial/commercial is irrelevant and will only be used to unfairly prejudice the jury against Plaintiff.

Such accusations are prejudicial and inappropriate to be made in a courtroom in front of the jury. Allowing Defendants, through their counsel, to make said comments or similar comments will only inflame and unfairly prejudice the jury against the Plaintiffs and should be excluded pursuant to Rule 403 of the Federal Rules of Evidence as any possible probative value said information would have will clearly and substantially be outweighed by the danger of unfair prejudice and confusion that it would cause in this case.

Wherefore, Plaintiff respectfully requests that the Court grant Plaintiffs' Omnibus Motion in *Limine* and exclude reference to issues concerning the undersigned Firm's representation of Plaintiff in the subject law suit, and other legal matters, including without limitation how and why Plaintiff retained same to represent them in related legal matters, fee/retainer agreement, commercial/infomercial, or otherwise.

8. **<u>Reference to allegations that the lawsuit was promoted or instigated by Plaintiff's attorneys.</u>**

Defense Counsel, has, on numerous occasions made the accusation, that the instant lawsuit was promoted or instigated by Plaintiff's attorneys. Such accusations are prejudicial and inappropriate to be made in a courtroom in front of the jury. Allowing Defendants, through their counsel, to make said comments or similar comments will only inflame and unfairly prejudice the jury against the Plaintiff, and should be excluded pursuant to Rule 403 of the Federal Rules of Evidence. Clearly, any possible probative value said information would have will be substantially, outweighed by the danger of unfair prejudice and confusion that it would cause in this case.

Plaintiff's counsel never asked Plaintiff to solicit clients (and does not solicit clients), did not instigate the instant action, did not promote the filing of a lawsuit improperly, and any insinuation by Defendants that any improper solicitation, instigation, or promotion, took place is inappropriate and will only be used to unfairly prejudice the jury against the Plaintiff.

Wherefore, Plaintiff requests that the Court grant Plaintiff's Motion in Limine and prevent Defendants from referencing or asking any questions about allegations that the lawsuit was prompted or instigated by Plaintiff's attorneys.

**Wherefore**, Plaintiff requests that the Court grant Plaintiff's Motion in Limine and exclude any reference to the above referenced issues at trial.

        Respectfully Submitted,

        J.H. Zidell, P.A.
        300 71st Street, Suite 605
        Miami Beach, Florida 33141
        Tel: (305) 865-6766

Fax: (305) 865-7167
*Attorneys for Plaintiff*

By: /s/ Joshua Sheskin
Joshua H. Sheskin, Esq.
Jsheskin.jhzidellpa@gmail.com
Florida Bar Number: 93028

### Certificate of Goof Faith Conferral

The undersigned attempted to confer with Defendants' Counsel, who would not respond as to whether he agreed, or disagreed, with the requested relief in this motion. Rather, Defense Counsel, insisted initiating a phone call to take place on 3/9/16 at 3:30pm, which did not occur. Undersigned Counsel was unable to ascertain whether Defense Counsel would oppose the relief sought in this motion, despite more than five emails, over a weeks-time, a phone call to Defense Counsel's office on 3/8/16, and further attempts on 3/9/16, including an additional early morning email, and waiting for Defense Counsel to follow through and initiate the phone call, which Defense Counsel did not initiate, before filing.

J.H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
*Attorneys for Plaintiff*

By: /s/ Joshua Sheskin
Joshua H. Sheskin, Esq.
Jsheskin.jhzidellpa@gmail.com
Florida Bar Number: 93028

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF on March 09, 2016.

        J.H. Zidell, P.A.
        300 71st Street, Suite 605
        Miami Beach, Florida 33141
        Tel: (305) 865-6766
        Fax: (305) 865-7167
        *Attorneys for Plaintiff*

        By: /s/ Joshua Sheskin
        Joshua H. Sheskin, Esq.
        Jsheskin.jhzidellpa@gmail.com
        Florida Bar Number: 93028