UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-22882-CIV-SCOLA

DANIEL VALDERRABANO TORRES, and
Others similarly situated under 29 U.S.C. 216(b),

        Plaintiff,

v.

ROCK & RIVER FOOD, INC. d/b/a Marumi
Sushi, and TERUHIKO IWASAKI,

        Defendants.

_____/

**DEFENDANTS' MOTION IN LIMINE**

        Defendants, by and through their undersigned counsel, file this Motion in Limine, and state:

**BACKGROUND**

        The Plaintiff filed a Complaint alleging violations of the Fair Labor Standards Act (29 U.S.C. § 201 *et seq.*) setting forth one (1) substantive count pursuant to the Fair Labor Standards Act ("FLSA"), for alleged overtime violations.  [D.E. 1].  Plaintiff seeks back wages, liquidated damages, prejudgment interest, injunctive relief, accrued but unused vacation pay, attorneys' fees, and litigation expenses.  *Id.*  This is a case in which the Plaintiff has completely failed to provide discovery concerning his damages, and the Defendants have filed a summary judgment/involuntary dismissal motion on that exact ground, because the failure to provide damages calculations can warrant the striking of attorneys' fees, *Carlson v. Bosem*, M.D., P.A., 2007 WL 1496693 (S.D. Fla.), or the grant of summary judgment as to liability.  *Hansen v. Wheaton Van Lines, Inc.*, 486 F. Supp. 2d 1339, 1342-43 (S.D. Fla. 2006).

        Plaintiff failed to ever serve Initial Disclosures in this case.  Plaintiff even failed to do so after Defendants brought it to Plaintiff's attention, for example, in Defendant's Response to Plaintiff's Motion for Partial Summary Judgment, in which the Plaintiff seeks to rely on documents (hundreds of documents from a company named TrueWorld) and witnesses (*e.g.*, Gilberto Conrado) who the Plaintiff never disclosed in discovery or during the discovery period. Plaintiff is using these documents during the summary judgment phase of the litigation which is

improper, and those documents should not be considered at the summary judgment stage nor should they be allowed to be used at trial.  Federal Rule of Civil Procedure 37(c)(1), entitled "Failure to Disclose or Supplement," states in pertinent part that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).

Here, there is no substantial justification, and the failure is not harmless, because the Defendant has been prevented from deposing Gilberto Conrado or anyone else concerning the documents from TrueWorld, because those documents were not provided until after the discovery period had ended.

In fact, Plaintiff engaged in shenanigans within the discovery period because near the end of discovery period, the Plaintiff set TrueWorld for deposition on February 1, 2016 when the discovery period ended February 4, 2016, but on the day of the deposition, when defense counsel was present in Miami Beach for the deposition to occur, the Plaintiff abruptly announced that it was being canceled.  Then, on the eve of trial and after the discovery period ended, Plaintiff announced it was going to use certain TrueWorld documents in its Motion for Partial Summary Judgment, and he filed that motion later that evening.  (*See email*, stating it will provide documents, dated Feb. 10, 2016, attached hereto as Exhibit 1).  This is not appropriate, as it effectively prevented the Defendants from ever using the documents in the case, such as in a deposition.

*Plaintiff never provided his Initial Disclosures at any time during this case*.  Thus, despite his requirement under the Federal Rules of Civil Procedure to do so (*see infra*), Plaintiff never disclosed Gilberto Conrado, his contact information, or the subjects of information that he is expected to have, and Plaintiff failed to provide the documents from TrueWorld until after discovery.  Because of the failure to disclose, Defendants did not know that the Plaintiff intended to utilize Conrado as a witness and the TrueWorld documents as exhibits.  It is clear they intend to ambush Defendants with them, which is not appropriate and should not be allowed.

