United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Daniel Valderrabano Torres and all others similarly situated, Plaintiffs <br><br> v. <br><br> Rock & River Food Inc. d/b/a Marumi Sushi, and Teruhiko Iwasaki, Defendants | Civil Action No. 15-22882-Civ-Scola |

### Order Denying Defendants' Motion in Limine

This matter is before the Court on the Defendants' Motion in Limine (ECF No. 43). The Defendants seek to exclude any testimony or evidence from its vendor True World Foods Miami, LLC ("True World"). (*See* ECF No. 43 at 2). For the following reasons, the motion is **denied**.

First, the Court notes that the Defendants' motion is likely moot because the Court granted summary judgment for the Plaintiff on the issue of FLSA coverage, which, from the parties' arguments, appears to be the sole purpose of the True World evidence. To the extent that the Plaintiff could seek to introduce True World testimony for another purpose, the Eleventh Circuit has held that when determining whether to exclude testimony or evidence under Federal Rule of Civil Procedure 37(c), a court should consider "the explanation for the failure to disclose the witness, the importance of the testimony, and the prejudice to the opposing party." *See Fabrica Italiana Lavorazione Materie Organiche, S.A.S. v. Kaiser Aluminum & Chem. Corp.,* 684 F.2d 776, 780 (11th Cir. 1982).

As the Court explained in its Order on Cross Motions for Summary Judgment, the Plaintiff could not have included the True World information in his initial disclosures because this information was in *the Defendants'* control and unknown to the Plaintiff. (*See* ECF No. 59 at 2–3). Moreover, there is no prejudice to the Defendants because they were parties to the agreement with True World, were aware long before the end of discovery that the Plaintiff sought information about their vendors, and had several months between receiving the True World information and trial to prepare. *See Denbury Onshore, LLC v. Christensen,* 101 F. Supp. 3d 1147, 1167 (D. Wyo. 2015) (refusing to strike evidence under Rule 37(c)(1) which relied on an agreement

that was not disclosed under Rule 26(a) because the plaintiff was a party to the agreement and knew of its relevance to the case); *Leon v. M.I. Quality Lawn Maint.*, 2012 WL 2735323, at *2–3 (S.D. Fla. July 8, 2012) (Simonton, Mag. J.) ("[I]t is significant to note that there was no motion to compel initial disclosures, and that even assuming that Plaintiff did not receive a copy of these documents prior to the close of discovery, they were received long in advance of the trial."). If the Defendants wished to depose their vendors' representatives or gather records, they could have done so at any point. *See Bailey v. Final Touch Acrylic Spray Decks, Inc.*, 2008 WL 312773, at *1 (M.D. Fla. Feb. 4, 2008) (denying motion to exclude evidence because the moving party knew of the witnesses' existence and "already had sufficient information to make a determination whether it was necessary to depose these witnesses"). Accordingly, the Court **denies** the motion in limine.

**Done and ordered** in chambers, at Miami, Florida on May 3, 2016.

_____
Robert N. Scola, Jr.
United States District Judge