United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Daniel Valderrabano Torres and all others similarly situated, Plaintiffs<br><br>v.<br><br>Rock & River Food Inc. d/b/a Marumi Sushi, and Teruhiko Iwasaki, Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 15-22882-Civ-Scola |

### Order on the Plaintiff's Motion in Limine

This matter is before the Court on the Plaintiff's Motion in Limine. The Plaintiff, a restaurant employee, sued the Defendants under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. sections 201-16, for unpaid overtime. The Court heard arguments on the motion on May 10, 2016. The Plaintiff seeks to exclude at trial any reference to (1) the Plaintiff's immigration status, (2) a previous lawsuit filed by the Plaintiff, (3) attorney's fees and costs, (4) liquidated damages, (5) the misspelling of the Plaintiff's name during his deposition, (6) failure to pay income taxes, and (6) how or why the Plaintiff retained his counsel, including allegations that counsel instigated the suit. (ECF No. 40 at 1–2.) For the following reasons, the Plaintiff's motion was **granted in part** and **denied in part**. The Court denied the motion on the issue of the Plaintiff misspelling his name, granted the motion as it related to income taxes, deferred ruling on the issue of the Plaintiff's past lawsuit, and granted the motion on all other issues by agreement of the parties.

### 1.    Issues on Which the Parties Agreed

At the hearing, the Defendants informed the Court that they did not intend to present evidence of the Plaintiff's immigration status, attorney's fees and costs, liquidated damages, Plaintiff's counsel's infomercial, or that Plaintiff's counsel in some way instigated the current suit. Accordingly, the Court granted by agreement the Plaintiff's motion as it related to these issues and no further analysis is required.

**2.     Past Lawsuit by the Plaintiff**

In approximately 2011, the Plaintiff sued another restaurant for unpaid overtime under the FLSA. (*See* ECF No. 48 at 8.)  That case ended in a settlement. (*Id.*)  The Plaintiff's current counsel also represented him in the past case. (*Id.*)  The Plaintiff argued that any reference to this case is irrelevant and unfairly prejudicial, asserting that "the fact that someone has been improperly paid in the past, has no bearing on whether they were properly paid now." (ECF No. 40 at 4.)  Instead, the Plaintiff contended, that the Defendants are attempting to use this information to prejudice the jury by depicting the Plaintiff as a serial plaintiff.

The Plaintiff is correct that the Defendants have argued that the Plaintiff is a "serial plaintiff" in the past, namely in their motion for summary judgment. (*See* ECF No. 27 at 14–15.)  At the hearing, however, the Defendants additional grounds for introducing the past lawsuit.  The Defendants argued that the past suit shows that the Defendant knew of his right to overtime, yet never complained to the Defendants or insisted on overtime pay.   This information, combined with witness testimony that other employees were paid overtime, could lead the jury to conclude that the Defendant was actually paid overtime.

Any evidence, tending to make the existence of any fact of consequence more probable or less probable, is relevant and admissible, except as otherwise provided by the Federal Rules of Evidence.  Fed. R. Evid. 401, 402.  Relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ."  Fed. R. Evid. 403.  The Court recognizes that the information about the past suit may have probative value in some instances, for example, for the purposes of impeachment if the Plaintiff tries to say that he did not complain or file suit for three years because he did not know his rights.  It is impossible for the Court to rule on the motion at this juncture without knowing the exact context and reason for the introduction of the information.  Accordingly, the Court deferred ruling on the motion until trial.

**3.     The Plaintiff Misspelling His Name**

The Plaintiff filed this lawsuit under the name Daniel Valderrabano Torres and confirmed that this was the spelling of his name in interrogatories. During his deposition, however, the Plaintiff stated that his middle name was "Valderabano" with a single "r."   The Plaintiff argues that this information should be excluded as unfairly prejudicial under Federal Rule of Evidence 403.

The Defendants have the right to attack the Plaintiff on his prior inconsistent statements in order to show that he is untrustworthy and that his

testimony should not be given credence.  How effective this argument is related to the Plaintiff misspelling his middle name is an issue for the jury to determine because the probative value of the information is not *substantially* outweighed by the danger of unfair prejudice.  Therefore, the Court denied the Plaintiff's motion in limine.

### 4.    Failure to Pay Income Taxes

Finally, the Plaintiff argued that the Court should exclude "[a]ny reference to [the] Plaintiff's payment or non–payment of federal income taxes, [or] reporting of cash payments on said taxes . . . ." (ECF No. 40 at 7.)  The Defendants claimed that the tax information should be permitted on two grounds—the *in pari delicto* defense and witness credibility.

