UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-22882-CIV-SCOLA

DANIEL VALDERRABANO TORRES, and
Others similarly situated under 29 U.S.C. 216(b),

    Plaintiff,
v.

ROCK & RIVER FOOD, INC. d/b/a Marumi
Sushi, and TERUHIKO IWASAKI,

    Defendants.
_____/

**DEFENDANTS' MOTION FOR LEAVE TO FILE SECOND MOTION IN LIMINE AND MOTION IN LIMINE TO EXCLUDE EVIDENCE OF SUBSEQUENT REMEDIAL MEASURES**

Defendants, by and through their undersigned counsel, file this Motion in Limine, and state:

**BACKGROUND**

The Plaintiff filed a Complaint alleging violations of the Fair Labor Standards Act (29 U.S.C. § 201 *et seq.*) setting forth one (1) substantive count pursuant to the Fair Labor Standards Act ("FLSA"), for alleged overtime violations. [D.E. 1]. Plaintiff seeks back wages, liquidated damages, prejudgment interest, injunctive relief, accrued but unused vacation pay, attorneys' fees, and litigation expenses. *Id.* The Plaintiff, a sushi roll preparer who has previously sued for overtime using Plaintiff's counsel approximately 3 years ago, claims he worked for 3 years for the Defendants, but was never paid any overtime. All of Plaintiff's co-workers who worked the exact same position all claim that they were paid overtime.

The suit was filed in 2015. Plaintiff claims that there is no record of how much money he was paid every week. Starting on January 1, 2016, the Defendants began issuing certain documents to the workers that contained how much they were paid and how the pay was divided up between straight time hours and overtime hours. This is a subsequent remedial measure, and should be excluded from evidence. Tow workers testified to this new policy. This testimony describes nothing other than a post-suit remediation and that, if it is offered, it will be for the

disallowed purpose of proving Defendant's fault. *See In re Air Crash Disaster,* 86 F.3d 498, 531—32 (6th Cir. 1996) (maintaining that change in company procedure after accident was a subsequent remedial measure and therefore inadmissible under Rule 407).

Defendants realize that the Court has a one motion in limine rule and that this issue was not presented in that motion, but seeks leave of Court to allow for this second one to be filed, and they note that they are still well short of the 20-page limit for motions collectively if the page numbers of the two motions are added up.  The evidence is improper and highly prejudicial and Defendants did not realize that Plaintiff intended to admit this evidence until trial prep.

## MEMORANDUM OF LAW

Defendants contend that such testimony is inadmissible under Rule 407 of the Federal Rules of Evidence as a subsequent remedial measure. Rule 407 provides:

> When, after an injury or harm allegedly caused by an event, measures are taken that, if taken previously, would have made the injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove negligence, culpable conduct, a defect in a product, a defect in a product's design, or a need for a warning or instruction. This *rule* does not require the exclusion of evidence of subsequent measures when offered for another purpose, such as proving ownership, control, or feasibility of precautionary measures, if controverted, or impeachment.

Fed. R. Evid. 407.  Here, the evidence concerning a change in procedure that would bear directly on proof of the issue in the case had those records been kept when Plaintiff was employed is clearly a subsequent remedial measure and should be excluded.

## CONCLUSION

For the foregoing reasons, the evidence described in this Motion should be stricken and excluded from trial.

## CERTIFICATE OF CONFERRAL PURSUANT TO LOCAL RULE 7.1

Pursuant to S.D. Fla. L.R. 7.1, undersigned counsel conferred with Plaintiffs' counsel prior to the filing of this Motion, and Plaintiffs' counsel indicated that he is opposed to the relief sought herein.

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on August 15, 2016, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record (J.H. Zidell, Esq.) or *pro se* parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel of parties who are not authorized to receive electronically Notices of Electronic Filing.

          Respectfully submitted,

          Glasser & Kleppin, P.A.
          Attorneys for Defendants
          8751 W. Broward Blvd.
          Suite 105
          Plantation, FL 33324
          Tel.  (954) 424-1933
          Fax  (954) 474-7405
          E-mail:  ckleppin@gkemploymentlaw.com

          By   s/Chris Kleppin
              Chris Kleppin
              Fla. Bar No. 625485