UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 15-22882-CIV-SCOLA

DANIEL VALDERRABANO TORRES, and
others similarly situated under 29 U.S.C. 216(b),

      Plaintiff,

v.

ROCK & RIVER FOOD, INC. d/b/a Marumi
Sushi, and TERUHIKO IWASAKI,

      Defendants.

_____/

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR BILL OF COSTS

Defendants, Rock & River Food, Inc. and Teruhiko Iwasaki ("Defendants"), by and through undersigned counsel, pursuant to Federal Rule of Civil Procedure 54(d)(1), Local Rule 7.3, 28 U.S.C. § 1920, Judgment [D.E.116] entered in favor of the Defendants against the Plaintiff, Daniel Valderrabano, have filed a Bill of Costs and file this Memorandum in support thereof, and state:

### BACKGROUND

The Plaintiff filed a Complaint alleging violations of the Fair Labor Standards Act (29 U.S.C. § 201 *et seq.*) setting forth one (1) substantive count pursuant to the Fair Labor Standards Act ("FLSA"), for alleged overtime violations.  [D.E. 1].  Plaintiff seeks back wages, liquidated damages, prejudgment interest, injunctive relief, accrued but unused vacation pay, attorneys' fees, and litigation expenses. The Court rendered a Final Judgment in favor of the Defendants and against the Plaintiff.  [D.E. 116].

## MEMORANDUM OF LAW

I.   **THE DEFENDANTS, AS THE PREVAILING PARTIES, ARE ENTITLED TO RECOVER COSTS INCURRED, PURSUANT TO 28 U.S.C. § 1920, 28 U.S.C. § 1921, and RULE 54(d)**

The Court has discretion in considering a motion to tax costs. *Morrison v. Reichhold Chemicals, Inc.*, 97 F.3d 460, 462 (11th Cir. 1996). "[A]lthough the district court has discretion to deny a prevailing party costs, such discretion is not unfettered." *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995). "[W]here the trial court denies the . . . costs, the court must give a reason for its denial of costs so that the appellate court may have some basis upon which to determine if the trial court acted within its discretionary power." *Id.* (citing *Gilchrist v. Bolger*, 733 F.2d 1551, 1557 (11th Cir. 1984)).

The Eleventh Circuit has held that Rule 54(d) "creates a presumption in favor of awarding costs to the prevailing party" which the losing party must overcome. *Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991); *Delta Airlines, Inc. v. August*, 450 U.S. 346, 352 (1981). In fact, Rule 54 specifically states that:

> Costs other than attorneys' fees *shall* be allowed as of course to the prevailing party unless the court otherwise directs.

(emphasis added). A district court's discretion to deny costs (in particular to a prevailing plaintiff under a civil rights statute or the Fair Labor Standards Act) is quite limited, as the courts have noted that "[t]he presumption in favor of awarding costs to the prevailing party is difficult to overcome, and the district court's discretion is narrowly confined—the court must award costs unless it states good reasons for denying them. . . . Generally, only misconduct by the prevailing party worthy of a penalty . . . will suffice to justify denying costs." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997). "[T]he language of the rule reasonably bears intendment that the prevailing party is *prima facie* entitled to costs and it is incumbent on the

2

losing party to overcome that presumption . . . [since] denial of costs . . . is in the nature of a penalty for some defection on his part in the course of the litigation." *Gilchrist v. Bolger*, 733 F.2d 1551, 1557 (11th Cir. 1984).

In light of the fact that the aforementioned Defendants are entitled to recover costs, the Defendants will analyze all costs that they would be entitled to under the costs statute, 28 U.S.C. § 1920. The cost statute, 28 U.S.C. § 1920 specifically enumerates taxable costs as including:

(1)     Fees of the clerk and marshal;

(2)     Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3)     Fees and disbursements for printing and witnesses;

(4)     Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5)     Docket fees under section 1923 of this title;

(6)     Compensation of court-appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920 (2008).  The costs sought to be taxed in the Bill of Costs are all included directly in the cost statute.  The Eleventh Circuit has specifically held that proof that the costs have not been paid for is not required in order to tax them; the fact that the costs were incurred is enough. *Trammell Real Estate Corp. v. Trammell*, 748 F.2d 1516 (11th Cir. 1984).  In this case, like *Trammell*, the costs have been incurred, and some have already been paid, and if they are not paid for within a reasonable period of time, the client is subject to being sued for payment.  Thus, costs should be taxed because the costs were incurred and the client was billed for them.

Additionally, the aforementioned Defendants are entitled to certain costs pursuant to 29 U.S.C. § 216(b), and 42 U.S.C. § 1988.

### A.   Copy Costs

Photocopying is a taxable cost pursuant to 28 U.S.C. § 1920(4). *Scroggins v. Air Cargo, Inc.*, 534 F.2d 1124, 1133 (5th Cir. 1975). Generally, a prevailing party may recover the costs of photocopies of documents attributable to discovery, pleadings, correspondence, copies of exhibits, documents tendered to opposing counsel, and documents submitted to the Court for consideration. *See, e.g., Brewer-Giorgio v. Bergman*, 985 F. Supp. 1478, 1485 (N.D. Ga. 1997); *Grady v. Bunzl Packaging Supply Co.*, 161 F.R.D. 477, 479 (N.D. Ga. 1995); *Desisto College, Inc. v. Town of Howey-in-the-Hills*, 718 F. Supp. 906, 913 (M.D. Fla. 1989) (finding that "[c]opies attributable to discovery" are a category of copies recoverable under § 1920(4)).

