UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-22882-CIV-SCOLA

DANIEL VALDERRABANO TORRES, and )
Others similarly situated under 29 U.S.C. )
216(b), )
 )
     Plaintiff, )
v. )
 )
ROCK & RIVER FOOD, INC. d/b/a Marumi )
Sushi, and TERUHIKO IWASAKI, )
 )
     Defendants. )
_____)

**MOTION TO STRIKE DEFENDANTS' MOTION FOR BILL OF COSTS AND MEMORANDUM IN SUPPORT THEREOF**

Plaintiff, by and through the undersigned counsel, hereby files this Motion to Strike Defendants' Motion for Bill of Costs and Memorandum in support thereof and states the following:

1. On September 26, 2016, Defendants filed a Bill of Costs along with a Memorandum of Law in Support thereof.  [DE 118, 119]

2. Defendants' Motion should be stricken as it is untimely; Defendants failed to confer with Plaintiff, and Defendants' Motion exceeds the ten (10) page limit under the local rules as shown below.

**MEMORANDUM OF LAW**

**Motion to Strike**

Rule 12(f) of the Federal Rules of Civil Procedure permits the Court to strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f).

Here, Defendants' Motion fails to follow Local Rule 7.3(c) in its entirety.

### Local Rule 7.3(c)

Local Rule 7.3(c) sets forth the procedures for recovering costs under § 1920 as follows:

A bill of costs pursuant to 28 U.S.C. § 1920 **shall be filed and served within thirty (30) days of entry of final judgment** or other appealable order that gives rise to a right to tax costs under the circumstances listed in 28 U.S.C. § 1920. **Prior to filing the bill of costs, the moving party *shall* confer with affected parties under the procedure outlined in S.D.Fla.L.R.7.1(a)(3) in a good faith effort to resolve the items of costs being sought… [and]** [t]he bill of costs shall attach copies of any documentation showing the amount of costs and **shall be supported by a memorandum not exceeding ten (10) pages**. . . (*emphasis added*).

In the instant case, Defendants have significantly failed to follow the aforementioned Local Rules—Defendants' Motion and Memorandum in support thereof should be stricken. Further, Defendants, only after Plaintiff sent an email and spoke with opposing counsel by telephone, decided to file Defendant's Motion for Leave to File Conforming Memorandum of Law in Support of Their Bill of Costs Nunc Pro Tunc [DE 122].

### Arguments

**I. Defendants Motion is Untimely**

Local Rule 7.3(c) states that "[a] bill of costs pursuant to 28 U.S.C. § 1920 **shall be filed and served within thirty (30) days of entry of final judgment. . .**" Final Judgment in this matter was entered on August 25, 2016 [DE 116]. Therefore, Defendants' Motion should have been filed on September 24, 2016. Defendants filed their Motion on September 26, 2016. As a result, Defendants Motion is untimely and should be stricken.

## II. Defendants did not confer with Plaintiff

Local Rule 7.3(c) states that **"[p]rior to filing the bill of costs, the moving party *shall* confer with affected parties under the procedure outlined in S.D.Fla.L.R.7.1(a)(3) in a good faith effort to resolve the items of costs being sought**. . ." Here, Defendants failed to confer with Plaintiff before filing their Motion. It wasn't until after the undersigned e-mailed opposing counsel in order to confer before filing the instant motion, did Defendants make any effort to confer with Plaintiff. As such, Defendants' Motion should be stricken.

## III. Defendants' Motion exceeds the required page limit

Local Rule 7.3(c) states that ". . . [t]he bill of costs shall attach copies of any documentation showing the amount of costs and ***shall* be supported by a memorandum not exceeding ten (10) pages**. . . (*emphasis added*). Here, Defendants' memorandum is 26 pages long—this *far* exceeds the 10 page limit required under the rules. As such, Defendants' Motion should be stricken.

WHEREFORE, due to the foregoing reasons, Plaintiff respectfully requests this Honorable Court to Strike Defendants' Motion for Bill of Costs and Memorandum in support thereof.

### CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 7.1.(a)(3), the undersigned counsel hereby certifies that she conferred with all parties in a good faith effort to resolve the issues raised in the instant Motion but was unable to do so.

Respectfully Submitted,

J.H. Zidell, P.A.
300 71st Street, Suite 605

    Miami Beach, Florida 33141
    Tel: (305) 865-6766
    Fax: (305) 865-7167
    *Attorneys for Plaintiff*

    By: /s/ Allyson Morgado
    Allyson Morgado, Esq.
    Amorgado.jhzidell@gmail.com
    Florida Bar Number: 91506

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF on October 10, 2016.

    J.H. Zidell, P.A.
    300 71st Street, Suite 605
    Miami Beach, Florida 33141
    Tel: (305) 865-6766
    Fax: (305) 865-7167
    *Attorneys for Plaintiff*

    By: /s/ Allyson Morgado
    Allyson Morgado, Esq.
    Amorgado.jhzidell@gmail.com
    Florida Bar Number: 91506

**Chris Kleppin**
Glasser & Kleppin, P.A.
8751 West Broward Boulevard
Suite 105
Plantation, FL 33324
954-424-1933
Fax: 954-474-7405
Email: ckleppin@gkemploymentlaw.com