UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 15-22882-CIV-SCOLA

DANIEL VALDERRABANO TORRES, and
others similarly situated under 29 U.S.C. 216(b),

Plaintiff,

v.

ROCK & RIVER FOOD, INC. d/b/a Marumi
Sushi, and TERUHIKO IWASAKI,

Defendants.

______________________________________/

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' BILL OF COSTS**

Defendants, Rock & River Food, Inc. and Teruhiko Iwasaki ("Defendants"), by and through undersigned counsel, file this Response to Plaintiff's Motion to Strike Their Bill of Costs, and state:

Defendants timely filed a Bill of Costs and Memorandum of Law in Support was 11 pages in length while the Local Rule only allows for 10 pages. [D.E. 118]. It was filed mistakenly without first conferring and without realizing that the Local Rule limited the memorandum to 10 pages. The Defendants realized the mistake and immediately conferred with Plaintiff's counsel regarding the costs and the filing of a Motion for Leave to File Compliant Memorandum, which is currently pending. [D.E. 122]. The Defendants have since conferred with Plaintiff's counsel concerning the costs, and the Plaintiff objects to any costs being imposed, as is set forth in the compliant memorandum. [D.E. 122]. Further, the Memorandum of Law in Support was 11 pages in length, while the Local Rule limits those memoranda to 10 pages. Defendants have reconfigured their Memorandum so it is now within the 10 pages, and it is filed with a request that the Court accept it *nunc pro tunc* to the time the original Memorandum was filed. [D.E. 122].

Plaintiff then raced to file a motion to strike the original Bill of Costs, which is the instant Motion. Plaintiff claims that the Bill of Costs was non-conforming and it is now too late. The Defendants point out that the Local Rules have now been fully complied with and the Court

should accept the Amended Memorandum in Support of the Bill of Costs as filed *nunc pro tunc* to when the original one was filed, and thus it not be deemed untimely. It is now conforming and there was conferral. The Defendants note it would be tantamount to a default and a sanction not deny their costs and they request that the Court not do that.

There is a strong policy-underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Lussier v. Dugger*, 904 F.2d 661, 667 (11th Cir. 1990) (citing C. Wright, *et al.*, *Federal Practice and Procedure* § 2857 at 159 (1982 ed.)). *See also Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In the Eleventh Circuit, "defaults are seen with disfavor because of the strong policy of determining cases on their merits." *Florida Physician's Ins. Co., Inc. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993); *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985) (holding that "[e]ntry of judgment by default is a drastic remedy which should be used only in extreme situation. In short, "default judgments are disfavored. Courts prefer adjudication on the merits." *Varnes v. Local 91, Glass Bottle Blowers Association of the United States and Canada*, 674 F.2d 1365, 1369 (11th Cir. 1982). "There is a strong policy of determining cases on their merits and we therefore view defaults with disfavor." *In re: WorldwideWeb Systems, Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003).

There are many cases concerning the grants of default as sanctions in the Eleventh Circuit, and several rules of law have been established to govern them. A party's simple negligence that results in a failure to comply with the court order does not warrant default. *Ford v. Fogarty Van Lines, Inc.*, 780 F.2d 1582 (11th Cir. 1986). Absent a showing of a clear record of delay or contumacious conduct, the trial court's discretion is limited to application of lesser sanctions designed to achieve compliance with court's orders and expedite proceedings. *Id.* Defaulting a party is "a sanction of last resort, applicable only in extreme circumstances." *State Exchange Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454 (11th Cir. 1995) (holding that default is a "drastic remedy" and that the failure to follow local rules should not result in default except as a last resort); *Flaksa v. Little River Marine Const. Co.*, 389 F.2d 885 (5th Cir. 1968) (default is a drastic remedy that should be used only in extreme situations). A party should not be punished for his attorney's mistake absent a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice. *Hildebrand v. Honeywell, Inc.*, 622 F.2d 179, 181 (5th Cir.

1980). A pattern of willful disobedience is required. *Silas v. Sears, Roebuck & Co.*, 586 F.2d 382, 285 (5th Cir. 1978). Accordingly, the Court should rule on the costs on the merits.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 25, 2016, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record (Jamie H. Zidell, Esq. Joshua H. Sheskin, Esq.) or *pro se* parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel of parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,

By: /s/ Chris Kleppin

Chris Kleppin
Fla. Bar No. 625485
ckleppin@gkemploymentlaw.com
Chelsea A. Lewis, Esq.
Fla. Bar No. 111607
clewis@gkemploymentlaw.com
Glasser & Kleppin, P.A.
*Attorneys for Defendants*
8751 W. Broward Blvd.
Suite 105
Plantation, FL 33324
Tel. (954) 424-1933
Fax (954) 474-7405
Secondary E-Mails: dcano@gkemploymentlaw.com
esinclair@gkemploymentlaw.com