UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-22882-CIV-SCOLA/OTAZO-REYES

DANIEL VALDERRABANO TORRES, and
others similarly situated under 29 U.S.C. 216(b),

    Plaintiff,

v.

ROCK & RIVER FOOD, INC. d/b/a Marumi
Sushi, and TERUHIKO IWASAKI,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Defendants Rock & River Food Inc. and Teruhiko Iwasaki's ("Defendants") Bill of Costs [D.E. 118] and Memorandum of Law in Support of Their Bill of Costs [D.E. 133] (collectively, "Motion for Costs"). These matters were referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Robert N. Scola, Jr., United States District Judge [D.E. 130]. For the reasons stated below, the undersigned respectfully recommends that Defendants' Motion for Costs be GRANTED IN PART.

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff Daniel Valderrabano Torres ("Plaintiff") was formerly employed as a sushi chef at Defendants' restaurant. On August 3, 2015, Plaintiff filed this action alleging that Defendants failed to pay him overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-16 [D.E. 1].

On February 11, 2016, Defendants moved for summary judgment of non-liability and Plaintiff moved for partial summary judgment on the issues of whether the FLSA covered Plaintiff and whether Defendant Teruhiko Iwasaki was an employer within the meaning of the FLSA

[D.E. 27 & 28]. On April 27, 2016, the Court denied Defendants' Motion for Summary Judgment and granted Plaintiff's Motion for Partial Summary Judgment [D.E. 59].

On August 15, 2016, the undersigned conducted a settlement conference, but the parties were unable to reach a settlement [D.E. 94].

Thereafter, a jury trial was held on August 23 and 24, 2016 [D.E. 110 & 111]. On August 24th, the jury found that Defendants did not fail to pay Plaintiff overtime wages [D.E. 113]. On August 25, 2016, the Court entered Judgment in favor of Defendants and against Plaintiff in accordance with the jury's verdict [D.E. 116].

In their Motion for Costs, Defendants seek to recover $5,649.80 in costs, with interest, as the prevailing parties in this action [D.E. 118 & 133]. On March 29, 2017, Plaintiff filed his Response in Opposition to Defendants' Motion for Costs (hereafter, "Response") [D.E. 134]. Defendants filed their Reply to their Motion for Costs on April 5, 2017 (hereafter, "Reply") [D.E. 135].[1]

## APPLICABLE LAW

Pursuant to Rule 54(d), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." See Fed. R. Civ. P. 54(d)(1); Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 606 n.8 (2001) ("Courts generally, and this Court in particular . . . have a presumptive rule for costs which the Court in its discretion may vary."), superseded by statute on other grounds, Open Government Act of 2007, Pub. L. No. 110-175, 121 Stat. 2524. "Rule 54(d) creates a strong presumption in favor of awarding costs to the prevailing party." Berube v.

---

[1] In his Response, Plaintiff renews an earlier objection to the Motion for Costs as untimely. See Response [D.E. 134 at 4]. However, the undersigned previously overruled this objection, see Order [D.E. 132], and does so again here.

McCann Aerospace Machining Corp., 486 F. App'x 778, 780 (11th Cir. 2012). Generally, "the litigant in whose favor judgment is rendered is the prevailing party for purposes of [R]ule 54(d)." Head v. Medford, 62 F.3d 351, 354 (11th Cir. 1995). Title 28, United States Code, Section 1920 (hereafter, "Section 1920"), "enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)." Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987), superseded by statute on other grounds, Civil Rights Act of 1991, Pub. L. No. 102-166, 105 Stat. 1071. Pursuant to Section 1920, a court may award the following as costs:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. A court may not award costs in excess of those authorized by statute. Crawford Fitting, 482 U.S. at 445.