Plaintiff set TrueWorld for deposition for February 1, 2016, along with various other individuals.  Yet, Gilberto Conrado never showed up for his deposition on that date.[1]  Plaintiff's

---

[1] TrueWorld's deposition was scheduled to begin at 1:00 p.m.  The parties waited until 1:20 p.m. but no representative ever showed up.  Plaintiff's counsel told defense counsel Plaintiff had

counsel made no subsequent attempts to reset TrueWorld for deposition, and as stated above, never served initial disclosures to include TrueWorld or a representative from TrueWorld as an individual that is likely to have discoverable information and/or that it would use at trial.  Had Plaintiff identified TrueWorld as a trial witness on the disclosures, Defendant would have cross-noticed the deposition and/or moved the Court to allow for the deposition to be taken outside of the discovery period.  It is now way too late for any of that relief.  Plaintiff just sent an email stating that he would cancel the deposition and provide documents later.  See Exhibit 1.  It is clear Plaintiff did not timely receive them and deceived Defendants into believing a deposition would occur, only to cancel it on the day of the deposition and obtain the documents outside of the discovery period.  The Court should know that the numerous violations of the rules and orders made by the Plaintiff in this case is already the subject of one motion for involuntary dismissal.

Plaintiff's lawyer never disclosed this witness or subjects of information to the Defendant as he was required to do pursuant to Federal Rule of Civil Procedure 26.  Moreover, we pointed out to the Plaintiff the abuse of the discovery process regarding TrueWorld, because Defendant had pending objections to the subpoenas (see *email*, dated Feb. 11, 2016, attached hereto as Exhibit 1), and we asked for any documents to be provided immediately, but the Defendants still had not provided the documents as of that evening when the email was in the morning.  (See *Email*, dated Feb. 11, 2016, attached hereto as Exhibit 1) (Plaintiff's counsel stating that she obtained the documents and would provide them at some indeterminate time in the future, as her office was still going through them and processing them).

## MEMORANDUM OF LAW

### I.     THE UNTIMELY DISCLOSED WITNESSES AND DOCUMENTS

Federal Rule of Civil Procedure 26(a)(1)(A) states in pertinent part that

[A] party must . . . provide to the other parties:  (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment; (ii) a copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to

---

decided to just get documents in lieu of a deposition, and thus she did not TrueWorld's deposition to go forward.  Defense counsel indicated that it was Defendant's position that a Certificate of Non-Appearance was warranted.

> support its claims or defenses, unless the use would be solely for impeachment
> . . .

Fed. R. Civ. P. 26(a)(1)(A).  Due to the Plaintiffs' blatant Rule 26 violations, the undisclosed witness referenced herein should be stricken from the Plaintiff's Witness List, and that witness should be disallowed from having any participation in this lawsuit, whether at trial, or in pretrial matters, and the same with the documents Plaintiff obtained outside of the discovery period from TrueWorld.  Fed. R. Civ. P. 26, 37(c)(1).   This includes all witnesses other than Plaintiff himself and the exclusion of all documents.

The courts have held that the failure to timely disclose witnesses and what their testimony will be and exhibits warrants that any proposed testimony from the individuals be excluded from trial and that the use of any exhibits be excluded.  *Hancock v. Hobbs*, 967 F.2d 462, 468 (11th Cir. 1992); *Alimenta (U.S.A.), Inc. v. Anheuser-Busch Cos.*, 803 F.2d 1160, 1163 (11th Cir. 1986); *Faulk v. Volunteers of Am., N. Ala., Inc.,* 2011 WL 3687861 (11th Cir. 2001) (upholding the district court's exclusion of witnesses who were not disclosed on a party's Rule 26 initial disclosures); *Wilson v. AM General Corp.*, 167 F.3d 1114 (7th Cir. 1999); *Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1230 (7th Cir. 1996) ("The sanction of exclusion is mandatory unless the party to be sanctioned can show that its violation of Rule 26(a) was either justified or harmless"); *Burney v. Rheem Mfg. Co.*, 196 F.R.D. 659 (M.D. Ala. 2000) (holding same).  In *Hancock*, the court upheld the exclusion of the witness's testimony when the party proffering the witness failed to disclose the witness to the opposing party until five months after learning of the witness's testimony.  Here, Plaintiff's counsel undoubtedly knew about this purported relevance of this witness and any documents that he might be receiving long before a week after the discovery period ended, yet failed to disclose those subjects of information in either Initial Disclosures and delayed in providing them after they were requested a week after discovery had ended.