"[T]o assert an *in pari delicto* defense, a defendant must show that 'the plaintiff bears at least substantially equal responsibility for the violations he seeks to redress.'"  *Bailey v. Titlemax of Ga., Inc.*, 776 F.3d 797, 801–02 (11th Cir. 2015) (quoting *Lamonica v. Safe Hurricane Shutters, Inc.,* 711 F.3d 1299, 1308 (11th Cir. 2013)).  Here, the "Plaintiff's wrongdoing—failing to pay federal income taxes on wages already earned—is in no way connected with the Defendants' alleged failure to properly compensate Plaintiff."  *Solano v. A Navas Party Produc., Inc.*, 728 F. Supp. 2d 1334, 1339–40 (S.D. Fla. 2010) (Altonaga, J.) (rejecting *in pari delicto* defense); *see also Martinez–Pinillos v. Air Flow Filters, Inc.,* 738 F. Supp. 2d 1268, 1276 n.8 (S.D. Fla. 2010) (Martinez, J.); *Barrera v. Weiss & Woolrich S. Enters. Inc.,* No. 09–cv–21841, ECF No. 131 at *4 (S.D. Fla. Jan. 25, 2010) (Graham, J.) (noting "[t]here is no case law supporting Defendants' argument that Plaintiffs' failure to pay federal income taxes requires summary judgment").  The Court could find no FLSA case permitting evidence of a plaintiff's tax returns on the basis of *in pari delicto* and, therefore, will not permit the evidence to be used for this purpose.

In contrast to the Defendants' *in pari delicto* argument, some courts have allowed defendants to inquire about a plaintiff's failure to pay income taxes to attack the plaintiff's credibility under Federal Rule of Evidence 608(b).  *See Rakip v. Paradise Awnings Corp.*, 2011 WL 6029981, at *3 (S.D. Fla. Nov. 30, 2011) (Cooke, J.); *Barrera,* No. 09–cv–21841, ECF No. 291 at *4 (S.D. Fla. Jan. 26, 2011) (Graham, J.); *Palma v. Safe Hurricane Shutters, Inc.,* 2011 WL 6030073, at *1 (S.D. Fla. Oct. 24, 2011) (Simonton, Mag. J.); *Chamblee v. Harris & Harris, Inc.,* 154 F. Supp. 2d 670, 681 (S.D.N.Y. 2001) ("Evidence that a witness has failed, for years, to file a tax return is a matter which affects the witness's credibility.").  Federal Rule of Evidence 608(b) prohibits the use of extrinsic evidence to "prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness."  A court, however,

"may, on cross-examination, allow them to be inquired into if they are probative of the [witness's] character for truthfulness or untruthfulness." *Id.*

Other courts have recognized, however, that "while such evidence might speak to the Plaintiffs' credibility, the dangers of unfair prejudice, confusion of the issues, and misleading of the jury are too great." *Galdames v. N&D Inv. Corp.*, 2010 WL 1330000, at *4–5 (S.D. Fla. Mat. 29, 2010) (Cooke, J.) (originally analyzing a motion in limine on the plaintiff's immigration status, but applying the same reasoning to the plaintiff's failure to file income taxes); *see also Ortiz v. Santuli Corp.*, 2009 WL 2382144, at *1 (S.D. Fla. Aug. 3, 2009) (Simonton, Mag. J.). The Court agrees with this conclusion. In this case, the Court is not faced with a plaintiff who *falsified* tax returns or was convicted of tax fraud or tax evasion. Although the Court does not condone the Plaintiff's actions, his failure to pay income taxes has only minor probative value to his character for truthfulness. That probative value, however, is substantially outweighed by confusion of the issues and misleading the jury.

As the Court discussed at the hearing, employers also have the responsibility to withhold taxes and pay social security. Permitting questioning on the Plaintiff's income taxes could quickly devolve into issues of the Plaintiff's obligation to pay taxes versus the Defendants', who was the most at fault, as well as why the Plaintiff failed to pay taxes, which would raise the issue of the Plaintiff's immigration status. *See also Ortiz*, 2009 WL 2382144, at *1 ("[G]iven the facts of this case as a whole, the undersigned concludes that Defendants shall be precluded from suggesting that Plaintiffs failed to pay income taxes because such evidence will likely create undue prejudice in the minds of the jurors; and, *it will likely give rise to collateral disputes—including the extent of Plaintiffs' reporting obligations regarding such taxes—that will cause undue delay and confusion of the issues.*") (emphasis added); *Galdames*, 2010 WL 1330000, at *4–5 ("[E]vidence of the Plaintiffs' alleged failure to file federal tax returns—to challenge the Plaintiffs' credibility—would give rise to collateral disputes about whether the Defendants knowingly hired undocumented aliens as employees in contravention of federal law, and whether the Defendant deducted the proper amount of payroll taxes from its tax returns."). Accordingly, the Court granted the Plaintiff's motion on this issue, as well as the Defendants *ore tenus* motion to exclude evidence of whether the Defendants did or did not withhold the Plaintiff's salary for tax purposes or deduct for withholding on its tax returns.

## 5.    Conclusion.

For the reasons stated above, the Court **granted in part** and **denied in part** the Plaintiff's motion in limine (ECF No. 40.) If the parties believe that the

circumstances at trial have altered the grounds for the Court's ruling, they must bring the issue to the Court's attention before raising it in front of the jury.

**Done and ordered** in chambers, at Miami, Florida on May 10, 2016.

Robert N. Scola, Jr.
United States District Judge