The Defendants seek to tax as costs each copy that was made of a document (*e.g.*, discovery exhibits, exhibits provided to opposing counsel, exhibits for depositions, exhibits for trial, and one copy of the docket. Defendants' request that they be allowed to recover $.25 per page for copy costs, and the Southern District of Florida case holds that $.25 per page is reasonable. *Pawnbrokers and Secondhand Dealers Ass'n v. City of Fort Lauderdale*, 711 F. Supp. 1084, 1086 (S.D. Fla. 1989); *American Automotive Accessories v. Fishman*, 991 F.Supp. 995, 998 (N.D. Ill. 1998). All copies made in the case to date total **2,130 copies (which total $532.50 at $.25/page)**, and the number is kept because each time a copy is made in the case a client code must first be inputted into the copier and those are the copies that fall into the category outlined above. (*See Attached Itemized Copier Sheet*, attached hereto as Composite Exhibit 1). That is what the client was billed. We do not seek to tax as costs any copies that fall outside of § 1920(4), and the firm's staff have been instructed to only make copies in the client's code if they fall within § 1920(4). They make copies that fall outside § 1920(4) under another code. The entries relating to the Defendants totals $532.50

copies, and thus the Court should tax as costs in favor of the Defendants the amount of **$532.00** ($.25 per page).

**B.     Fees of the Court Reporter for all or any Part of the Stenographic Transcript Necessarily Obtained for Use in the Case**

Deposition costs are recoverable pursuant to costs statute. 28 U.S.C. § 1920(2). Typically, deposition costs are recoverable when the party who was deposed was listed on the opposing party's witness list. *EEOC v. W&O, Inc.*, 213 F.3d 600, 621 (11th Cir. 2000). In *W&O, Inc.*, the Eleventh Circuit explained that the "question of whether the costs for a deposition are taxable depends on the factual question of whether the deposition was wholly or partially 'necessarily obtained for use in the case.'" *Id.* The Eleventh Circuit further explained that where the deposed witnesses were listed on the losing party's witness list, the costs associated with such depositions are properly taxable. *Id.* The court stated:

> Taxation of deposition costs of witnesses on the losing party's witness list is reasonable because the listing of those witnesses indicated both that the [party] might need the deposition transcripts to cross-examine the witnesses . . . and that the information those people had on the subject matter of this suit was not so irrelevant or so unimportant that their depositions were outside the bound of discovery.

*Id.* (internal citations omitted). In this case, the only individuals for whom deposition costs are sought are of the named-parties. Accordingly, these depositions should be taxed as a matter of course.

This Circuit first considered the issue of whether copies for depositions are taxable in *United States v. Kolesar*, 313 F.2d 835, 838-41 (5th Cir. 1963). In *Kolesar*, the former Fifth Circuit rejected the view that costs for copies of depositions were never taxable because the attorney could simply go to the Clerk of the Court's Office and read the original of the deposition which is on file with the court. The court stated:

> To speak of a busy lawyer having to go to a Clerk's office at such times and places of work as the Clerk's regular office hours and facilities . . . for the purpose of making a close study of pretrial depositions is completely unrealistic. If, as the Rules clearly contemplate a party may be compelled to go through the various steps of discovery and pretrial conferences, then it is simply a question whether in the particular circumstances of a specific case, there is a reasonable need that counsel have a copy.

*Id.* at 839-40. Since *Kolesar*, the rule regarding whether copies of depositions are taxable has been a flexible one. In *Allen v. United States Steel Corp.*, 655 F.2d 689, 697 (11th Cir. 1982), the Eleventh Circuit noted that "[t]he cost award may include the reporting fees for depositions that are reasonably necessary for use in the case, even though the depositions may not have been used at trial." Recognizing the changes in the legal community and demands upon a lawyer's time since 1963, at least one district court has held that the costs of obtaining a copy of a deposition taken by an opposing party are always taxable. *Goodwall Constr. Co. v. Beers Constr. Co.*, 824 F. Supp. 1044, 1066 (N.D. Ga. 1992), *aff'd*, 991 F.2d 751 (Fed. Cir. 1993); *Fulton Federal Savings & Loan Ass'n*, 143 F.R.D. 292, 296 (N.D. Ga. 1991). However, some courts still conduct a factual analysis of the necessity of each deposition. *See generally, S.G.C. v. Penn-Charlotte Assocs.*, 116 F.R.D. 284, 285 (W.D.N.C. 1987); *Corsair Asset Management v. Moskovitz*, 142 F.R.D. 347 (N.D. Ga. 1992).

Those courts that conduct a factual inquiry upon deciding whether to tax a deposition cost against a losing party interpret the phrase "necessarily obtained for use in the case" to mean that costs can be recovered if the deposition was "reasonably necessary to the case at the time it was taken, not whether it was used in a motion or in court." *Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 455 (7th Cir. 1998) (rejecting the plaintiffs' argument that depositions not used in the defendants' summary judgment motion did not meet the statutory standard of having been "necessarily obtained for use in the case", and stating that the proper inquiry is whether the

deposition was "reasonably necessary to the case at the time it was taken, not whether it was used in a motion or in court"). In an abundance of caution, the Defendants will conduct a factual analysis as to the deposition they seek to have the Court tax against the Plaintiff.