## DISCUSSION

Defendants request that the Court award the following costs:

| Item | Amount ($) |
| --- | --- |
| Deposition Transcript Costs | 882.30 |
| Copies | 532.50 |
| Interpreter Costs | 4,235.00 |
| **Total** | **5,649.80** |

3

See Motion for Costs [D.E. 118 & 133]. Plaintiff objects to all of these costs. See Response [D.E. 134].[2] The undersigned addresses each in turn.

**(1) Deposition Costs**

Expenses related to "printed or electronically recorded transcripts necessarily obtained for use in the case" are compensable. 28 U.S.C. § 1920(2). "[W]hether the costs for a deposition are taxable depends on the factual question of whether the deposition was wholly or partially necessarily obtained for use in the case." EEOC v. W&O, Inc., 213 F.3d 600, 621 (11th Cir. 2000). "The cost of a deposition transcript itself is generally recoverable under § 1920 as long as it was necessarily obtained for use in the case." Rodriguez v. Marble Care Int'l, Inc., 862 F. Supp. 2d 1316, 1320 (S.D. Fla. 2012) (citation and quotation marks omitted). Typically, "[t]he burden lies with the challenging party to show that the deposition was not related to an issue in the case at the time it was taken." Katz v. Chevaldina, 127 F. Supp. 3d 1285, 1292 (S.D. Fla. 2015). However, to recover costs for expedited transcripts, the requesting party bears the burden of showing that expediting the transcript was "essential to the resolution of the case." Id. at 1293. Further, "[c]ourier and postage fees" and "shipping costs are not recoverable" under Section 1920. Id.

Defendants seek to recover costs for the depositions of Plaintiff, Juan Casados ("Casados"), Karla Yasmin ("Yasmin"), and Tetsu Hayakawa ("Hayakawa"). See Motion for Costs [D.E. 118 & 133]. Plaintiff objects to accelerated transcript costs and courier costs for his

---

[2] Plaintiff does not object to Defendants' request to recover interest on any cost award pursuant to 28 U.S.C. § 1961. See Joseph v. Nichell's Caribbean Cuisine, Inc., 950 F. Supp. 2d 1254, 1260 (S.D. Fla. 2013) ("Recognizing that § 1961 applies to an award of costs, the Eleventh Circuit has held that interest shall accrue on taxable costs from the date the court entered final judgment." (citation and quotation marks omitted)).

4

deposition, arguing that they are not recoverable under Section 1920. See Response [D.E. 134 at 2-3].

The cost for the 82-page transcript of Plaintiff's January 26, 2016 deposition is $422.30, at the "accelerated" rate of $5.15 per page [D.E. 118 at 7]. Defendants argue that the transcript had to be accelerated so they could use it in their summary judgment motion, which was due by February 11, 2016. See Reply [D.E. 135 at 1]. However, Defendants do not explain why Plaintiff's deposition was conducted so close to the summary judgment deadline. Hence, Defendants may only recover costs for the standard preparation of the transcripts at a reasonable rate of $4.00 per page. See Rodriguez v. M.I. Quality Lawn Maint., Inc., No. 10-21031-CIV, 2012 WL 664275, at *4 (S.D. Fla. Feb. 9, 2012) ("In the experience of the Court, $4.00 per page is a reasonable rate for the standard preparation of a deposition transcript."), report and recommendation adopted, 2012 WL 664274 (S.D. Fla. Feb. 28, 2012). Applying this reduced per-page rate to Plaintiff's deposition yields an adjusted cost of $328.00.

Defendants also seek to recover $15.00 in courier costs for Plaintiff's deposition [D.E. 118 at 7]. However, this cost is not recoverable under Section 1920. Katz, 127 F. Supp. 3d at 1293.

Applying the foregoing reductions results in an adjusted figure of $773.00 for deposition costs.

**(2) Copying Costs**

The prevailing party may recover "the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). To recover these costs, the prevailing party "must present evidence regarding the documents copied including their use or intended use." Monelus, 609 F. Supp. 2d at 1335 (citation and quotation marks omitted). This evidence should include "information regarding the purpose of copies charged so the court

5

will be able to determine the purpose of the copies as well as whether the rates paid for copies were reasonable, and whether the copies made were related to the action at issue." Id. Generally, a rate of $0.10 to $0.14 per page is reasonable. Id. at 1336.