In 1993, Rule 26 was amended to contain an initial disclosure requirement.[2]  Also in the 1993 Amendments, in order to reinforce into Rule 26's mandatory initial disclosure requirement, Rule 37(c)(1) was amended to require automatic exclusion of all information not included in the mandatory initial disclosures, unless the non-disclosing party could prove that its failure to

---

[2] While the Local Rules for the Southern District of Florida opted out of this disclosure requirement, the 2000 Amendments to Rule 26 removed the opt-out provision, in order to provide uniform discovery practices in the federal courts.

disclose was "substantially justified". The Advisory Committee Notes specifically note that "[t]his automatic sanction provides strong inducement for disclosure of material that the disclosing party would expect to use as evidence." *Advisory Committee Notes*, 146 F.R.D. at 691.

This automatic exclusion sanction has been found to be a standard sanction by the courts. *See, e.g., Samos Imex Corp. v. Nextel Communications, Inc.*, 194 F.3d 301 (1st Cir. 1999); *Jones v. Lincoln Elec. Co.*, 188 F.3d 709 (7th Cir. 1999); *Chalal v. Northwest Med. Ctr., Inc.*, 147 F. Supp. 2d 1160 (M.D. Ala. 2001). These cases require that the witness in question be excluded from this trial. The Plaintiff also failed (in violation of Rule 26(a)(1)) to describe what information this witness possesses about the case. This further requires that the witness be stricken. The initial disclosure requirement contained in Rule 26 specifically requires that the parties disclose the subjects of information that each individual with discoverable information has. Fed. R. Civ. P. 26(a)(1)(A)(i).

Even before the 1993 Amendments requiring initial disclosures were made operative, the courts routinely disallowed witnesses from testifying who were not timely disclosed to the opposing side. *See, e.g., Newman v. Staley Mfg. Co.*, 648 F.2d 330 (5th Cir. 1981); *Keyes v. Lauga*, 635 F.2d 330 (5th Cir. 1981). Both of these cases were decided by the former Fifth Circuit prior to the close of business on September 30, 1981, and are therefore binding precedent. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

Under either line of cases (that is, the line specifically pertaining to Rule 26, or the line dealing with untimely disclosure under a scheduling order which predate the 1993 Amendments to Rule 26), the courts are essentially saying the same thing: basic fairness requires the exclusion of witnesses when those witnesses were known and not disclosed. The reasoning behind both line of cases is the same: trial by ambush is not allowed in civil cases in federal court, and full and frank disclosure of known evidence is required in order to facilitate our adversary system in order to aid possible settlement, the flow of information, and to allow the parties to sharpen issues by deposing or requesting discovery for witnesses in the case. The same applies to exhibits. *O'Donnell v. Georgia Osteopathic Hosp., Inc.*, 748 F.2d 1543, 1549 (11th Cir. 1984) (stating that supplementation is not to be allowed when the other party would be "prejudicially surprised", or when it would result in trial by ambush). Because of this failure to

timely disclose, and failure to supplement their Rule 26 initial disclosures, Defendant maintains that the Plaintiff's witness Ahmed Chavez should be stricken.