The deposition costs Defendants seek to tax are attached hereto as Exhibit 1, and are as follows:

| **Deponent** | **Cost** |
|---|---|
| Plaintiff, Daniel Valderrabano Torres Deposition taken on 1/26/2016 | $   597.30 |
| Deposition of Juan Casados, Karla Yasmin & Tetsu | $   285.00 |
| | $   882.30 |

**Translation Fees**

| | |
|---|---|
| Global Translations – Spanish Interpreter for Plaintiff, Daniel Valderrabano Torres's deposition – 1/26/2016 | $   297.50 |
| Universal Language – Settlement Conference 8/15/2016 Portuguese Interpreter for Settlement Conference | $   437.50 |
| Universal Language – Trial 8/23/2016 Japanese Interpreter for Trial | $1,881.25 |
| Universal Language – Trial 8/23/2016 Japanese Interpreter for Trial | $1,618.75 |
| | $4,235.00 |

In an abundance of caution, the factual analysis regarding the taxation of depositions follows.

### 1.    **Plaintiff, Daniel Valderrabano Torres**

Daniel Valderrabano's deposition was needed because he is a named-party Plaintiff in this case, thus, it should be taxed as a cost in this case. *EEOC v. W&O, Inc.,* 213 F.3d 600, 621 (11th Cir. 2000). Further, Mr. Torresa's deposition was necessarily obtained for use in the case, because 1) it was used in the Motion for Summary Judgment; 2) it was needed for trial purposes, if the case went to trial and 3) it was needed to ascertain the basic facts of the case. The Court may recall that the deposition was used repeatedly (at least 20 times on material; statements) to impeach the Plaintiff at trial. Thus, these costs should be taxed. *EEOC v. W&O, Inc.,* 213 F.3d 600, 621 (11th Cir. 2000).

### 2.    **Juan Casados**

Juan Casados's deposition was needed because he was listed on Plaintiff's Trial Witness List in this case (and he did testify at trial), thus, it should be taxed as a cost in this case. *EEOC v. W&O, Inc.,* 213 F.3d 600, 621 (11th Cir. 2000). Further, Mr. Casados's deposition was necessarily obtained for use in the case, because 1) it was used in the Motion for Summary Judgment; 2) it was needed for trial purposes, if the case went to trial and 3) it was needed to ascertain the basic facts of the case. Thus, these costs should be taxed. *EEOC v. W&O, Inc.,* 213 F.3d 600, 621 (11th Cir. 2000).

### 3.    **Karla Yasmin**

Karla Yasmin's deposition was needed because she was listed on Plaintiff's Trial Witness List in this case, thus, it should be taxed as a cost in this case. *EEOC v. W&O, Inc.,* 213 F.3d 600, 621 (11th Cir. 2000). Further, Ms. Yasmin's deposition was necessarily obtained for use in the case, because 1) it was used in the Motion for Summary Judgment; 2) it was needed for trial purposes, if

the case went to trial and 3) it was needed to ascertain the basic facts of the case. Thus, these costs should be taxed. *EEOC v. W&O, Inc.*, 213 F.3d 600, 621 (11th Cir. 2000).

### 4. Tetsu Hayakawa

Tetsu Hayakawa's deposition was needed because he was listed on Defendants' Trial Witness List and was an owner of the corporate Defendant in this case, thus, it should be taxed as a cost in this case. *EEOC v. W&O, Inc.*, 213 F.3d 600, 621 (11th Cir. 2000). Further, Mr. Hayakawa's deposition was necessarily obtained for use in the case, because 1) it was used in the Motion for Summary Judgment; 2) it was needed for trial purposes, if the case went to trial and 3) it was needed to ascertain the basic facts of the case. Thus, these costs should be taxed. *EEOC v. W&O, Inc.*, 213 F.3d 600, 621 (11th Cir. 2000).

### 3. Court Reporter Attendance Fees and Costs for Copies of the Transcripts

The Defendants seek to tax as costs court reporter attendance fees (because they are part and parcel of depositions today—one cannot take a deposition without being charged that fee), and costs associated with ordering copies of the original transcript. Courts have allowed for both costs associated with depositions to be taxed under the rule that allows for the general taxation of deposition costs. The attendance fees were necessarily incurred, because without them the depositions could not have been taken. Today, court reporters charge a fee simply to show up to transcribe the deposition. Since such costs are part and parcel of the deposition cost, they are recoverable. *Price v. United Technologies Corp.*, 2001 WL 36085163 (S.D. Fla. 2001); *Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 455 (7th Cir. 1998); *Apostal v. City of Crystal Lake*, 155 F.R.D. 508, 512 (N.D. Ill. 1996); *Mattie T. v. Holladay*, 522 F. Supp. 72, 78 (N.D. Miss. 1981). These courts have found that such appearance fees, which are a *sine qua non* to get a deposition, are directly related to the preparation of the transcript. Further, courts in this circuit allow for the

recovery of delivery fees associated with transcripts. *Smith v. Quintiles Int'l*, 2007 WL 2412844, *4 (M.D. Fla.); *Ferguson v. Bombardier, Serv. Corp.*, 2007 WL 601921, *4 (M.D. Fla.). These courts in this case taxed delivery costs as part of the deposition, otherwise it would require the attorney personally to go pick-up the transcript and that it is not effective use of an attorney's time.

Concerning copies of the transcripts, such copies are part of the court reporter's fee and are thus taxable. *Wells v. Xpedix*, 2007 WL 4206684, *2 (M.D. Fla. 2007) ("copies of depositions for depositions are recoverable); *Waste Serv., Inc. v. Waste Mgmnt. Inc.*, 2007 WL 1174116, *4 (M.D. Fla. 2007). These costs are recoverable, because they are typically incurred when ordering a deposition transcript. There is only one original, and the copy needs to be used for impeachment purposes, as both the lawyer and the witness need a copy of the transcript, during trial.