Defendants seek to recover costs of making copies of documents which include "discovery exhibits, exhibits provided to opposing counsel, exhibits for depositions, exhibits for trial, and one copy of the docket," [D.E. 133 at 3], and Defendants included copy sheets indicating the copies for which they were billed [D.E. 118 at 2-6; 133 at 4]. This information is sufficient to allow the undersigned to determine that the copies were necessary for use in the case. Monelus, 609 F. Supp. 2d at 1335.

The copying costs sought by Defendants are $532.50, for 2,130 copies at a rate of $.25 per page [D.E. 133 at 3]. Defendants argue that they are entitled to recover $.25 per page because that is the rate "actually charged to the client[s]," relying on Trammell Real Estate Corp. v. Trammell, 748 F.2d 1516 (11th Cir. 1984). See Reply [D.E. 135 at 1]. However, Defendants' reliance on Trammell is misplaced because it addressed whether a party provided adequate support for its bill of costs, not the reasonableness of per-page rates. Further, Defendants' requested per-page rate is excessive; hence, the undersigned will reduce it to a reasonable rate of $.14 per page. Monelus, 609 F. Supp. 2d at 1336. Applying this reduced per-page rate results in an adjusted figure of $298.20 for coping costs.

### (3) Interpreter Costs

Section 1920 "clearly provides that the court may tax . . . costs of special interpretation services." Martinez-Pinillos v. Air Flow Filters, Inc., No. 09-22453-CIV, 2010 WL 6121708 S.D. Fla. Dec. 22, 2010) (citing 28 U.S.C. § 1920(6)), report and recommendation adopted, 2011 WL 918854 (S.D. Fla. Mar. 1, 2011). Defendants seek to recover interpreter costs incurred for:

the Spanish interpreter at Plaintiff's deposition; the Japanese interpreter at the August 15th settlement conference; and the Japanese interpreter at trial [D.E. 133 at 6, 8]. Plaintiff challenges only the interpreter costs related to the August 15th settlement conference, arguing that "mediation fees are not part of [Section 1920];" and that the settlement conference was held over his objection. See Response [D.E. 134 at 3-4]. However, because Section 1920 provides for taxing interpreter costs, Defendants are entitled to recover interpreter costs for the August 15th settlement conference. Martinez-Pinillos, 2010 WL 6121708, at *7. See also Estrada v. Sec. Roofing Sys., Inc., No. 08-60395-CIV, 2009 WL 10668280, at *11 n.12 (S.D. Fla. May 21, 2009) ("I will, however, award Plaintiff the cost of the interpreter for the March 3, 2009 settlement conference. Costs of an interpreter are one of the specifically enumerated costs in 28 U.S.C. § 1920.").

## CONCLUSION

Based on the foregoing considerations, Defendants are entitled to recover the following cost in this action:

| Item | Amount ($) |
|---|---|
| Deposition Transcript Costs | 773.00 |
| Copies | 298.20 |
| Interpreter Costs | 4,235.00 |
| **Total** | **5,306.20** |

Accordingly, it is RESPECTFULLY RECOMMENDED that Defendants' Motion for Costs [D.E. 118 & 133] be GRANTED IN PART and that Defendants be awarded **$5,306.20** as costs in this action, together with interest at the statutory rate from August 25, 2016, the date of entry of Judgment.

The parties have **fourteen (14) days** from the date of receipt of this Report and Recommendation within which to serve and file objections, if any, with the Honorable Judge Robert N. Scola, Jr., United States District Judge. See Local Magistrate Rule 4(b). Failure to

timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED at Miami, Florida, this 18th day of July, 2017.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc: United States District Judge Robert N. Scola, Jr.
Counsel of Record