Furthermore, Federal Rule of Civil Procedure 37(c)(1), entitled "Failure to Disclose or Supplement," states in pertinent part that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  The witness and documents referenced herein were not disclosed to Defendant until well after it was too late for Defendants to learn anything about what purported relevance, and/or knowledge of the issues in the case, that they have, and before Defendants could depose witnesses about them before the end of the discovery period in this case.  Thus, the Plaintiff's failure to disclose was not harmless, nor can he show that this failure was substantially justified.  To the contrary, the Plaintiff purposefully did not disclose this witness and the purported subjects of information that he has.  This is precisely the type of "prejudicial surprise" and "trial by ambush" that the Federal Rules of Civil Procedure forbid with respect to the supplementation of discovery and/or initial disclosure responses.  *O'Donnell v. Georgia Osteopathic Hosp., Inc.*, 748 F.2d 1543, 1549 (11th Cir. 1984) (stating that supplementation is not to be allowed when the other party would be "prejudicially surprised", or when it would result in trial by ambush).  Accordingly, Gilberto Conrado should be stricken from the Plaintiff's Witness List, and disallowed from testifying at trial, or from participating in this litigation in any other way, as Plaintiff's counsel has a history of this.  *See Obando v. M & E Investments,* Case No. 11-201318-CIV-MOORE (granting motion in limine to exclude untimely disclosed witness Ahmed Chavez); *Jose Martinez-Pinillos v. Air Flow Filters, Inc., et al.*, Case No. 09-22453-CIV-MARTINEZ (granting in part Defendants' Motion to Exclude Plaintiffs' Witnesses and Exhibits because they were disclosed untimely).

Subpoenas issued to non-parties are void and unenforceable when counsel does not give prior notice by serving opposing counsel with the subpoenas. *Butler v. Biocore Medical Technologies, Inc.,* 348 F.3d 1163 (10th Cir. 2003).  Here, Plaintiff did not give prior notice of the issuance of the subpoenas but served them when it gave notice.  Plaintiff because of such act contends, impliedly, that Fed.R.Civ.P. 45 does not require prior notice to plaintiff before serving a subpoena on a non-party for the production of documents. Plaintiff's position is without merit.  Rule 45(b)(1) expressly provides otherwise:

> *Prior notice* of any commanded production of documents and things or inspection of premises before trial *shall be served* on each party in the manner prescribed by Rule 5(b).

(emphasis added).   On its face, Rule 45(b)(1) requires "prior" notice of any commanded production of documents.

Despite the unambiguous language of this rule, Plaintiff appears to take the position that notice to Defendants *prior to the production date* listed in the subpoena is sufficient. The Tenth Circuit has rejected this identical argument. *Butler v. Biocore Medical Technologies, Inc.,* 348 F.3d 1163 (10th Cir. 2003). In *Biocore,* plaintiff's counsel served notice of his subpoenas before the *production date* and argued that Rule 45(b)(1) did not require notice prior to *service* of subpoenas on third parties. Because the Tenth Circuit's ruling is directly on point, the applicable language is quoted at length:

> Finally, we turn [to] Butler's second argument, that he did not violate Fed.R.Civ.P. 45(b)(1), and, for the reasons detailed below, find it unconvincing. We review a trial court's interpretation of the Federal Rules of Civil Procedure *de novo. Espinoza v. United States,* 52 F.3d 838, 840 (10th Cir.1995). The district court held that "prior notice" under Rule 45(b)(1) requires notice be given prior to service rather than prior to production. *Biocore,* 181 F.R.D. at 667 (citing *Callanan v. Riggers & Erectors, Inc.,* 149 F.R.D. 519, 519 (D.Vi.1992); *[United States v.] Santiago–Lugo,* 904 F. Supp. 43, 47 (D.P.R.1995); *Spencer v. Steinman,* 179 F.R.D. 484, 488 (E.D. Pa. 1998); *Seewald v. IIS Intelligent Info. Sys., Ltd.,* 1996 WL 612497, Nos. 93 CV 4252(FB), 95 CV 824(FB), & 94 CV 3603(FB), (E.D.N.Y., Oct. 16, 1996)). The court based its reasoning on its observation that "the purpose behind the notice requirement is to provide opposing counsel an opportunity to object to the subpoena." *Biocore,* 181 F.R.D. at 667. A contrary interpretation of Rule 45(b)(1), as noted by the district court, "would allow a party to mail notice to opposing counsel one day prior to the date of compliance, effectively prohibiting counsel from responding." *Id.*
>
> Further, the 1991 Advisory Committee Notes to Rule 45 indicate that the purpose of the notice requirement is to provide opposing parties an opportunity to object to the subpoena. For an objection to be reasonably possible, notice must be given well in advance of the production date. Finally, we note that two other district courts have reached the same conclusion as the district court did below. *See Schweizer v. Mulvehill,* 93 F.Supp.2d 376, 411 (S.D.N.Y.2000) (citing 9 *Moore's Federal Practice* ¶ 45.03 [4] [b] (3d ed.2000)); *Murphy v. Bd. of Educ. of Rochester Sch. Dist.,* 196 F.R.D. 220, 222–23 (W.D.N.Y.2000) (also citing *Moore's Federal Practice* ). We therefore agree that Rule 45**(b)(1)** requires notice to be given prior to service of a subpoena.