### Translator Fees

The statute provides for the recovery of costs associated with interpreters. 28 U.S.C. § 1920(6). The courts have held that when a deponent can communicate in English the deponent is not entitled to use an interpreter. *Tagupa v. Odo*, 843 F. Supp. 630 (D. Haw. 1994); *Naqvi v. Oudensha Am., Inc.*, 1991 WL 4435 (N.D. Ill. 1991). Moreover, the United States Court Interpreter's Act states that the use of an interpreter is proper when the deponent or witness "speaks only or primarily a language other than the English language." 28 U.S.C. § 1827(d)(1). Typically, in situations where the deponent understands and can converse in English the use of an interpreter is limited to assist with only certain words that the deponent does not understand, rather than as a translator. *Goyette v. DCA Advertising Inc.*, 1991 WL 639599 (S.D. N.Y. 1991).

The courts have further held that in those cases where a deponent insists on having an interpreter even though the deponent can communicate in English, the party identified with the deponent must pay the costs of the interpreter. *Refco v. Afincomex & Banco Ganadero*, 1993

WL 498074 (S.D. N.Y. 1993) (categorizing the insistence on an interpreter when the witness can clearly communicate in English as "bad faith").  The Court should note that the Plaintiff insisted on having an interpreter at his deposition and the Defendants are Japanese nationals who do not speak English.  **The interpreter costs in this case total $4,235.00, see invoice attached hereto.**

## II.   DEFENDANTS ARE ENTITLED TO INTEREST FLOWING FROM THE DATE OF THE JUDGMEMT —AUGUST 25, 2016— ON ANY AND ALL COSTS TAXED BY THE COURT

Defendants are entitled to interest flowing from the date of the Judgment, August 25, 2016 on any and all costs taxed by the Court. *BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1052 (11th Cir. 1994) (holding that "interest shall accrue on Paine Webber's taxable costs from the date the court entered final judgment in favor of Paine Webber on the merits of BankAtlantic's action, November 24, 1989"—BankAtlantic asserted that the cost interest should run from July 3, 1991, the day the district court adopted the magistrate's report and recommendation as to costs); *Georgia Ass'n of Retarded Citizens v. McDaniel*, 855 F.2d 794, 799 (11th Cir. 1988) (holding that "[w]e conclude that when a district court taxes costs against a losing party, the award of costs bears interest from the date of the original judgment"). At least one district court in the Southern District has expressly followed *BankAtlantic* on this point. *Chiever v. R.J. Schor, Inc.*, 2008 WL 4097795 (S.D. Fla. 2008).  Other courts have followed *Georgia* and interpreted the law in this regard in the same manner as *BankAtlantic* without mentioning *BankAtlantic*. *See, e.g., Lane v. Capital Acquisitions Management and Co.*, 554 F. Supp. 2d 1345, 1355 (S.D. Fla. 2008) and *Navarro v. Broney Automotive Repairs, Inc.*, 2008 WL 2901440 (S.D. Fla. 2008).  Other circuits follow this rubric as well. *Jenkins by Agvei v. Missouri*, 931 F.2d 1273 (8th Cir. 1991); *Copper Liquor, Inc. v. Adolph Coors Co.*, 701 F.2d 542 (5th Cir. 1983); and *Finkelstein v. Bergua*, 804 F. Supp. 1235, 1240 (N.D. Cal. 1992).

## CONCLUSION

Based on the foregoing, Defendants respectfully request that this Court tax the following costs against the Plaintiff:

| TYPE OF COST | AMOUNT |
|---|---|
| Copies | $   532.50 |
| Deposition Transcripts | $   882.30 |
| Interpreter | $4,235.00 |
| **TOTAL** | **$5,649.80** |

Respectfully submitted,

By: /s/ Chris Kleppin
      Chris Kleppin
      Fla. Bar No. 625485
      ckleppin@gkemploymentlaw.com
      Chelsea A. Lewis, Esq.
      Fla. Bar No. 111607
      clewis@gkemploymentlaw.com
      Glasser & Kleppin, P.A.
      *Attorneys for Defendants*
      8751 W. Broward Blvd, Suite 105
      Plantation, FL 33324
      Tel. (954) 424-1933
      Fax  (954) 474-7405

## **VERIFICATION**

I, Chris Kleppin, Esq., as attorney for Defendants, having first been duly sworn in accordance with law, do hereby depose and state that I have read the foregoing Motion to Tax Costs, and that the various costs sought to be taxed against the Plaintiff herein, with further supporting documentation attached hereto, are true and correct to the best of my knowledge and information, and that this Motion is well grounded in fact and justified.

CHRIS KLEPPIN

STATE OF FLORIDA

COUNTY OF BROWARD

BEFORE ME, the undersigned authority, personally appeared Chris Kleppin, personally known to me or who produced _____ N/A _____ as identification, and who, after being duly sworn, stated under oath that he/she signed the foregoing Motion to Tax Costs on behalf of Defendants, Rock & River Food, Inc. d/b/a Marumi Sushi and Teruhiko Iwasake and they are true and correct to the best of his/her knowledge and information.

SWORN TO AND SUBSCRIBED before me, this 26th day of September, 2016.