In this case, the district court found that Butler failed to serve Biocore with prior notice of three subpoenas-mailing notice for two subpoenas ten days after service and mailing notice for one subpoena seven days after service. *Biocore,* 181 F.R.D. at 667. In so doing, Butler violated Fed.R.Civ.P. 45(b)(1).

*Biocore Medical Technologies, Inc.,* 348 F.3d at 1173 (emphasis added, footnotes omitted).

*Biocore* is highly persuasive.  Plaintiff's failure to give notice to Defendants prior to serving his subpoenas is a violation of Rule 45(b)(1).  Defendants were given no time to which to object before service, which Plaintiff apparently did because he was in a panic to get a hold of the documents because as it was, he was not going to get them until after the discovery period ended.  Local custom is that notice is given and subpoenas are not just issued like this.

Here, the undersigned only learned of the subpoenas when he received a copy in late January 2016, after business hours, and unfortunately, he confirmed that the subpoena had in fact already been served, as it appeared clear from the email.  Local Rule 26.1(f & g) states as follows:

> **(f) Completion of Discovery.** Discovery must be completed in accordance with the court-ordered discovery cutoff date. Written discovery requests and subpoenas seeking the production of documents must be served in sufficient time that the response is due on or before the discovery cutoff date. Depositions, including any non-party depositions, must be scheduled to occur on or before the discovery cutoff date. Failure by the party seeking discovery to comply with this paragraph obviates the need to respond or object to the discovery, appear at the deposition, or move for a protective order.

Here, the subpoena was served for compliance to take place on or before February 1, 2016, which is just inside the discovery period, but actual production was not made until after the discovery period ended in violation of the Local Rules.  The Plaintiff then dumped hundreds of documents on the night that summary judgment motions were due.  See Exhibit 1.  It is clear that the Plaintiff is engaging abusive litigation tactics, and Defendants request that the Court strike from use at trial or for use during this case the documents obtained from TrueWorld and any representative from TrueWorld.

## CONCLUSION

For the foregoing reasons, the evidence described in this Motion should be stricken and excluded from trial.

## CERTIFICATE OF CONFERRAL PURSUANT TO LOCAL RULE 7.1

Pursuant to S.D. Fla. L.R. 7.1, undersigned counsel conferred with Plaintiffs' counsel prior to the filing of this Motion, and Plaintiffs' counsel indicated that he is opposed to the relief sought herein.

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on March 15, 2016, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record (J.H. Zidell, Esq.) or *pro se* parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel of parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,

Glasser & Kleppin, P.A.
Attorneys for Defendants
8751 W. Broward Blvd.
Suite 105
Plantation, FL 33324
Tel.  (954) 424-1933
Fax  (954) 474-7405
E-mail:  ckleppin@gkemploymentlaw.com


By___s/Chris Kleppin_____
        Chris Kleppin
        Fla. Bar No. 625485