NOTARY PUBLIC

My Commission Expires:

ELETHIA SINCLAIR
Notary Public - State of Florida
Commission # FF 989162
My Comm. Expires May 5, 2020
Bonded through National Notary Assn.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 26, 2016, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record (Jamie H. Zidell, Esq. Joshua H. Sheskin, Esq.) or *pro se* parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel of parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,

By: /s/ Chris Kleppin
        Chris Kleppin
        Fla. Bar No. 625485
        ckleppin@gkemploymentlaw.com
        Chelsea A. Lewis, Esq.
        Fla. Bar No. 111607
        clewis@gkemploymentlaw.com
        Glasser & Kleppin, P.A.
        *Attorneys for Defendants*
        8751 W. Broward Blvd.
        Suite 105
        Plantation, FL 33324
        Tel. (954) 424-1933
        Fax  (954) 474-7405
Secondary E-Mails:    dcano@gkemploymentlaw.com
        esinclair@gkemploymentlaw.com

# EXHIBIT 1

AO 133   (Rev. 12/09) Bill of Costs

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | |
|---|---|
| Daniel Valderrabano Torres | ) |
| | ) |
| v. | ) Case No.: 15-22882-CIV-SCOLA |
| Rock & River Food, Inc., d/b/a Marumi Sushi, | ) |
| and Teruhiko Iwasakik | ) |

## BILL OF COSTS

Judgment having been entered in the above entitled action on ___08/25/2016___ against ___Daniel Valderrabano Torres___ ,
the Clerk is requested to tax the following as costs: <span>Date</span>

| | |
|---|---:|
| Fees of the Clerk . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ |
| Fees for service of summons and subpoena . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | |
| Fees for printed or electronically recorded transcripts necessarily obtained for use in the case . . . . . . | 882.30 |
| Fees and disbursements for printing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | |
| Fees for witnesses (itemize on page two) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 0.00 |
| Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 532.50 |
| Docket fees under 28 U.S.C. 1923 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | |
| Costs as shown on Mandate of Court of Appeals . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | |
| Compensation of court-appointed experts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | |
| Compensation of interpreters and costs of special interpretation services under 28 U.S.C. 1828 . . . . . | 4,235.00 |
| Other costs (please itemize) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | |
| TOTAL  $ | 5,649.80 |

*SPECIAL NOTE:* Attach to your bill an itemization and documentation for requested costs in all categories.

### Declaration

I declare under penalty of perjury that the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed. A copy of this bill has been served on all parties in the following manner:

[✓] Electronic service        [ ] First class mail, postage prepaid

[ ] Other: _____

s/ Attorney: ___/s/Chris Kleppin___

Name of Attorney: Chris Kleppin

For: ___Rock & River Food, Inc. d/b/a Marumi Sushi & Teruhiko Iwasaki___   Date: ___09/26/2016___
<span>Name of Claiming Party</span>

### Taxation of Costs

Costs are taxed in the amount of _____ and included in the judgment.

By: _____

_____      _____      _____
Clerk of Court                            Deputy Clerk                            Date

[ Counter per User ]

| User Name | Name | Copier/Docu. Server | | Total | |
|---|---|---|---|---|---|
| | | A3/DLT | Others | Pages | Result |
| 401 | 3591 | 0 | 0 | 0 | 0 |
| 402 | 3592 Rock&River v. Torres | 0 | 1411 | 1411 | 1411 |
| 403 | 3593 | 0 | 0 | 0 | 0 |
| 404 | 3594 | 0 | 0 | 0 | 0 |
| 405 | 3595 | 0 | 0 | 0 | 0 |
| 406 | 3596 | 0 | 0 | 0 | 0 |
| 407 | 3597 | 0 | 0 | 0 | 0 |
| 408 | 3598 | 0 | 0 | 0 | 0 |
| 409 | 3599 | 0 | 0 | 0 | 0 |
| 410 | 3601 | 0 | 0 | 0 | 0 |
| 411 | 3602 | 0 | 0 | 0 | 0 |
| 412 | 3603 | 0 | 0 | 0 | 0 |
| 413 | 3604 | 0 | 0 | 0 | 0 |
| 414 | 3605 | 0 | 0 | 0 | 0 |
| 415 | 3606 | 0 | 0 | 0 | 0 |
| 416 | 3607 | 0 | 0 | 0 | 0 |
| 417 | 3608 | 0 | 0 | 0 | 0 |
| 418 | 3609 | 0 | 0 | 0 | 0 |
| 419 | 3610 | 0 | 0 | 0 | 0 |
| 420 | 3611 | 0 | 0 | 0 | 0 |
| 421 | 3612 | 0 | 0 | 0 | 0 |
| 422 | 3613 | 0 | 0 | 0 | 0 |
| 423 | 3614 | 0 | 0 | 0 | 0 |
| 424 | 3615 | 0 | 0 | 0 | 0 |
| 425 | 3616 | 0 | 0 | 0 | 0 |
| 426 | 3839 | 0 | 0 | 0 | 0 |
| Others | | 0 | 5 | 5 | 5 |
| total sum | | 0 | 6398 | 6398 | 6398 |

Data of Today:Sep. 01,2016 09:25 AM

[ Counter per User ]

| User Name | | Copier/Docu. Server | | Total | | |
|---|---|---|---|---|---|---|
| User Name | Name | A3/DLT | Others | Pages | Result | |
| 401 | 3591 | 0 | 0 | 0 | 0 | |
| 402 | 3592 Rock&River v. Torres | 0 | 294 | 294 | 294 | |
| 403 | 3593 | 0 | 0 | 0 | 0 | |
| 404 | 3594 | 0 | 0 | 0 | 0 | |
| 405 | 3595 | 0 | 0 | 0 | 0 | |
| 406 | 3596 | 0 | 0 | 0 | 0 | |
| 407 | 3597 | 0 | 0 | 0 | 0 | |
| 408 | 3598 | 0 | 0 | 0 | 0 | |
| 409 | 3599 | 0 | 0 | 0 | 0 | |
| Others | 3839 | 0 | 5 | 5 | 5 | |
| total sum | | 0 | 4536 | 4536 | 4536 | |

Date of Today:Jun. 01,2016 09:34 AM

[ Counter per User ]

Data of Today:Apr. 04,2016 08:58 AM

| User Name | Name | Copier/Docu. Server | | Total | | |
|---|---|---|---|---|---|---|
| | | A3/DLT | Others | Pages | Result | Others |
| 3591 | | 0 | 0 | | 0 | 0 |
| 3592 | Rock&River v. Torres | | | | | |
| 3593 | | 0 | 0 | | 0 | 0 |
| 3594 | | 0 | 328 | 328 | 328 | 0 |
| 3595 | | 0 | 0 | | 0 | 0 |
| 3596 | | 0 | 0 | | 0 | 0 |
| 3597 | | 0 | 36 | 36 | 36 | 0 |
| 3598 | | 0 | 0 | | 0 | 0 |
| 3599 | | 0 | 0 | | 0 | 0 |
| 3630 | | 0 | 0 | | 0 | 0 |
| Others | | 0 | 0 | | 0 | 0 |
| Total sum | | 0 | 7394 | 7394 | 7394 | 0 |

p ostag

postag

postag

[ Counter per User ]

Data of Today:Feb. 02,2016 11:29 AM

| User Name | Name | Copier/Docu. Server | | | Total |
|---|---|---|---|---|---|
| | | A3/DLT | Others | Pages | Result |
| 401 | 3591 | 0 | 0 | 0 | 0 |
| 402 | 3592 Rock&River v. Torres | | | | |
| 403 | 3593 | 0 | 90 | 90 | 90 |
| 404 | 3594 | 0 | 0 | 0 | 0 |
| 405 | 3595 | 0 | 0 | 0 | 0 |
| 406 | 3596 | 0 | 281 | 281 | 281 |
| 407 | 3597 | 0 | 0 | 0 | 0 |
| 408 | 3598 | 0 | 0 | 0 | 0 |
| 409 | 3839 | 0 | 0 | 0 | 0 |
| Others | | 0 | 30 | 30 | 30 |
| total sum | | 0 | 7628 | 7628 | 7628 |

[ Counter per User ]

| User Name | Name | Copier/Docu. Server | | Total | | |
|---|---|---|---|---|---|---|
| | | A3/DLT | Others | Pages | Result | |
| 401 | 3591 | 0 | 0 | 0 | 0 | |
| 402 | 3592 Rock&River v. Torres | 0 | 0 | 0 | 0 | |
| 403 | 3593 | 0 | 0 | 0 | 0 | |
| 404 | 3594 | 0 | 0 | 0 | 0 | |
| 405 | 3595 | 0 | 0 | 0 | 0 | |
| 406 | 3596 | 0 | 0 | 0 | 0 | |
| 407 | 3597 | 0 | 0 | 0 | 0 | |
| 408 | 3598 | 0 | 0 | 0 | 0 | |
| 409 | 3836 | 0 | 0 | 5 | 5 | |
| Others | | 0 | 0 | 9479 | 9479 | |
| total sum | | 0 | 0 | 9479 | 9479 | |

Data of Today:Dec. 01,2015 08:53 AM

**ELITE REPORTING OF SOUTH FLORIDA, INC.**
707 SOUTHEAST 3RD AVENUE, SUITE 101
FORT LAUDERDALE, FL  33316
(954) 761-8338    FAX (954) 761-8653



GLASSER & KLEPPIN, P.A.
8751 WEST BROWARD BOULEVARD
SUITE 105
PLANTATION, FL 33324

CHRIS KLEPPIN, ESQ.

TORRES VS. ROCK & RIVER
DANIEL VALDERABANO TORRES
CASE NO: 15-22882 -CIV-SCOLA

| INVOICE NO. : | 279189 |
|---|---|
| INVOICE DATE: | 2/01/2016 |
| REPORTER: | |
| CAROL ARLOTTA | |
| ID#  65-0818204 | |

| Date | Description | Amount |
|---|---|---|
| 1/26/2016 | DEPOSITION OF: | |
| | DANIEL VALDERABANO TORRES | |
| | ATTENDANCE OF REPORTER | 160.00 |
| | O & 1 CC - ACCELERATED:  82 PGS. | 422.30 |
| | COURIER FEE | 15.00 |
| | Sub Total | 597.30 |
| | Paid | 0.00 |
| | Balance Due | 597.30 |

**THANK YOU FOR USING ELITE REPORTING OF SOUTH FLORIDA, INC.**
**Past due invoices carry a 1.5% interest charge per month**
**We now accept credit card payments**



EIN# 74-3180564

# Invoice

**Depo Express, Inc.**

1240 NE 176 Street
North Miami Beach
Florida, 33162
(305)305-3333

| Date | Invoice # |
|------|-----------|
| 2/16/2016 | 2518 |

**Bill To**

Glasser, Kleppin
Chris Kleppin
8751 W. Broward Boulevard
Suite 408
Plantation, Florida 33324

Att: Iris
Bookkeeper

POSTED

| Reporter | Terms NET 30 | Ship | Via | | Rate | Sub Total |
|----------|--------------|------|-----|--|------|-----------|
| ra | | 2/16/2016 | | | | 0.00 |
| **Qty** | **Item Code** | Date 2-1-16 | Time | Description | | 0.00 |
| 0 | appearance f... | | | | 3.00 | 0.00 |
| 0 | original + 1 | | | | 0.35 | 0.00 |
| 0 | exhibits | | | | 25.00 | 0.00 |
| 0 | condensed/a... | | | | 15.00 | 0.00 |
| 0 | courier | | | | 3.00 | 285.00 |
| 95 | certified copy | | | Deposition of Juan Casados, Karla Yasmin and Tetsu Hayakawa | | |

Thanks for your business. It was a
pleasure working with you.
All accounts due within 30 days of receipt
of invoice or a $35.00 late fee will be
applied to account.

Torres V. Rock and River

| | **Total** |
|--|-----------|
| | $285.00 |

GLOBAL TRANSLATIONS &
   INTERPRETATIONS

**Invoice**

P.O. BOX 244413
Boynton Beach, FL 33424
561-6413973



| Date | Invoice # |
|------|-----------|
| 1/27/2016 | 551027 |

| Bill To |
|---------|
| Glasser & Kleppin, P.A.<br>8751 West Broward Blvd., Ste. 105,<br>Plantation, FL 33324<br>T 954.424.1933 |

| Lawyer |
|--------|
| per Elethia Sinclair<br>Case 15-22882-CIV-SCOLA<br>Valderrabano Torres vs Rock & River Food |

| Claimant | Terms | Case Number |
|----------|-------|-------------|
| Daniel ValderrabanoTorres | Due on receipt | See Above |

| Item | Serv. Date | Language / Reference | Time | Hours | Rate | Amount |
|------|-----------|----------------------|------|-------|------|--------|
| Interpretation | 1/26/2016 | Spanish Interpreter at 8751 W Broward Blvd Plantation FL | 9:00 am | 3.5 | 85.00 | 297.50 |

It's been a pleasure working with you!
E.I.N. 65-07-58253

| | |
|--|--|
| **Total** | $297.50 |
| **Payments/Credits** | $0.00 |
| **Balance Due** | $297.50 |

Invoices are due upon receipt.  Balances past due 30 days accrue 1.5% interest per month
plus attorney fees and costs. Thanks for your prompt payment!



**UNIVERSAL LANGUAGE** SERVICES™

8870 W. Oakland Park Blvd. Ste 103
Sunrise, Florida 33351-7215

*We Understand Each Other®*
**866.727.8707**

# INVOICE  158604
Invoice number required on check

Invoice Date
8/15/2016

PAYABLE BY:

| | |
|---|---|
| Attn: **CHRIS KLEPPIN, ESQ.** | Client ID   **11979** |
| **GLASSER, BORETH & KLEPPIN, P.A. (PLANTATION)** | |
| 8751 W. BROWARD BLVD.                    # 105 | |
| PLANTATION          FL      33324 | Phone        954-424-1933 |
| <u>USA</u> | Fax            954-474-7405 |

*9/7/16*

**ORDERED BY:**

SHARON : (ELITE REPORTING (FORT LAUDERDALE))

Tel.  954-761-8338

Fax  954-761-8653

**ORDERED FOR:**

GLASSER & KLEPPIN, P.A. (PLANTATION)

Tel.  954-424-1933

Fax

| | | |
|---|---|---|
| Job ID | 158604 | Lang/Dialect JAPANESE |
| Date Service | 8/15/2016 | Int. Req. |
| Duration | HOURLY | |
| Start Time | 09:00:00 AM | Job Type   SETTLEMENT |
| Start Time 2 | | Case Type |
| Start Time 3 | | |
| End Time | 11:30:00 AM | Party |
| Hdlg. Party | CHRIS KLEPPIN, ESQ. | File # |
| | | Pol. # |
| Insured | | Case #    15-22882-CIV |
| | | |
| Secty | | Claim # |
| Deponent | | Adjuster |
| | | |
| Examinee | | |

**Case**
**DANIEL VALDERRABANO TORRES, ET AL VS. ROCK & RIVER FOOD INC, (MARUMI SUSHI) & TERUHIKO**
Location:
U.S. DISTRICT COURT (MIAMI)

301 North Miami Avenue
4TH FLOOR
Miami
FL          33128

Date of Loss or Injury
Special Conditions
Assignment Description:

2 HOURS MINIMUM

| | | | |
|---|---|---|---|
| 2.5 | Hrs. X | $175.00 | Hourly Total | $437.50 |
| | Hrs. X | | Overtime Total | |
| | | | Half Day | |
| Amount Paid: | | | Full Day | |
| Payment date | | | Mileage | |
| Paid by | | | Parking | |
| Fin. Charge | | | Late cancel. fee | |
| Amount Due: | | $437.50 | Discount | |
| Due by | 9/30/2016 | | Bill amount | $437.50 |

**Payable upon receipt | Federal Tax ID 45-4027849**

Any invoice not paid within 30 days shall accrue interest at the rate of 1.5% per month until paid in full. ULS shall be entitled to recover all costs and expenses, including attorney's fees in connection with collection of amounts due or enforcing payment of invoices. Use of ULS services shall be a consent to ULS terms and conditions.

**8870 W. Oakland Park Blvd. Ste 103 | Sunrise, FL 33351-7215 | T 954.749.9199 | F 954.578.6088**
uls@ULS-FL.com | Toll free 866.727.8707 | www.ULS-FL.com

Invoice 158604



**UNIVERSAL LANGUAGE SERVICES™**

*We Understand Each Other®*
**866.727.8707**

8870 W. Oakland Park Blvd. Ste 103
Sunrise, Florida 33351-7215

# INVOICE   158829
Invoice number required on check

Invoice Date
8/23/2016

PAYABLE BY:

| Attn: **CHRIS KLEPPIN, ESQ.** | Client ID | 17424 |
|---|---|---|
| **GLASSER & KLEPPIN, P.A. (PLANTATION)** | | |
| 8751 W. BROWARD BLVD.                    105 | | |
| PLANTATION        FL     33324 | Phone | 954-424-1933 |
| | Fax | |

**ORDERED BY:**

SHARON : (ELITE REPORTING (FORT LAUDERDALE))

Tel.  954-761-8338

Fax  954-761-8653

**ORDERED FOR:**

**GLASSER & KLEPPIN, P.A. (PLANTATION)**

Tel.  954-424-1933

Fax

| | | | | |
|---|---|---|---|---|
| Job ID | 158829 | Lang/Dialect | JAPANESE | Case |
| Date Service | 8/23/2016 | Int. Req. | | **TORRES VS. ROCK AND RIVER FOOD INC.** |
| Duration | HOURLY | | | |
| Start Time | 08:30:00 AM | Job Type | TRIAL | Location: |
| Start Time 2 | | Case Type | | FEDERAL COURTHOUSE (400 MIAMI) |
| Start Time 3 | | | | |
| End Time | 06:30:00 PM | Party | | 400 North Miami Avenue |
| Hdlg. Party | CHRIS KLEPPIN, ESQ. | File # | | Room 11-3 |
| | | Pol. # | | Miami |
| Insured | | Case # | ROCK & RIVER | FL     33128 |
| Secty | | Claim # | | |
| Deponent | | Adjuster | | |
| Examinee | | | | Date of Loss or Injury |
| | | | | Special Conditions |

| | | | | |
|---|---|---|---|---|
| 8.5 | Hrs. X | $175.00 | Hourly Total | $1,487.50 |
| 1.50 | Hrs. X | $262.50 | OvertimeTotal | $393.75 |
| | | | Half Day | |
| Amount Paid: | | | Full Day | |
| Payment date | | | Mileage | |
| Paid by | | | Parking | |
| Fin. Charge | | | Late cancel. fee | |
| Amount Due: | **$1,881.25** | | Discount | |
| Due by | | | Bill amount | **$1,881.25** |

Assignment Description:
$175.00 PER HOUR - 2 HOUR MINIMUM - 24 HOUR CANCELLATION NOTICE.

**Payable upon receipt | Federal Tax ID 45-4027849**

Any invoice not paid within 30 days shall accrue interest at the rate of 1.5% per month until paid in full. ULS shall be entitled to recover all costs and expenses, including attorney's fees in connection with collection of amounts due or enforcing payment of invoices. Use of ULS services shall be a consent to ULS terms and conditions.
**8870 W. Oakland Park Blvd. Ste 103 | Sunrise, FL 33351-7215 | T 954.749.9199 | F 954.578.6088**
uls@ULS-FL.com | Toll free 866.727.8707 | www.ULS-FL.com

## Invoice 158829



UNIVERSAL
LANGUAGE
SERVICES

8870 W. Oakland Park Blvd. Ste 103
Sunrise, Florida 33351-7215

*We Understand Each Other®*
**866.727.8707**

# INVOICE   158885
### Invoice number required on check

Invoice Date
8/24/2016

**PAYABLE BY:**

| Attn: **CHRIS KLEPPIN, ESQ.** | Client ID | **17424** |
|---|---|---|
| **GLASSER & KLEPPIN, P.A. (PLANTATION)** | | |
| 8751 W. BROWARD BLVD.           105 | | |
| PLANTATION        FL    33324 | Phone | 954-424-1933 |
| | Fax | |

**ORDERED BY:**

SHARON : (ELITE REPORTING (FORT LAUDERDALE))

Tel.  954-761-8338

Fax  954-761-8653

**ORDERED FOR:**

**GLASSER & KLEPPIN, P.A. (PLANTATION)**

Tel.  954-424-1933

Fax

| | | | | |
|---|---|---|---|---|
| Job ID | 158885 | Lang/Dialect JAPANESE | Case | |
| Date Service | 8/24/2016 | Int. Req. | **TORRES VS. ROCK AND RIVER FOOD INC.** | |
| Duration | HOURLY | | | |
| Start Time | 08:30:00 AM | Job Type   TRIAL | Location: | |
| Start Time 2 | | Case Type | FEDERAL COURTHOUSE (400 MIAMI) | |
| Start Time 3 | | | | |
| End Time | 05:30:00 PM | Party | 400 North Miami Avenue | |
| Hdlg. Party | CHRIS KLEPPIN, ESQ. | File # | Room 11-3 | |
| | | Pol. # | Miami | |
| Insured | | Case #   ROCK & RIVER | FL    33128 | |
| | | | | |
| Secty | | Claim # | | |
| Deponent | | Adjuster | | |
| | | | | |
| Examinee | | | Date of Loss or Injury | |

Special Conditions

| | | | | |
|---|---|---|---|---|
| | 8.5 | Hrs. X | $175.00 : Hourly Total | $1,487.50 |
| | 0.50 | Hrs. X | $262.50 : OvertimeTotal | $131.25 |
| | | | Half Day | |

Assignment Description:
$175.00 PER HOUR - 2 HOUR MINIMUM -
24 HOUR CANCELLATION NOTICE.

| | |
|---|---|
| Amount Paid: | Full Day |
| Payment date | Mileage |
| Paid by | Parking |
| Fin. Charge | Late cancel. fee |
| Amount Due: $1,618.75 | Discount |
| Due by | |

| Bill amount | $1,618.75 |
|---|---|

**Payable upon receipt | Federal Tax ID 45-4027849**

Any invoice not paid within 30 days shall accrue interest at the rate of 1.5% per month until paid in full. ULS shall be entitled to recover all costs and expenses, including attorney's fees
in connection with collection of amounts due or enforcing payment of invoices. Use of ULS services shall be a consent to ULS terms and conditions.
**8870 W. Oakland Park Blvd. Ste 103 | Sunrise, FL 33351-7215 | T 954.749.9199 | F 954.578.6088**
uls@ULS-FL.com | Toll free 866.727.8707 | WWW.ULS-FL.com

# Invoice 158885